1

**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, State Bar No. 154759
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:    (310) 396-9600
Facsimile:    (310) 396-9635
Email:         Wkreger@maklawyers.com

Attorneys for Plaintiffs James Brady,
Travis Call & Sarah Cavanagh,

ORIGINAL
FILED

08 JAN 10 PM 1:19

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| JAMES BRADY, TRAVIS CALL and SARAH CAVANAGH, individually and on behalf of all others similarly situated, <br><br>      Plaintiffs, <br><br> vs. <br><br> DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive, <br><br>      Defendants. | CASE NO. **C 08 0177** **SI** <br><br> **COMPLAINT** <br><br> **[CLASS ACTION]** <br><br> 1. **FAILURE TO PAY OVERTIME COMPENSATION** <br><br> 2. **FAILURE TO PROPERLY COMPENSATE FOR MEAL BREAKS** <br><br> 3. **FAILURE TO FURNISH PROPER PAYCHECK STUBS** <br><br> 4. **FAILURE TO PAY ALL WAGES AT END OF EMPLOYMENT** <br><br> 5. **VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200** <br><br><br> **DEMAND FOR JURY TRIAL** |

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

Representative Plaintiffs JAMES BRADY, TRAVIS CALL and SARAH CAVANAGH ("Plaintiffs"), on behalf of the general Public, and on behalf of all others similarly situated, bring this case to challenge Defendants' lucrative, repressive and unlawful business practices and hereby demand a trial by jury and allege as follows:

1.    This is a class action brought against DEFENDANT DELOITTE & TOUCHE LLP, a limited liability partnership;  DEFENDANT DELOITTE TAX LLP, a limited liability partnership; and DOES 1-10 (collectively referred to as "Defendants") on behalf of a collective class of all salaried persons employed by Defendants in California to do accounting work but who were not licensed or certified by the State of California in the practice of accounting and were not paid overtime for hours worked in excess of 8 hours in a day or 40 hours in a week, (collectively referred to as "Uncertified Employees") from December of 2003 to the present.

2.    This action alleges that Defendants violated California law when they: (1) failed to pay overtime for all hours worked by Uncertified Employees; (2) failed to properly compensate Uncertified Employees for missed meal breaks; (3) failed to furnish proper paycheck stubs when paying Uncertified Employees; (4) failed to pay all wages owed to Uncertified Employees at the end of their employment; and (5)

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

2

violated California's Unfair Business Practices Act, California Business & Professions Code section 17200, *et seq.*

## JURISDICTION AND VENUE

3.      This class action suit is founded upon California state law including, but not limited to, violations of the California Labor Code, the California Code of Regulations (Industrial Welfare Commission's Wage Orders) and the California Business & Professions Code, which are subject to the jurisdiction of this court.

4.      Plaintiffs are citizens of the State of California. Plaintiffs are informed and believe and based thereon allege that Defendant Deloitte & Touche LLP and Defendant Deloitte Tax LLP were formed in the State of Delaware and have their principal executive offices in the State of New York. The amount in controversy for this class action exceeds $5,000,000.00. Therefore, this Court has jurisdiction under 28 U.S.C. § 1332.

5.      Venue is proper in the Northern District of California, San Francisco, in that Defendants are limited liability partnerships that are authorized to conduct and do conduct significant amounts of business in San Francisco County as well as throughout the State of California. In particular, Defendants maintain an office in San Francisco, California and a substantial part of the events and omissions giving rise to the claims of Plaintiff Travis Call and other members of the Class occurred at this office.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

3

## PARTIES

6.     Plaintiffs JAMES BRADY, TRAVIS CALL and SARAH CAVANAGH are California residents who worked for Defendants during the class period.

7.     Plaintiffs bring this action on behalf of themselves, on behalf of all others similarly situated and pursuant to California Business & Professions Code section 17200, *et seq.*

8.     At all times herein relevant, Plaintiffs were and now are persons within the Class of persons further described and defined herein.

9.     At all times herein, Defendant DELOITTE & TOUCHE LLP, a limited liability partnership, and Defendant DELOITTE TAX LLP, a limited liability partnership, were and are business entities that conduct significant amounts of business within the State of California, including the County of San Francisco, and were and are primarily involved in the business of selling public accounting services.

10.     Plaintiffs are informed and believe and based thereon allege that the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-10, inclusive ("Does"), are unknown to Plaintiffs, who therefore sue said Does by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

11.     Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned Defendants were and are companies, corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, the applicable Wage Orders issued by the Industrial Welfare Commission, and California Business and Professions Code section 17200, *et seq.*

12.     Plaintiffs are informed and believe and based thereon allege that each of the Does is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiffs and the members of the Class.

13.     Plaintiffs are informed and believe and based thereon allege that Does were the agents, servants and/or employees of the other Defendants and in doing the things hereinafter alleged, and at all times, were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of the other Defendants.

14.     At all times herein mentioned, Defendants and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

15.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages herein alleged.

16.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided, abetted, and consented to the acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages herein alleged.

## **ADDITIONAL FACTS**

17.    During the class period, Defendants regularly employed salaried workers to accounting work but these workers were not licensed or certified by the State of California in the practice of accounting; in other words, Defendants' Uncertified Employees were not Certified Public Accountants.

18.    Defendants uniformly classified all Uncertified Employees as exempt from overtime under the California Labor Code and the Industrial Welfare Commission's Wage Orders.

19.    During their employment by Defendants, Plaintiffs worked more than 8 hours in a day and/or 40 hours in a week but in keeping with uniform company policy with respect to all Uncertified Employees, Defendants did not pay Plaintiffs

6

overtime compensation for those hours. In addition, Plaintiffs were frequently unable to take proper meal breaks as required by California law.

20.    Although classified as exempt, Plaintiffs and the class members should have been paid overtime for all qualifying hours but Defendants uniformly failed to pay such overtime.

## CLASS ALLEGATIONS

21.    This action may properly be maintained as a class action pursuant to section 382 of the California Code of Civil Procedure and Federal Rule of Civil Procedure 23. All claims alleged herein arise under California law for which Plaintiffs seek relief authorized under California law. This Class is comprised of, and defined as:

All persons employed by Defendants in the State of California as salaried exempt employees doing accounting work at any time within four years of the filing of this complaint to the present but who were not licensed or certified by the State of California in the practice of accounting and were not paid overtime for hours worked in excess of 8 hours in a day or 40 hours in a week (at times referred to as the "Class").

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

22.    The proposed Class is ascertainable in that its members can be identified using information contained in Defendants' payroll and personnel records.

23.    The members of the Class are sufficiently numerous such that joinder of all members would be impracticable.  Further, the disposition of the claims of the Class in a class action will provide substantial benefits to both the parties and the Court.

24.    The California Labor Code and Wage Order provisions upon which Plaintiffs base their claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions on employment.

25.    The nature of this action and the format of laws available to Plaintiffs and the Class make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  Further, this case involves large corporate Defendants and a large number of individual employees with many relatively small claims.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior legal and financial resources.

8

26.    Requiring each member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer.

27.    Moreover, the prosecution of separate actions by the individual Class members would create a substantial risk of inconsistent or varying adjudications with respect to individual Class members against Defendants.

28.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  These questions of law and fact include, but are not limited to, the following:

(a)    Whether each Class member was licensed or certified by the State of California in the practice of accounting;

(b)    Whether Defendants classified each Class member as exempt;

(c)    Whether Defendants were required by law to pay the Class overtime for all hours worked in excess of 8 hours in a day and 40 hours in a week;

(d)    Whether Defendants implemented and engaged in a systematic practice whereby they improperly failed to pay for all overtime hours worked by the Class;

(e)    Whether Defendants denied members of the Class wages in order to increase profits and lower costs;

9

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    (f)    Whether Defendants failed to keep, maintain and/or furnish

2    accurate records of the actual hours worked by the Class;

3    (g)    Whether the Class received appropriate meal breaks in

4

5    compliance with California law;

6    (h)    Whether Plaintiffs and the Class members no longer employed by

7

8    Defendants are entitled to "waiting time" penalties;

9    (i)    Whether Defendants' conduct constituted an illegal, unfair, or

10    deceptive business practice;

11

12    (j)    Whether Defendants' systematic acts and practices violated, *inter*

13    *alia*, California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, and

14    1194, the applicable Wage Orders of the Industrial Welfare Commission, and

15

16    Business & Professions Code section 17200, *et seq.*;

17    (k)    Whether the Class is entitled to compensatory damages under the

18    Labor Code; and

19

20    (l)    Whether Class members are entitled to injunctive relief.

21    29.    Proof of a common business practice or factual pattern which Plaintiffs

22    experienced is representative of that experienced by the Class and will establish the

23

24    right of each of the Class members to recover on the causes of action alleged.

25    30.    Such a pattern, practice and uniform administration of illegal corporate

26    policies with respect to employee compensation, as described herein, creates an

27    entitlement in common for Plaintiffs and the Class to recover in a civil action for the

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

unpaid balance of the full amount of the overtime compensation owing, including

interest thereon, waiting time penalties, reasonable attorney's fees and costs of suit

according to the mandate of California Labor Code section 1194, *et seq.*

31.     Furthermore, Plaintiffs and the Class are entitled in common to

restitution and disgorgement of funds withheld improperly by Defendants.

Accordingly, Plaintiffs, on behalf of the Class, will seek the creation of a common

fund made up of the aforementioned damages.

32.     Plaintiffs assert claims that are typical of the claims of the Class because

they were employed by Defendants as salaried exempt employees to do accounting

work but were not licensed or certified by the State of California in the practice of

accounting and were not paid overtime for hours worked in excess of 8 hours in a

day or 40 hours in a week and were therefore subjected to the same uniform policies

and procedures as the Class and similarly injured due to Defendants' actions.

33.     Plaintiffs will fairly and adequately represent and protect the interests of

the Class in that they have no disabling conflicts of interest that would be

antagonistic to other members of the Class.  Moreover, Plaintiffs seek relief that is

not antagonistic or adverse to the members of the Class in that the infringement of

Plaintiffs' rights and the damages Plaintiffs have suffered are typical of all other

members of the Class.  Additionally, Plaintiffs have retained counsel that is

competent and experienced in class action litigation.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

34.     Plaintiffs and the Class have all similarly suffered irreparable harm and damages as a result of Defendants' unlawful and wrongful conduct.  This action will provide substantial benefits to both the Class and the public since, absent this action, Defendants' unlawful conduct will continue unremedied and uncorrected.

35.     Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole, as requested herein.  Likewise, Defendants' conduct as described above and below is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

## (Failure to Pay Overtime Wages in Violation of the California Labor Code and Applicable Wage Orders of the California Industrial Welfare Commission Against All Defendants and DOES 1-10)

36.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

37.     Pursuant to California Labor Code section 1194, Plaintiffs may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement.  Further, such private

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

12

actions have the support and approval of the Division of Labor Standards Enforcement.

38.     During all relevant time periods, California Labor Code section 510 applied to Plaintiffs and the Class and provided that any work performed by a non-exempt employee in excess of 8 hours in a day or 40 hours in a week, must be compensated at one and one-half times the employee's regular rate of pay. Defendants and each of them, did not compensate Plaintiffs or the Class for all hours worked in excess of 8 hours in a day or 40 hours in a week at one and one-half times their regular rate of pay.

39.     During their employment by Defendants, Plaintiffs and members of the Class were required to work more than 8 hours in a day and/or 40 hours in a week without receiving overtime pay.

40.     However, Plaintiffs and the Class were not exempt and should have received overtime wages in a sum according to proof for the hours they worked pursuant to the provisions of the California Labor Code and the applicable Wage Orders issued by the Industrial Welfare Commission of California.

41.     Plaintiffs are informed and believe and thereon allege that Defendants and each of them, knew or should have known that Plaintiffs and members of the Class should have been paid a premium for all overtime hours they worked and purposely and unfairly elected not to pay them for their overtime labor.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

13

42.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and Plaintiffs and the Class are entitled to recover in a civil action for the unpaid balance of the full amount of the overtime premiums owing, including interest thereon, as well as penalties, reasonable attorney's fees and costs of suit pursuant to the California Labor Code.  Therefore, Plaintiff and the Class request such a recovery.

43.     Plaintiffs and the Class also seek injunctive relief to ensure that Class members are properly classified.

44.     Plaintiffs and the Class also request relief as described below.

## SECOND CAUSE OF ACTION

**(Failure to Properly Compensate for Missed Meal Breaks in Violation of the California Labor Code Against All Defendants and DOES 1-10)**

45.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

46.     Labor Code sections 226.7 and 512 require that every employer authorize and permit employees to take an uninterrupted meal period of not less than 30 minutes for a work period of more than five hours.  If an employer fails to provide the meal periods, the employer is required to pay the employee one additional hour of compensation for each workday that a meal period is not provided.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

47.    Defendants and each of them, failed to provide Plaintiffs and the Class the meal periods required under California law.

48.    Defendants' failures proximately caused Plaintiffs and the Class to be deprived of wages and therefore entitles Plaintiffs and the Class to one hour of additional pay for each improper meal break.

49.    Plaintiffs and the Class also request relief as described below.

## THIRD CAUSE OF ACTION

**(Failure to Furnish Accurate Itemized Wage Statements in Violation of the California Labor Code Against All Defendants and DOES 1-10)**

50.    The preceding paragraphs of this Complaint are realleged and incorporated by reference.

51.    California Labor Code sections 226 subsection (a) and 1174 require employers to maintain and furnish each employee with an itemized statement showing the total hours worked by the employee on a semi-monthly basis or with each paycheck.

52.    California Labor Code section 226(e) provides that if an employer knowingly and intentionally failed to comply with this section then the employee is entitled to recover the greater of actual damages or $50 dollars for the initial violation and $100 dollars for each subsequent violation, up to $4,000, plus costs and reasonable attorney's fees.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

53.     Defendants knowingly and intentionally failed to furnish and maintain for Plaintiffs and the Class the records required under California law. As a result, Plaintiffs and the Class are entitled to the amounts provided in Labor Code section 226(e).

54.     Plaintiffs and the Class also request relief as described below.

## FOURTH CAUSE OF ACTION

**(Failure to Timely Compensate for All Wages Due at End of Employment in Violation of the California Labor Code Against All Defendants and DOES 1-10)**

55.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

56.     California Labor Code section 201 required Defendants and each of them, to pay their employees who were discharged all wages due immediately upon discharge. Labor Code section 202 required Defendants and each of them, to pay their employees who resigned all wages due within 72 hours of the resignation. Defendants and each of them, in violation of these sections, willfully failed to pay Plaintiffs and the Class all wages due and owing within the timeframes required by these statutes.

57.     Plaintiffs and all other Class members did not secrete or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

1   Defendants.  Defendants' illegal actions proximately caused damages to Plaintiffs

2   and the Class.

3       58.    Accordingly, Defendants and each of them, are liable for waiting time

4

5   penalties to Plaintiffs and the Class pursuant to Labor Code section 203 in an amount

6   according to proof.

7       59.    Plaintiffs and the Class also request relief as described below.

8

9   **FIFTH CAUSE OF ACTION**

10  **(Violation of Business & Professions Code Section 17200, *et seq.*, Unfair**

11

12  **Business Practices Against All Defendants and DOES 1-10)**

13      60.    The preceding paragraphs of this Complaint are realleged and

14

15  incorporated by reference.

16      61.    Business and Professions Code section 17200, *et seq.*, prohibits acts of

17  unfair competition which shall mean and include any "unlawful, unfair, or fraudulent

18

19  business act or practice."  Plaintiffs and the Class allege that at all relevant times

20  Defendants and each of them, have engaged in unfair business practices in California

21  by utilizing the illegal employment practices outlined above, including causing

22

23  Plaintiffs and the Class to perform services without receiving proper compensation as

24  required by the California Labor Code and the applicable Wage Orders of the

25  Industrial Welfare Commission.

26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

62.   Defendants' practices are illegal and violate Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, and 1194, and the applicable Wage Orders of the Industrial Welfare Commission.  Furthermore, Defendants' policies and procedures constitute unfair business practices, unfair competition, and provide an unfair advantage over Defendants' competitors.

63.   Defendants' actions entitle Plaintiffs and the Class to seek the remedies available pursuant to section 17200.

64.   Additionally, under California law, wages unlawfully withheld from an employee constitute an unfair business act as defined by section 17200, entitling Plaintiffs and the Class to a restitution remedy authorized by section 17203.

65.   Plaintiffs and the Class seek full restitution and disgorgement of said monies from Defendants, as necessary and according to proof, to restore any and all monies, including interest, withheld, acquired or converted by Defendants by means of the unfair practices complained of herein.  Plaintiffs and the Class further seek the appointment of a receiver as necessary.  Plaintiffs and the Class also seek an injunction and declaratory relief to remedy and prevent Defendants' improper practices.

CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment and relief as follows:

1.     An Order determining that this action is a proper class action and certifying an appropriate plaintiff Class; certifying Plaintiffs as Class representatives; and appointing Plaintiffs' counsel as counsel for the Class;

2.     For an injunction against Defendants' continued application of policies that violate California law;

3.     Compensatory and statutory damages including interest thereon, and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial;

3.     For pre-judgment and post-judgment interest;

4.     For reasonable attorney's fees, expenses and costs as provided by California Labor Code section 1194;

5.     For penalties as appropriate and available under each cause of action, pursuant to the applicable Labor Code sections;

6.     For restitution to Plaintiffs and the Class (and disgorgement from Defendants) of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate California Business & Professions Code section 17200, *et seq.*;

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

19

1

7.    For exemplary and punitive damages as appropriate and available under

2

each cause of action; and

3

8.    Such other and further relief as the Court deems proper.

4

5

6    DATE:  January 9, 2008            **MILSTEIN, ADELMAN & KREGER, LLP**

7

8

9                                     By:  WAYNE S. KREGER
                                      Attorney for Plaintiffs JAMES BRADY,
10                                    TRAVIS CALL and, SARAH CAVANAGH,
                                      on Behalf of Themselves, All Others Similarly
11                                    Situated, and On Behalf of the General Public.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all claims and causes of action existing in this lawsuit.

DATE:  January 9, 2008                     **MILSTEIN, ADELMAN & KREGER, LLP**

By:  WAYNE S. KREGER
Attorneys for Plaintiffs JAMES BRADY,
TRAVIS CALL and SARAH CAVANAGH,
on Behalf of Themselves, All Others Similarly
Situated, and On Behalf of the General Public.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

CLASS ACTION COMPLAINT