SEYFARTH SHAW LLP
Kenneth D. Sulzer (State Bar No. 120253)
Andrew M. Paley (State Bar No. 149699)
Sheryl L. Skibbe (State Bar No. 199441)
Regina A. Musolino (State Bar No. 198872)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Email:  ksulzer@seyfarth.com; apaley@seyfarth.com
        sskibbe@seyfarth.com; rmusolino@seyfarth.com

Attorneys for Defendants
DELOITTE & TOUCHE LLP
DELOITTE TAX LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRADY, TRAVIS CALL, SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C-08-00177 SI<br><br>The Honorable Susan Illston<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date: May 16, 2008**<br>**Time: 9:00 a.m.**<br>**Courtroom: 10** |

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 16, 2008 at 9:00 a.m. in the above-entitled Court located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendants Deloitte & Touche LLP and Deloitte Tax LLP ("Defendants") will move and hereby do move to transfer venue, pursuant to 28 U.S.C. section 1404 (a).

Defendants' Motion to Transfer Venue is made on the following grounds:

A putative class action based on identical allegations, encompassing a significant portion of the same putative class members and seeking substantially identical relief is already pending against the same Defendants in the Central District of California. To promote the interests of justice and judicial economy and for the convenience of the parties and witnesses, this matter should be transferred to the United States District Court for the Central District of California and related to the action, *Stepan Mekhitarian v. Deloitte & Touche, (ICS) LLC and Deloitte Tax, LLP*, Case No. CV-07-00412-DSF (MAN).[1]

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Sheryl Skibbe, the Court files and records and upon such other evidence and argument as may be presented at the hearing of this matter.

DATED: April 25, 2008                    SEYFARTH SHAW LLP

By: _____
Sheryl L. Skibbe
Attorneys for Defendants
DELOITTE & TOUCHE, LLP and
DELOITTE TAX, LLP

---

[1] Plaintiff dismissed Deloitte & Touche (ICS), LLC and added Deloitte & Touche LLP as a defendant to the *Mekhitarian* action.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.     INTRODUCTION/SUMMARY OF ARGUMENT**

Pursuant to 28 U.S.C. section 1404(a), Defendants Deloitte & Touche LLP and Deloitte Tax LLP ("Defendants") request that this case be transferred to the Central District of California. Judicial economy weighs heavily in favor of transferring venue as the *Brady* case involves substantial overlap between the parties and allegations in *Mekhitarian v. Deloitte & Touche, (ICS) LLC and Deloitte Tax, LLP* action, Case No. CV-07-00412-DSF (MAN).

The *Brady* action is a putative class action brought on behalf of all exempt employees "performing accounting work" who are not licensed as a certified public accountants (the "Uncertified Employees"). The complaint alleges these Uncertified Employees were misclassified by Defendants as exempt and owed overtime. The *Mekhitarian* action contains nearly identical allegations against the same Defendants on behalf of Tax Associates and Tax Seniors[2], a substantial segment of which would be covered under the putative class of Uncertified Employees as defined in *Brady*.

The *Mekhitarian* case has been litigated for almost a year and a half and any motion for class certification must be heard by July 28, 2008. Transferring the *Brady* action to the Central District for assignment to a single judge, the Honorable Dale S. Fischer, will serve the interests of justice by eliminating the risk of conflicting orders and judgments from two District Courts and conserving the resources of the parties and the Courts. Moreover, the Central District is a more convenient forum for the witnesses and evidence since all but one of the five named Plaintiffs in *Brady* worked exclusively in Southern California and, thus, the vast majority of the events and witnesses pertaining to these individuals' claims will be located there.

---

[2] Tax Associates and Tax Seniors together represent most of the employees of Deloitte Tax LLP below the manager level, a large portion of whom are not yet licensed or certified public accountants.

MOTION TO TRANSFER VENUE
C-08-00177 SI

## II. STATEMENT OF FACTS

### A. The *Brady* Complaint

On February 8, 2008, Plaintiffs James Brady, Travis Call, Sarah Cavanagh, Julia Longenecker, Pedro Noyola, and Christopher Sulit ("Plaintiffs") filed a First Amended Complaint ("FAC"), alleging that Defendants misclassified a putative class of employees who performed "accounting work" without an accounting certificate or license (the "Uncertified Employees"). The FAC asserts causes of action for the (i) failure to pay overtime, (ii) failure to properly compensate for missed meal breaks, (iii) failure to furnish accurate paycheck stubs, (iv) failure to pay wages pursuant to Labor Code section 203, and (v) violation of Business and Professions Code section 17200. Plaintiffs seek declaratory and injunctive relief, compensatory and statutory damages, interest, attorneys' fees and costs, penalties pursuant to the Labor Code, restitution and disgorgement, and punitive damages. FAC, Prayer for Relief ¶¶ 1-8.

Three of the named Plaintiffs currently reside in Southern California. Moreover, only Plaintiff Call worked in Defendants' San Francisco office. All of the other Plaintiffs worked in either Defendants' San Diego or Los Angeles offices.

### B. The *Mekhitarian* Complaint

On December 13, 2006, Stepan Mekhitarian filed a complaint against Deloitte & Touche LLP and Deloitte Tax LLP on behalf of a putative class of exempt Tax Associates and Tax Seniors. The *Mekhitarian* Complaint alleges that Defendants misclassified Tax Associates and Tax Seniors as exempt employees and failed to pay overtime compensation. The complaint asserts three cause of action for the (i) failure to pay overtime compensation in violation of California Labor Code § 1194; (ii) failure to pay wages pursuant to Labor Code section 203; and (iii) violation of Business & Professions Code section 17200. The *Mekhitarian* complaint also seeks injunctive relief, compensatory damages,

interest, attorneys' fees and costs, penalties pursuant to the Labor Code, and restitution. Complaint, ¶ 32 and Prayer for Relief.

Defendants requested that Plaintiffs stipulate to transfer venue to the Central District, as the *Mekhitarian* case involves the same subject matter and a significant subset of the same putative class members as in *Brady*. Plaintiffs refused Defendants' request to transfer.[3]

Defendants filed Notices of Pendency in both the Central and Northern District Courts on April 16, 2008. In said notices, Defendants requested transfer of this instant matter to the Central District on the grounds that the *Mekhitarian* and *Brady* matters involve substantially the same factual allegations and legal issues such that judicial economy supports the change of venue.

### III.  LEGAL ARGUMENT

#### A.  The Court Should Transfer This Matter to The Central District To Promote The Interests Of Justice.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[4] Courts consider (1) the convenience of the parties; (2) convenience of

---

[3] Plaintiffs' counsel in this action filed a nearly identical lawsuit against KPMG, *Garcia et al. v. KPMG LLP and KPMG, Inc.*, CV 08-0924-JCS, in the United States District Court, Northern District. In that case, Plaintiffs' counsel stipulated to transfer venue to the Central District on the grounds that two putative class actions were already pending against KPMG in the Central District.

[4] The purpose of section 1404(a) is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). In effect, section 1404(a) codifies and expands the doctrine of forum *non conveniens*, enabling courts to "grant transfers upon a lesser showing of inconvenience" than under prior law. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Courts thus ascribe much less weight to a plaintiff's choice of forum on a motion to transfer under 28 U.S.C. section 1404(a) than under the traditional forum *non conveniens* test. *Norwood*, 349 U.S. at 32. This is especially true in the class action context. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (plaintiff's choice of forum is given less weight in a purported class action). Under section 1404(a), courts must balance the plaintiff's choice of forum against the burden of

the witnesses; (3) interests of justice; and (4) plaintiff's choice of forum. *Lynch v. Alaska Tanker Co.*, LLC 2004 U.S. Dist. LEXIS 22930 (N.D.Cal. 2004).

The interests of justice consideration is "the most important factor a court must consider." *Wiley v. Trendwest Resorts*, 2005 U.S. Dist. LEXIS 38893, *9-10 (N.D.Cal. 2005) (internal citations omitted). "A major consideration under this factor is the desire to avoid multiplicity of litigation from a single transaction." *Id.* The existence of related actions in the proposed forum "is a highly persuasive factor." *Id.* (citing *A.J. Industries, Inc. v. United States District Court for the Central District*, 503 F.2d 384, 389 (9th Cir. 1974) ("the feasibility of consolidation is a significant factor in a transfer decision.")). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). As discussed below, the factors favor transfer of venue of this action.

### 1. Venue is proper in the Central District.

As a threshold matter, venue in the Central District is proper. Defendants are authorized to conduct and do conduct business throughout the State of California, including Los Angeles. A substantial majority of the events or omissions giving rise to the *Brady* Complaint occurred in the Central District and at least one named Plaintiff, Sarah Cavanagh, worked exclusively for Defendants' in the Los Angeles office.

### 2. The interests of justice weigh in favor of transfer.

The interests of justice would be served by transferring this matter to the Central District as *Brady* involves nearly identical subject matter and a substantial

---

litigating in an inconvenient one. *Decker v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

overlap of the same putative class member as in *Mekhitarian*. The *Mekhitarian* Complaint alleges that Defendants improperly misclassified a putative class of current and former Tax Associates and Tax Seniors as exempt and denied them overtime. Although the *Brady* Complaint has a broader definition of the allegedly misclassified employees than the *Mekhitarian* Complaint, the *Mekhitarian* putative class of employees is in great part subsumed within the *Brady* Plaintiffs' putative class of "Uncertified Employees" who perform "accounting work." Complaint at ¶ 10.

In the fifteen months since the case was filed, the *Mekhitarian* parties have engaged in significant written discovery and depositions and the deadline for the hearing on any motion for class certification is July 28, 2008. Given the resources that have been spent by the *Mekhitarian* parties, the inconvenience imposed on Defendants' employees and putative class members, and the substantial likelihood that the same facts and legal issues will need to be re-litigated by this Court, it is in the interests of judicial economy to transfer the instant matter to the Central District.

### 3. The Central District is more convenient to the witnesses and the parties.

The convenience of witnesses is an important factor to consider in determining whether a transfer pursuant to 28 U.S.C. § 1404(a) is appropriate. *A.J. Indus., Inc. v. United States Dist. Ct.*, 503 F.2d 384, 389 (9th Cir. 1974). In *Brady*, five of the six named Plaintiffs worked either in Defendants' Los Angeles or San Diego offices. As a result, the witnesses to the nature and quantity of the work they performed are located in Southern California. In addition, four of the six named Plaintiffs currently reside in Southern California. Legal counsel for Plaintiffs is based in Southern California, and Defense Counsel's Los Angeles office is handling the *Mekhitarian* and *Brady* matters. As a result, the convenience

of parties and witnesses also strongly weighs in favor of Defendants' motion to transfer venue.

## CONCLUSION

Defendants request that the Court enter an order transferring this action to the United States District Court for the Central District of California.

DATED: April 25, 2008                    SEYFARTH SHAW LLP

By: _____
    Sheryl L. Skibbe
    Attorneys for Defendants
    DELOITTE & TOUCHE, LLP and
    DELOITTE TAX, LLP