1  SEYFARTH SHAW LLP
   Kenneth D. Sulzer (State Bar No. 120253)
2  Andrew M. Paley (State Bar No. 149699)
   Sheryl L. Skibbe (State Bar No. 199441)
3  Regina A. Musolino (State Bar No. 198872)
   2029 Century Park East, Suite 3300
4  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  Email:  ksulzer@seyfarth.com; apaley@seyfarth.com
           sskibbe@seyfarth.com; rmusolino@seyfarth.com
7
   Attorneys for Defendants
8  DELOITTE & TOUCHE LLP
   DELOITTE TAX LLP
9
                    UNITED STATES DISTRICT COURT
10
          IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
   JAMES BRADY, TRAVIS CALL,        )  Case No. C-08-00177 SI
12 SARAH CAVANAGH, JULIA            )
   LONGENECKER, PEDRO NOYOLA        )  The Honorable Susan Illston
13 and CHRISTOPHER SULIT,           )
   individually and on behalf of all others )  **DEFENDANTS' NOTICE OF**
14 similarly situated,              )  **MOTION, MOTION AND**
                                    )  **MEMORANDUM OF POINTS**
15             Plaintiffs,          )  **AND AUTHORITIES IN**
                                    )  **SUPPORT OF THE MOTION**
16        v.                        )  **FOR MORE DEFINITE**
                                    )  **STATEMENT**
17 DELOITTE & TOUCHE LLP, a limited )
   liability partnership; DELOITTE TAX )  **[F.R.C.P. RULE 12(e)]**
18 LLP; and DOES 1-10, inclusive,   )
                                    )
19             Defendants.          )  **Date:  May 30, 2008**
                                    )  **Time:  9:00 a.m.**
20                                  )  **Courtroom: 10**
                                    )
21 _____ )

22     **TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

23        **PLEASE TAKE NOTICE** that on May 30, 2008 at 9:00 a.m., or as soon

24 thereafter as counsel may be heard, in Courtroom 10 of the above-entitled Court,

25 Defendants DELOITTE & TOUCHE LLP and DELOITTE TAX LLP

26 ("Defendants") will and hereby do move for a More Definite Statement under

27 Federal Rule of Civil Procedure 12(e).

28

This Motion is made on the grounds that Plaintiffs' First Amended Complaint ("FAC") fails to meet the pleading requirements identified by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 125 S. Ct. 1955 (2007) and as a result, the FAC remains impermissibly vague and ambiguous such that Defendants cannot frame a responsive pleading. This motion is based on this Notice, Defendants' Memorandum of Points and Authorities, all pleadings and documents on file herein, and on such other and further oral and documentary evidence as may be presented at or before the hearing on this matter.

DATED: April 25, 2008                    SEYFARTH SHAW LLP


By _____
       Sheryl L. Skibbe
Attorneys for Defendants
DELOITTE & TOUCHE LLP
DELOITTE TAX LLP

1       **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.     INTRODUCTION AND SUMMARY OF ARGUMENT**

3           Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Defendants

4   Deloitte & Touche LLP and Deloitte Tax LLP ("Defendants") seek an order

5   directing Plaintiffs James Brady, Travis Call, Sarah Cavanagh, Julia Longenecker,

6   Pedro Noyola, and Christopher Sulit ("Plaintiffs") to file a more definite

7   statement before Defendants are required to file a responsive pleading in this

8   action.  This motion is brought on the grounds that the proposed class definition is

9   so vague, ambiguous and lacking in facts that a class is not ascertainable.

10  Without a more definite statement of the allegations contained in the FAC and a

11  more precise definition of the alleged class, Defendants are not on fair notice as to

12  the grounds on which Plaintiffs' claims rest and cannot file a response.

13  Accordingly, the Court should require Plaintiffs to satisfy the basic pleading

14  requirements by specifying the job titles in the particular lines of service or

15  division of each Defendant for the proposed class and identifying the actual job

16  duties performed by Plaintiffs and putative class members.

17  **II.    FACTUAL ALLEGATIONS**

18          Plaintiffs filed their initial Complaint on January 10, 2008.  Defendants

19  were not served with the Complaint.  On February 8, 2008, Plaintiffs filed a First

20  Amended Complaint and served Defendants on March 24, 2008.

21          Plaintiffs purport to bring a class action on behalf of:

22          all salaried persons employed by Defendants in California to do
            accounting work but who were not licensed or certified by the State
23          of California in the practice of accounting and were not paid
            overtime for hours worked in excess of 8 hours in a day or 40 hours
24          in a week, (collectively referred to as "Uncertified Employees") from
            January of 2004 to the present.
25

26  FAC ¶ 1.  Plaintiffs allege that they worked for Defendants but provide no

27  description of any job duties they performed.  Plaintiffs fail to identify their job

28  titles or the lines of service, divisions or groups in which Plaintiffs worked.

3

1    Plaintiffs also fail to identify the Defendant for which they worked. Plaintiffs

2    simply define the putative class as salaried employees who are not licensed as

3    CPAs and who perform "accounting work." FAC ¶¶ 1, 17, 21.

4        Plaintiffs allege five causes of action for (i) failure to pay overtime

5    compensation; (ii) failure to properly compensate for meal breaks; (iii) failure to

6    furnish proper pay check stubs; (iv) failure to pay all wages at end of

7    employment; and (v) violations of Business and Professions Code section 17200.

8    Plaintiffs seek declaratory and injunctive relief, compensatory and statutory

9    damages, interest, attorneys' fees and costs, penalties pursuant to the Labor Code,

10    restitution and disgorgement, and punitive damages. FAC ¶¶ 1-8. Plaintiffs

11    allege that the amount in controversy exceeds $5,000,000.00. FAC ¶ 4.

12                               **LEGAL ARGUMENT**

13    **I.     THE LEGAL STANDARD FOR A MOTION FOR MORE DEFINITE**

14         **STATEMENT.**

15        Federal Rule of Civil Procedure 12(e) provides, in relevant part:

16        If a pleading to which a responsive pleading is permitted is so vague
         or ambiguous that a party cannot reasonably be required to frame a

17        responsive pleading, the party may move for a more definite
         statement before interposing a responsive pleading.

18        In *Bell Atlantic Corp. v. Twombly*, 125 S. Ct. 1955 (2007), the Supreme

19    Court held that "a plaintiff's obligation to provide the 'grounds' of his

20    'entitle[ment] to relief' requires *more than labels and conclusions*, and a

21    formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-

22    65 (citations omitted; emphasis added). Conclusions, even those *supported* by

23    factual allegations, will still fail to state a claim where the conduct alleged could

24    just as easily have an innocent explanation. *Twombly* at 1966. The "[f]actual

25    allegations must be enough to raise a right to relief above the speculative level on

26    the assumption that all the allegations in the complaint are true (even if doubtful

27    in fact)." *Id.* at 1965

28

1     *Twombly* directs that "when the allegations in a complaint, however

2 true, could not raise a claim of entitlement to relief, this basic deficiency

3 should . . . be exposed at the point of minimum expenditure of time and

4 money by the parties and the court," to prevent a "plaintiff with a largely

5 groundless claim . . . to take up the time of a number of other people, with

6 the right to do so representing an *in terrorem* increment of the settlement

7 value." *Id.* at 1966 (citation and internal quotations omitted).

8     **A.    The Proposed Class Definition Is Imprecise, Vague and**

9           **Ambiguous Making It Unascertainable.**

10     Plaintiffs claim to be adequate representatives of a putative class without

11 providing any facts to ascertain which employees they seek to include in the class

12 definition. Plaintiffs offer no factual allegations regarding their own job duties or

13 the job duties performed by those they seek to represent. Plaintiffs simply define

14 the class to include all salaried employees in California over the past four years

15 who performed accounting work but who were not licensed as Certified Public

16 Accountants. FAC ¶ 1.

17     Without a precise class definition of what is meant by accounting work, the

18 class is not ascertainable and the Court would be unable to bind a definable

19 category of persons or provide class-wide notice or class-wide remedies if in fact

20 any such class could be certified. In order to obtain class certification, Plaintiffs

21 must present a "precisely defined class" so that the Court can ascertain who is in

22 the class without an extensive factual inquiry. *Edwards v. McCormick*, 196

23 F.R.D. 487, 490-91 (S.D. Ohio 2000) (citations omitted). The important elements

24 of defining a class include: "(1) specifying a particular group at a particular time

25 frame and location who were harmed in a particular way; and (2) defining the

26 class such that a court can ascertain its membership in some objective manner."

27 *Id.* "Where named plaintiffs fail to define the class adequately, the court not need

28 proceed to a full Rule 23 analysis." *Id.* at 493 (citations omitted). Such

1  ambiguous language leaves the class definition speculative and continually open

2  to revision.  Because the scope of the class will impact the scope of discovery, it

3  is imperative that Plaintiffs provide an explanation of what they seek to certify.

4  Plaintiffs conclusively assert that "[t]he proposed Class is ascertainable in

5  that its members can be identified using information contained in Defendants'

6  payroll and personnel records," without providing any context or clarification of

7  what it means to do "accounting work."  Deloitte & Touche LLP and Deloitte Tax

8  LLP are legally separate corporate entities, each offering a wide variety of

9  services (including assurance, consulting, financial advisory, merger &

10  acquisition, risk consulting, Sarbanes Oxley, and tax) to both public and private

11  sector clients.  Plaintiffs' definition of salaried persons who perform "accounting

12  work" without a license does not identify which job titles, lines of service,

13  divisions or groups Plaintiffs purport to include within their sweeping class

14  definition.  Without such details, Defendants are left speculating which persons

15  are intended to be a part of the class.

16  Because the document as a whole is so vague, ambiguous and unintelligible

17  that Defendants cannot reasonably be required to frame a responsive pleading,

18  Defendants respectfully request the Court enter an order requiring Plaintiffs to

19  provide a more definite class definition.

20  **B.    Plaintiffs Lack Facts To Establish A Claim For Relief**

21  Moreover, in the absence of such facts, there is no basis for believing that

22  Plaintiffs' individual or class claims are "plausible" on their face and that they are

23  entitled to the relief they seek.  *See Twombly*, 125 S. Ct. at 1974.  The FAC

24  contains only legal conclusions, such as:

25  ■  Defendants violated California law when they "failed to pay overtime

26  for all hours worked by Uncertified Employees."  FAC ¶ 2.

27

28

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**
**C-08-00177 SI**

- "Although classified as exempt, Plaintiffs and class members should have been paid overtime for all qualifying hours but Defendants uniformly failed to pay such overtime." FAC ¶ 20.
- "Plaintiffs and the Class were non exempt and should have received overtime wages in a sum according to proof for the hours they worked." FAC ¶ 40.
- Defendants "have engaged in unfair business practices in California by utilizing the illegal employment practices outlined above . . ." in violation of Business and Professions Code section 17200. FAC ¶ 61.

Plaintiffs offer no factual allegations to support their conclusion that they were misclassified as exempt employees. Identifying job duties and job positions should not be difficult for the named Plaintiffs as they are former employees of Defendants and presumably have knowledge of specific job titles within the specific divisions of Deloitte & Touche and Deloitte Tax. Legal conclusions are not enough. Plaintiffs have not asserted any facts to nudge their misclassification claim "from conceivable to plausible." Accordingly, a more definite statement is needed before Defendants can fashion a responsive pleading.

## II.    Discovery Cannot Save Plaintiffs' Deficient Pleadings.

Plaintiffs cannot evade their pleading obligations on a theory that deficiencies in the Complaint will be remedied through the discovery process. In *Twombly*, the Supreme Court stated, "[i]t is no answer to say that a claim shy of plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management, given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side." *Twombly*, 125 S. Ct. at 1959. It goes on to reason that courts must weed out those claims that have not "crossed the line from conceivable to the probable" … "at the point of minimum expenditure of time and money by the parties and the court (internal citations omitted)." The rationale for this rule is

7

straightforward:  to avoid fishing expeditions where the plaintiff can not even plead a colorable claim.  A district court has the authority to and must insist upon some specificity in pleading before allowing potentially massive discovery to proceed.  *Twombly*, 127 S.Ct. at 1967.  The Supreme Court in *Twombly* thoughtfully highlights in footnote 6 that discovery is used to find the "details" of a case and is not designed for the purpose of trying to create a case.  *Id.* at 1967, n. 6.  Moreover, the Court concludes that requiring a heightened "plausibility standard" -- one which requires facts or factual allegations that suggest the alleged violation of law actually occurred -- at the pleading stage is critical to the proper management of the discovery process, since discovery abuse continues to run unchecked.  *Id.* at 1967.  Thus, defective complaints, such as Plaintiffs, can only be addressed appropriately through an order to plead a more definite statement.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for a more definite statement.

DATED: April 25, 2008                                       SEYFARTH SHAW LLP


                                                            By _____
                                                               Sheryl L. Skibbe
                                                            Attorneys for Defendants
                                                            DELOITTE & TOUCHE LLP
                                                            DELOITTE TAX LLP

LA1 6689185.2    **DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**
C-08-00177 SI