**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, State Bar No. 154759
WILLIAM A. BAIRD, State Bar No. 192675
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:   (310) 396-9600
Facsimile:   (310) 396-9635
Email:       Wkreger@maklawyers.com
             TBaird@maklawyers.com

**LAW OFFICE OF STEVEN ELSTER**
STEVEN ELSTER, State Bar No. 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone:   (925) 324-2159
Facsimile:   (925) 945-1276
Email:       manfromcal@sbcglobal.net

Attorney for Plaintiffs James Brady,
Travis Call, Sarah Cavanagh,
Julia Longenecker, Pedro Noyola &
Christopher Sulit

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| JAMES BRADY, TRAVIS CALL, SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive, <br><br> Defendants. | **CASE NO.: C-08-00177 SI** <br><br> **OPPOSITION TO NOTICE OF PENDENCY OF OTHER ACTIONS** |

Pursuant to Local Rule 3-13(c), Plaintiffs James Brady, Travis Call, Sarah Cavanagh, Julia Longenecker, Pedro Noyola, and Christopher Sulit (collectively "Plaintiffs") hereby file a statement opposing Defendants DELOITTE & TOUCHE LLP and DELOITTE TAX LLP's ("Defendants") Notice of Pendency of Other Actions.

Defendants base their Notice of Pendency of Other Actions on their inaccurate comparison between this case and the case of *Stepan Mekhitarian v. Deloitte & Touche (ICS) LLC and Deloitte Tax LLP*, Case No. CV-07-00412-DSF in the Central District of California ("*Mekhitarian*"). This case is a class action filed by six former employees of Defendants who worked in several different divisions for Defendants throughout California, including Defendants' Audit line of service and its Global Employer Services practice ("GES"). Plaintiffs intend to seek certification of classes based on those units. The plaintiff in *Mekhitarian* worked in Defendants' Lead Tax practice in Los Angeles and intends to seek certification of a class based on that unit. Plaintiffs here do not intend to seek class certification of employees in Lead Tax and the plaintiff in *Mekhitarian* does not intend to seek class certification of employees in Audit or GES. Thus, because the classes in the two cases are different, these cases do not involve "all or substantially all of the same parties." L.R. 3-13(a).[1]

Defendants' include in their notice a request that this case be transferred to the United States Central District Court of California based on the pendency of *Mekhitarian*. The request is inappropriate and should be rejected.[2] Defendants' summary conclusion that the cases are the same is entirely incorrect.

A transfer is only appropriate if it will serve the interests of justice. 28 U.S.C. §1404(a). In considering the interests of justice, the court can consider if transfer will

---

[1] "In a class action, the classes, and not the class representatives, are compared." *Weinstein v. Metlife Inc.*, 2006 U.S. Dist. Lexis 83115 (N.D. Cal. 2006).

[2] No action should be taken based on Defendants' notice as Defendants filed a motion to transfer that is set to be heard on May 30, 2008. Plaintiffs will fully brief transfer issues in their opposition to that motion.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1  avoid duplicative litigation, affect judicial economy, and limit waste of time and
2  money. *Van Dusen v.Barrack*, 376 U.S. 612, 616 (1964)    Here, transfer can serve
3  none of these purposes as discovery, definitive motions, and appropriate witnesses
4  cannot be substantively duplicative.[3]  Moreover, the numerous citizens of this district
5  who have been affected by Defendants' substantial operations in this district have a
6  right to have their claims heard in this district.

7                                             COUNSEL FOR PLAINTIFFS

9  DATE:  May 5, 2008                         By: /s/ William A. Baird
10                                             William A. Baird
                                              Milstein, Adelman & Kreger, LLP

---

[3]  Defendants have made clear that its operations are distinctly different based on the employee's assigned department, such as Tax as compared to Audit.

3

**Opposition To Notice of Related Case**
**CASE NO.: C-08-00177 SI**