**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, State Bar No. 154759
WILLIAM A. BAIRD, State Bar No. 192675
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:    (310) 396-9600
Facsimile:    (310) 396-9635
Email:  Wkreger@maklawyers.com
        TBaird@maklawyers.com

**LAW OFFICE OF STEVEN ELSTER**
STEVEN ELSTER, State Bar No. 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone:    (925) 324-2159
Facsimile:    (925) 945-1276
Email:  manfromcal@sbcglobal.net

Attorney for Plaintiffs James Brady,
Travis Call, Sarah Cavanagh,
Julia Longenecker, Pedro Noyola &
Christopher Sulit

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| JAMES BRADY, TRAVIS CALL,  SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br><br>     vs. <br><br> DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive, <br><br>     Defendants. | **CASE NO.: C-08-00177 SI** <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER** <br><br> [Filed Concurrently Herewith: Plaintiffs' Request For Judicial Notice In Support Of Plaintiffs' Opposition To Defendants' Motion To Transfer; Declaration Of Steven Elster In Support Of Plaintiffs' Opposition To Defendants' Motion To Transfer; And [Proposed] Order Denying Defendants' Motion] <br><br> Date:       May 30, 2008 <br> Time:       9:00 a.m. <br> Courtroom:  10 <br> Judge:      Hon. Susan Illston |

*Milstein, Adelman & Kreger, LLP*
*2800 Donald Douglas Loop North*
*Santa Monica, CA 90405*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendants Deloitte & Touche LLP and Deloitte Tax LLP's (collectively "Defendants") motion to transfer this case to the Central District of California is predicated on the assertion that a transfer will: 1) promote the interests of justice – *i.e.*, be more efficient - because Defendants claim this action is substantially similar to the class action *Mekhitarian v. Deloitte & Touche (ICS), LLC*, ("*Mekhitarian")* which is presently pending in the Central District; and 2) be more convenient to the parties and the witnesses.  Defendants cannot demonstrate either of their claims.  Furthermore, "a transfer is not to be liberally granted,"  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3rd Cir. 1970), and will only be ordered if the moving party has made a strong showing that transfer will promote the ends of justice and "of [the] inconvenience necessary to overcome the deference accorded to plaintiff's forum choice."  *R. Griggs Group Ltd. v. Consolidated Shoe, Inc.*, 1999 U.S. Dist. Lexis 5426 at *2 (N.D. Cal. 1999).

Transfer of this case merely because Defendants face another claim in the Central District will not serve the interests of justice because the two cases are on behalf of entirely distinct employee groups and the cases are at different stages of development.  Plaintiffs here seek to represent a class of exempt persons employed in Defendants' Audit line of service ("Audit") and the Global Employer Services practice ("GES") of Defendants' tax line of service and will move for certification on behalf of these employee groups only.  In contrast, the plaintiff in the *Mekhitarian* case will very shortly seek certification of a class of exempt employees in Defendants' Lead Tax practice only.  (Declaration of Steven Elster ("Elster Decl.") ¶ 5).   Since this action and *Mekhitarian* seek to represent entirely discrete classes, there will be minimal overlap in discovery. Plaintiffs' discovery in this action will focus on Defendants' Audit and GES practices while discovery in *Mekhitarian* has focused almost entirely on Defendants' Lead Tax practice.  (Elster Decl. ¶ 4).  The depositions in *Mekhitarian* have also focused on employees in Defendants' Lead Tax practice.  (*Id.*).  Because discovery in *Mekhitarian* has not focused on Defendants' Audit or

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1

1   GES units (*Id.*), such discovery is still needed in this case and transfer would do nothing to alleviate

2   that need.

3       Moreover, this action and *Mekhitarian* are at very different procedural stages.  The deadline

4   for a class certification motion in *Mekhitarian* is in two months, on July 28, 2008.  *See* Request For

5   Judicial Notice ("RJN") Exhibit "A".  The discovery cut-off in *Mekhitarian* is in three months, on

6   August 22, 2008.  *Id.*  Transfer at this point would disrupt the schedule and/or would unfairly

7   prejudice the rights of employees in this action whose rights have never been at issue in

8   *Mekhitarian*.  In sum, transfer would not serve the interests of justice because there is minimal

9   overlap between these two cases and duplicative efforts are not a concern.

10      Defendants' summary conclusion that the Central District is somehow more convenient for

11  the parties and witnesses than the Northern District is equally lacking in merit.  Two named

12  plaintiffs reside in the Northern District, as do hundreds of unnamed class members.  Defendants

13  are headquartered in New York and have offices throughout California including several offices in

14  the Northern District.  Many witnesses, such as Defendants former employees, are also located in

15  the Northern District.  Accordingly, Defendants cannot meet their substantial burden to demonstrate

16  that the Central District is a more convenient venue than the current forum.  *Decker Coal Co. v.*

17  *Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986) ("The defendant must make a

18  strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").

19      In short, transfer is not warranted and Defendants cannot prove otherwise.  Rather, Plaintiffs

20  appropriately chose to pursue their action in the Northern District, where two of the Plaintiffs

21  currently reside, where Defendants employ numerous class members and continue to under-

22  compensate them, and where Defendants conducted significant operations giving rise to this case.

23  Accordingly, the facts and circumstances that surround this case are deeply rooted in the Northern

24  District and the courts of the district have a substantial interest in these proceedings.  Defendants'

25  motion should be denied.[1]

26

27  _____
    [1]     Defendants mention that Plaintiffs' counsel agreed to transfer an action against KPMG from
    the Northern District to the Central District where KPMG is facing another action.  Although the

28  activity in that case is irrelevant here, Plaintiffs note that in KPMG, the cases were on behalf of an

2

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

## II.     DEFENDANTS' MOTION FOR TRANSFER MUST BE DENIED

### 1.     DEFENDANTS MUST MEET A HEAVY BURDEN TO JUSTIFY TRANSFER

*28 U.S.C. 1404(a)* sets forth the standard for transferring an action: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* Courts consider a number of factors in determining whether a case should be transferred under *section 1404(a).* The factors relevant here are: (1) the interests of justice; (2) plaintiff's choice of forum;[2] (3) convenience of the parties; (4) convenience of the witnesses; and (5) the ease of access to sources of proof. *See Bibo v. Federal Express, Inc.*, 2007 U.S. Dist. Lexis 78388 at *4 (N.D. Cal. 2007); *Lynch v. Alaska Tanker Co., LLC*, 2004 U.S. Dist. Lexis 22930 at *7 (N.D. Cal. 2004); *Gootnick v. Lighter*, 2005 U.S. Dist. Lexis 30291 at *18 (N.D. Cal. 2005).

"[A] transfer is not to be liberally granted." *Shutte,* 431 F.2d at 25. Thus, "[t]he party moving for transfer under *section 1404(a)* bears a heavy burden of demonstrating that the existing forum is inconvenient and the interest of justice requires transfer to another district." *R. Griggs Group Ltd.*, 1999 U.S. Dist. Lexis 5426 at *14. Moreover, a party moving for transfer "must make a strong showing of inconvenience to warrant" a transfer. *Decker Coal Co.*, 805 F.2d at 843. Here, Defendants have not and cannot make the significant showing necessary to justify transfer of this action.

### 2.     SECTION 1404(a) FACTORS CONCLUSIVELY DEMONSTRATE TRANSFER IS NOT APPROPRIATE IN THIS ACTION

#### i.     The Interests of Justice Are Not Served by Transfer

"In determining whether a case should be transferred based on the interests of justice, the Court can consider whether transfer will avoid duplicative litigation, affect judicial economy, and limit waste of time and money." *Bibo,* 2007 U.S. Dist. Lexis 78388 at *9. The significant differences between this action and *Mekhitarian* conclusively demonstrate that transfer to the

---

identical class of employees, a third identical case was also in the same court, discovery had not begun, and no definitive motions had been filed or even calendared.

[2] In a class action, the court also examines the respective parties' contacts with the forum, and the activity in the forum relating to the plaintiff's cause of action when determining the weight accorded to a plaintiff's choice of forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

**Opposition to Motion to Transfer:**
**CASE NO.: C-08-00177 SI**

1    Central District of California would not accomplish any of those goals.  As discussed, the

2    *Mekhitarian* litigation seeks to represent employees in Defendants' Lead Tax practice only and

3    plaintiff's class certification motion will be on behalf of that group only.  In contrast, Plaintiffs in

4    this action seek to represent employees in Defendants' Audit and GES units and Plaintiffs will seek

5    certification on behalf of these groups of employees.[3]  Moreover, in contrast to *Mekhitarian*, this

6    action also alleges causes of action for failure to provide appropriate meal breaks and for failure to

7    furnish proper paychecks stubs.  Duplicative efforts and inconsistent rulings are simply not a

8    concern in light of the distinct employee groups and different causes of action at issue between this

9    case and *Mekhitarian*.  Thus, this certainly is not a situation of "two cases involving precisely the

10   same issues," as Defendants maintain to justify transfer.  Motion, 6:10-11 (quoting *Continental*

11   *Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).

12        From a practical standpoint, written discovery and depositions in *Mekhitarian* have focused

13   almost entirely on a Lead Tax employee class.  In contrast, the discovery in this case will focus on

14   persons employed in Defendants' Audit and GES units.  Cross over, if any, will be minimal. The

15   discovery into the Audit and GES units, along with Plaintiffs' intended class certification motion on

16   behalf of employees in those units, will be necessary regardless of anything that occurs in

17   *Mekhitarian*.  Defendants cannot in good faith suggest otherwise.

18        In light of the above differences, the interests of justice are not served by transfer.  Transfer

19   will not serve judicial economy or provide any benefits.  Rather, it will prejudice the rights of class

20   members in this action who have not been represented in any other case and will disrupt

21   proceedings in *Mekhitarian*.  There is no reason why this case should not proceed in the chosen

22   forum.  Given the large number of residents of this forum who worked or currently work for

23   Defendants in their Northern District offices and Defendants' continuing employment practices in

24

25   _____

26   [3]    While Plaintiffs consider a more definite statement of their class allegations unnecessary, Plaintiffs are agreeable to amending their class definition to clarify that they are only seeking to

27   represent a class of employees from Defendants' Audit and GES practices.  Alternatively, Plaintiffs are amenable to a stay of any Lead Tax component of their case pending the outcome of the class

28   certification motion of a Lead Tax class in *Mekhitarian*.

4

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

this forum giving rise to this case, the interests of justice will not be served by transferring this action and thereby denying Plaintiffs their properly chosen forum.

**ii.    Plaintiffs' Choice of Forum Is Proper and Should Not Be Disturbed**

"The plaintiff's choice of forum is afforded substantial weight in the *§1404(a)* balancing test, and courts should not generally transfer unless the convenience and justice factors strongly favor the defendant's choice of venue." *Bibo*, 2007 U.S. Dist. Lexis 78388 at *5 (citing *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947))). *See also Shutte,*, 431 F.2d at 25 (quoting *Ungrund v. Cunningham Brothers, Inc.*, 300 F.Supp. 270, 272 (S.D. Ill. 1969) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice '*** should not be lightly disturbed.'").   Contrary to Defendants' contention, in a class action Plaintiffs' choice of forum is still given significant weight depending on "the extent of both plaintiff's and the defendant's contacts with the forum, including those relating to plaintiff's cause of action." *Evancho v. Sanofi-Aventis U.S. Inc.*, 2007 U.S. Dist. Lexis 35500 at *7 (N.D. Cal. 2007) (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).   Here, both Plaintiffs and Defendants have extensive contacts with this forum.   Additionally, much of the activity giving rise to this case occurred and continues to occur in this forum.   In particular:

- Two named plaintiffs, James Brady and Travis Call, are residents of the Northern District of California.[4]

- Defendants sell accounting services to their customers at offices in the Northern District in:

    --San Francisco;

    --Oakland;

    --San Jose; and,

    --Foster City. [5]

---

[4]    *See* Elster Decl. ¶ 2.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

5

- Named plaintiff Travis Call worked in Defendants' Northern District offices in San Jose and San Francisco so his claims against Defendants occurred in this forum.

- Plaintiffs believe that hundreds of other unnamed class members worked and/or currently work in Defendants' Northern District offices so a substantial part of the activity giving rise to this case against Defendants occurred and continues to occur in this forum.

These Northern District contacts and the fact that a substantial portion of the activity giving rise to this case occurred and continues to occur in this forum entitle Plaintiffs' choice of this forum to significant deference. *Lou*, 834 F.2d at 739. The parties' contacts to the Southern and Central Districts of California have no bearing on the analysis and are nothing more than red herrings raised by Defendants.

### iii.    Defendant's Cannot Make the Necessary Showing of Inconvenience to the Parties and Witnesses to Justify Transfer

As demonstrated, Plaintiffs' choice of forum is appropriate. Separate and apart from meeting the interests of justice requirement, Defendants face the steep burden of making "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843; *Dorado v. Laborers Pension Trust Fund for Northern California*, 2006 U.S. Dist. Lexis 61789 at *5 (E.D. Cal. 2006) ("The party seeking transfer has the burden to show that trial in the district where the action is pending will result in a clear balance of inconveniences."). Defendants have not and cannot meet this burden.

### a.    Defendants Cannot Make a Strong Showing of Inconvenience to the Parties

It is disingenuous at best for Defendants to contend that somehow the Northern District is less convenient than the Central District for either the parties or the witnesses. Defendants'

---

[5]    *See* RJN Exhibit "B", a page from Defendants' website listing office locations in California. http://deloitte.com/dtt/offices. Selecting the state of California at this website produces a list of Defendants' offices in California.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1   principal executive offices are not maintained in either the Central District of California or the

2   Northern District of California but rather are located in New York.  *See* RJN Exhibit "C"( N.Y. Div.

3   of Corps website information re Deloitte &Touche and Deloitte Tax).  As stated by Defendants:

4   "Deloitte Tax maintains its National Office [in New York and that is where its] executive

5   operations are managed."  *See* RJN Exhibit "D" (Declaration of Barbara Newman ¶ 5 in Deloitte's

6   Notice of Removal in *Mekhitarian*).  Additionally, "[f]rom its National Office in New York, New

7   York, Deloitte Tax conducts such executive and administrative operations, including but not limited

8   to, those relating to firm-wide policies and procedures, legal affairs, and general operations of its

9   tax practice."  *See* RJN Exhibit "E"(Declaration of Kathleen Farlow ¶ 8 in Deloitte's Response to

10  OSC re Principal Place of Business in *Mekhitarian*).   "Strategy meetings relating to matters

11  including personnel, communications, culture and IT are held in New York."  *Id.* at ¶ 12.  Thus,

12  because "Defendant[s are] headquartered in [New York], … the Northern District of California is

13  no more or less convenient for Defendant[s] than the Central District." *Bibo*, 2007 U.S. Dist. Lexis

14  78388 at *7 (denying a motion to transfer under *§1404(a)* after finding that since the defendant was

15  headquartered in Tennessee, the Northern District was equally as convenient for the defendant as

16  the Central District).

17      As discussed above, Defendants sell accounting services to their customers in at least four

18  offices in the Northern District- in San Francisco, Oakland, San Jose and Foster City - and a

19  substantial part of the activity giving rise to this case occurred and continues to occur in the

20  Northern District as numerous unnamed class members worked at these offices.  Given Defendants'

21  extensive operations in the Northern District, they certainly cannot credibly argue that this forum is

22  any more inconvenient than any other district in California. [6]

23

24  _____

    [6]  In Defendants' motion, they state that legal counsel for Plaintiffs and Defendants are based in
25  Los Angeles.  In fact, co-counsel for Plaintiffs, Steven Elster, is located in the Northern District of
    California.  As well, Defense counsel has an office in San Francisco located at 560 Mission Street
26  which is less than 1 ½ miles from this courthouse.(*see*/www.seyfarth.com).  Moreover,
    "convenience of counsel is not a consideration in determining whether to transfer an action."  *Bibo,*
27  2007 U.S. Dist. Lexis 78388 at *7 (quoting *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F.Supp.
28  465, 466 (E.D. Cal. 1994)).

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    As for Plaintiffs, two named plaintiffs, Travis Call and James Brady, reside in the Northern

2    District, three live in the Southern District and one lives in the Central District where Defendants

3    would like to transfer this case.  Courts have recognized that the inconvenience of traveling from

4    Southern California to Northern California does not rise to the level of inconvenience necessary to

5    justify transfer.  In *Flotsam,* the Court held that  **"[t]he need for occasional travel by air from the**

6    **Huntington Beach area [in the Central District of California] to San Francisco for trial or**

7    **other proceedings does not constitute the type of inconvenience that would warrant disturbing**

8    **the plaintiff's choice of forum**." *Flotsam of California, Inc. v. Huntington Beach Conference and*

9    *Visitors Bureau,* 2007 U.S. Dist. Lexis 31762 at *12 (N.D. Cal. 2007) (emphasis added).  Likewise

10   here, for the named plaintiffs and any other witnesses located in the Southern District, a 1 ¼ hour

11   plane flight to the Northern District is no more inconvenient than a 2 ½ hour drive on Interstate 5 to

12   the Central District.

            b.    *This Venue Is as Convenient to Witnesses as the Central District so*
14             *Transfer Is Not Justified*

15          "It is the convenience of non-party witnesses, rather than that of employee witnesses, that is

16   the more important factor and is accorded greater weight [when considering transfer of a case]."

17   *Flotsam*, 2007 U.S. Dist. Lexis 31762 at *10 (quoting *Gundle Lining Constr. Corp. v. Fireman's*

18   *Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D. Texas 1994).  Here, Defendants' extensive operations

19   in the Northern District mean that many witnesses, such as Defendants' former employees in the

20   Northern District, will find this district to be a convenient forum.[7]  Since Defendants sell accounting

21   services to their customers through offices in the Northern, Eastern, Southern and Central Districts

22   of California, on balance, the Central District will hardly be a more convenient forum for non-party

23   witnesses than the Northern District.

24          In situations, such as here, where non-party witnesses reside throughout the state, courts

26   ───────────────
     [7]    Even if a majority of the unnamed class members currently employed by Defendants reside in
     the Central District, that "has no bearing on the convenience of the forum to the named plaintiffs
27   who will ultimately be representing the class's interests."  *Bibo*, 2007 U.S. Dist. Lexis 78388 at *8-
     9 (finding that even if 63% of the defendant's current employees reside in southern California, that
28   does not justify transfer of venue).

                                                      8

1   have consistently found that transfer is inappropriate. "Simply shifting inconvenience from some

2   third-party witnesses to others is not a sufficient basis to warrant transfer." *Flotsam,* 2007 U.S. Dist.

3   Lexis 31762 at *12. *See also Dex Products, Inc. v. Houghteling*, 2006 U.S. Dist. Lexis 45237 at

4   *24 (N.D. Cal. 2006) (citing *Decker Coal*, 805 F.2d at 852 as "finding that transfer of case from

5   Montana to Illinois was not appropriate because there were witnesses living in both locations")

6   (emphasis added); *Shropshire v. Fred Rappaport Co.*, 294 F.Supp. 2d 1085, 1095 (N.D. Cal. 2003)

7   ("**rejecting transfer to Central District of California because witnesses resided in both**

8   **districts and inconvenience to plaintiff in the new district was 'about the same' as that of**

9   **defendant in the Northern District**"). For non-party witnesses located outside of California, such

10  as in New York where Defendants are headquartered, the Northern District of California is just as

11  convenient as the Central District. As demonstrated, Defendants fail to justify transfer of this case

12  based on the convenience of the witnesses.

13          Based on the totality of the circumstances, it is apparent that Defendants cannot meet their

14  burden of conclusively proving that proceeding in the Northern District as compared to the Central

15  District will result in inconvenience to the witnesses and parties. Therefore, Defendants' motion to

16  transfer must be denied.

17                    **iv.    Evidence Is Easily Accessed in the Current Forum**

18          In this era of modern technology where virtually all documents are either already in

19  electronic formats or are readily converted to such formats, the geographic location(s) of those

20  sources of proof are of little significance. *See A Slice of Pie Productions, LLC v. Wayans Bros.*

21  *Entertainment*, 392 F.Supp. 2d 297, 308 (D. Conn. 2005) (denying a motion to transfer under *§*

22  *1404(a)* in part because "[a]lthough the location of relevant documents is entitled to some weight,

23  modern photocopying technology and electronic storage deprive this issue of practical weight").

24  This case is no different. Furthermore, as discussed above, relevant documents in this case are

25  located in the Northern District and throughout California since Defendants maintain offices across

26  the state. Additionally, other relevant documents are likely located in New York where Defendants

27  are headquartered. Whether this case is venued in the Northern District or the Central District will

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

9

**Opposition to Motion to Transfer:**
**CASE NO.: C-08-00177 SI**

1    have no impact on the ease of accessing such documents.  Thus, Defendants cannot justify transfer
2    of this case based on ease of access to sources of proof.

3    **III.    <u>CONCLUSION</u>**

4    Not a single factor supports transfer.  Plaintiffs appropriately filed their case in this district

5    and Defendants have utterly failed to show any real inconvenience, let alone the "strong showing"

6    of it necessary to override Plaintiffs' choice of this forum.  If the interests of justice are to be

7    served, it will be with this case proceeding in this forum, where Defendants continue to violate

8    California law by under-compensating numerous Northern District residents in Defendants'

9    employment.  Because Defendants do not come remotely close to meeting their burden to justify

10   transfer of this case, their motion should be denied.

11

12

13   DATE:  May 9, 2008                    **MILSTEIN, ADELMAN & KREGER, LLP**

14

15                                        <u>/s/ WILLIAM A. BAIRD</u>
                                          By:  WILLIAM A. BAIRD
16                                        Attorney for Plaintiffs JAMES BRADY, TRAVIS
                                          CALL, SARAH CAVANAGH, JULIA
17                                        LONGENECKER, PEDRO NOYOLA and
                                          CHRISTOPHER SULIT, individually and on behalf of
18                                        all others similarly situated

19

20

21

22

23

24

25

26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

**Opposition to Motion to Transfer:**
**CASE NO.: C-08-00177 SI**