**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, State Bar No. 154759
WILLIAM A. BAIRD, State Bar No. 192675
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:    (310) 396-9600
Facsimile:    (310) 396-9635
Email:  Wkreger@maklawyers.com
        TBaird@maklawyers.com

**LAW OFFICE OF STEVEN ELSTER**
STEVEN ELSTER, State Bar No. 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone:    (925) 324-2159
Facsimile:    (925) 945-1276
Email:  manfromcal@sbcglobal.net

Attorney for Plaintiffs James Brady,
Travis Call, Sarah Cavanagh,
Julia Longenecker, Pedro Noyola &
Christopher Sulit

**IN THE UNITED STATES DISTRICT COURT**

**THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| JAMES BRADY, TRAVIS CALL,  SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    vs.<br><br>DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive,<br><br>          Defendants. | **CASE NO.: C-08-00177 SI**<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER**<br><br>[Filed Concurrently Herewith: Plaintiffs' Opposition To Defendants' Motion To Transfer; Declaration Of Steven Elster In Support Of Plaintiffs' Opposition To Defendants' Motion To Transfer; And [Proposed] Order Denying Defendants' Motion]<br><br>Date:      May 30, 2008<br>Time:      9:00 a.m.<br>Courtroom: 10<br>Judge:     Hon. Susan Illston |

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    Pursuant to Federal Rules of Evidence sections 201(c) and (d), Plaintiffs James Brady,

2   Travis Call, Sarah Cavanagh, Julia Longenecker, Pedro Noyola and Christopher Sulit (collectively

3   "Plaintiffs") hereby submit the following Request for Judicial Notice in Support of Plaintiffs'

4   Opposition to Deloitte & Touche LLP and Deloitte Tax LLP's ("Defendants") Motion for a

5   Transfer.  Plaintiffs request that the Court take judicial notice of the following documents marked

6   and attached hereto:

7    Exhibit A:    Order Re Jury Trial, April 11, 2007, in *Mekhitarian v. Deloitte & Touche*

8   *(ICS) LLC.*  Attached herewith as Exhibit "A" is a true and correct copy of said order.

9    Exhibit B:    Page Printed From Defendants' Website Providing A List Of Defendants'

10  California Offices.  Attached herewith as Exhibit "B" is a true and correct copy of said document.

11   Exhibit C:    Print Outs Printed From The Department Of State of New York's Website

12  That Lists Defendants' State Of Incorporation and Principal Offices.  Attached herewith as Exhibit

13  "C" is a true and correct copy of said Print Outs.

14   Exhibit D:    Declaration Of Barbara Newman Attached To Defendants Notice Of

15  Removal that Defendants Filed In the case of *Mekhitarian v. Deloitte & Touche (ICS) LLC.*

16  Attached herewith as Exhibit "D" is a true and correct copy of said Notice Of Removal.

17   Exhibit E:    Declaration Of Kathleen Farlow Attached To Defendant Deloitte Tax LLP'S

18  Response To Order To Show Cause Regarding Principal Place Of Business that Defendant Filed In

19  the case of *Mekhitarian v. Deloitte & Touche (ICS) LLC.*  Attached herewith as Exhibit "E" is a true

20  and correct copy of said Response.

21   Exhibits A, B, C, D, and E are properly subject to judicial notice pursuant to Federal Rules

22  of Evidence sections 201(c) and (d).  The Exhibits are relevant in that they demonstrate information

23  with respect to Defendants' operations in this state as well as their operations in the state of New

24  York.

25  DATED:  May 9, 2008                    **MILSTEIN, ADELMAN & KREGER, LLP**

26

27                    /s/ WILLIAM A. BAIRD
                     WILLIAM A. BAIRD

28

2

ORIGINAL

x - SEND

FILED
CLERK, U.S. DISTRICT COURT

APR 11 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DOCKETED ON CM

APR 12 2007

BY _____ 012

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPAN MEKHITARIAN | CASE NO. CV 07-412-DSF(MANx) |
| | **ORDER RE JURY TRIAL** |
| Plaintiff, | **I.   ORDER RE DEADLINES:** |
| | A. Adding Parties or Amending Pleadings: <u>5/1/07</u> |
| vs. | B. Discovery Cut-off: <u>8/22/08</u> |
| DELOITTE & TOUCHE (ICS) LLC, et al. | C. Expert Witness Exchange Deadline: Initial:      <u>7/11/08</u>; Rebuttal:   <u>8/7/08</u>; Cut-off:    <u>9/19/08</u> |
| Defendant. | D. Motion Hearing Cut-off: <u>7/28/08 at 1:30 p.m.</u> |
| | E. Settlement Conference Cut-off: <u>8/11/08 (Procedure #3)</u> |
| | F. Final Pretrial Conference: <u>9/22/08 at 3:00 p.m.</u> |
| | G. Trial Date: <u>10/21/08 at 8:00 a.m.</u> (trial estimate - <4 weeks) |

**II.   ORDER RE TRIAL PREPARATION**

**III.   ORDER GOVERNING CONDUCT OF ATTORNEYS AND PARTIES**

revised 12-6-06

# I

## DEADLINES

A.    PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings. All motions to add parties or to amend the pleadings must be noticed, and must be <u>heard</u> on or before the cut-off date. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-7.1.

B.    DISCOVERY AND DISCOVERY CUT-OFF

1. <u>Discovery Cut-off</u>:  The Court has established a cut-off date for discovery, including expert discovery, if applicable. This is not the date by which discovery requests must be served; it is the date by which all discovery, <u>including all hearings on any related motions</u>, is to be completed.

2. <u>Discovery Disputes</u>:  Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information> Attorney Admissions").

3. <u>Discovery Motions</u>:  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

4. <u>Depositions</u>:  All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition

1 before the cut-off date. Given the requirements to "meet and confer," and notice

2 requirements, in most cases a planned motion to compel must be discussed with

3 opposing counsel at least six weeks before the cut-off.

4     5. <u>Written Discovery</u>: All interrogatories, requests for production of

5 documents, and requests for admissions must be served sufficiently in advance of

6 the discovery cut-off date to permit the discovering party enough time to

7 challenge (via motion practice) responses deemed to be deficient.

8     6. <u>Expert Discovery</u>: All disclosures must be made in writing. The parties

9 should begin expert discovery shortly after the initial designation of experts. The

10 final pretrial conference and trial dates will not be continued merely because

11 expert discovery is not completed. Failure to comply with these or any other

12 orders concerning expert discovery may result in the expert being excluded as a

13 witness.

14     C.    <u>LAW AND MOTION</u>

15     The Court has established a cut-off date for the <u>hearing</u> of motions. All

16 motions must be noticed so that the <u>hearing</u> takes place on or before the motion

17 cut-off date. Counsel are to provide chambers with conformed courtesy copies of

18 all documents. Courtesy copies should not be put in envelopes. Counsel should

19 consult the Court's Standing Order, previously provided, to determine the Court's

20 requirements concerning motions. A copy of the Standing Order is also available

21 on the Court's website at www.cacd.uscourts.gov>Judges' Procedures and

22 Schedules>Hon. Dale S. Fischer.

23     D.    <u>FINAL PRETRIAL CONFERENCE</u>

24     1. A final pretrial conference date has been set pursuant to Rule 16 of the

25 Federal Rules of Civil Procedure and Local Rule 16-7. Unless excused for good

26 cause, each party appearing in this action shall be represented at the final pretrial

27 conference by the attorney who is to have charge of the conduct of the trial on

28 behalf of such party. Counsel should be prepared to discuss streamlining the trial,

revised 12-6-06          - 3 -

1  including presentation of testimony by deposition excerpts or summaries, time

2  limits, stipulations as to undisputed facts, and qualification of experts by admitted

3  resumes.

4      2. STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED.

5  THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL

6  REQUIREMENTS. THIS COURT DOES NOT EXEMPT *PRO PER*

7  PLAINTIFFS FROM THE REQUIREMENTS OF RULE 16. Carefully prepared

8  memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a

9  proposed final pretrial conference order shall be submitted in accordance with the

10  Rules, and the format of the proposed final pretrial conference order shall

11  conform to the format set forth in Appendix A to the Local Rules. Failure of

12  these documents to comply with these requirements may result in the final pretrial

13  conference being taken off-calendar or continued, or in other sanctions.

14      3. The memoranda of contentions of fact and law, witness lists and the

15  joint exhibit list are due not later than 21 days before the final pretrial conference,

16  and the proposed final pretrial conference order is to be lodged not later than

17  seven days before the final pretrial conference.

18      4. In addition to the requirements of Local Rule 16, the witness lists must

19  include a brief (one or two paragraph) description of the testimony, and a time

20  estimate for both direct and cross-examination (separately stated).

21      5. Other documents to be filed in preparation for, and issues to be

22  addressed at, the final pretrial conference are discussed below.

23      E.    <u>SETTLEMENT PROCEDURES</u>

24      A settlement procedure must be identified in every case pursuant to Local

25  Rule 16-14, et seq. The Court will normally be guided by counsel's agreement as

26  to what procedure is appropriate for the case and when the optimum time for that

27  procedure is. Counsel must, however, complete a settlement conference no later

28  than the date set by the Court at the scheduling conference. Not to the exclusion

revised 12-6-06           - 4 -

of other procedures, the following are available:

> (1)   a settlement conference before the magistrate judge assigned to the case;
>
> (2)   a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel;
>
> (3)   the employment (at the parties' expense) of a private judge, mediator, or arbitrator.

If a case is selected for the Mandatory ADR Program, the parties may choose option (3) instead. The parties may not choose option (1). Judge Fischer will hold a settlement conference at the request of the parties in cases with a trial estimate of more than four days.

No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

## II

### ADDITIONAL TRIAL PREPARATION

A.   MOTIONS *IN LIMINE*

All motions *in limine* must be filed at least three weeks before the final pretrial conference. Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intends to introduce the disputed evidence, and to attempt to reach an agreement that would obviate the motion. Opposition must be filed ten days before the final pretrial conference. The Court will rule on motions *in limine* at the final pretrial conference. Motions in *limine* should address specific issues (i.e., *not* "to exclude all hearsay," etc.). Motions *in limine* should not be disguised motions for summary adjudication of issues.

B.   JURY INSTRUCTIONS, SPECIAL VERDICT FORMS, VOIR DIRE, JURY SELECTION

1. Fourteen days before the meeting of counsel required by Local Rule 16-

1   2, plaintiff shall serve plaintiff's proposed jury instructions and special verdict

2   forms, and defendant shall serve defendant's proposed jury instructions and

3   special verdict forms as to any affirmative defenses, counterclaims, etc. Within

4   ten days each shall serve objections to the other's instructions and verdict forms.

5   Before or at the Rule 16-2 meeting, counsel are ordered to meet and confer and

6   attempt to come to agreement on the proposed jury instructions and verdict forms.

7       2. When the <u>Manual of Model Jury Instructions for the Ninth Circuit</u>

8   provides an applicable jury instruction, the parties should submit the most recent

9   version, modified and supplemented to fit the circumstances of this case. Where

10  language appears in brackets, the appropriate language should be selected. All

11  blanks should be completed. Where California law applies, counsel should use

12  the current edition of <u>California Jury Instructions -- Civil</u> ("BAJI" or "CACI"). If

13  neither is applicable, counsel should consult the current edition of O'Malley, et

14  al., <u>Federal Jury Practice and Instructions</u>. Each requested instruction shall (a)

15  cite the authority or source of the instruction, (b) be set forth in full, (c) be on a

16  separate page, (d) be numbered, (e) cover only one subject or principle of law,

17  and (f) not repeat principles of law contained in any other requested instruction.

18      3. At the time of filing the proposed final pretrial conference order,

19  counsel shall file with the Court a JOINT set of jury instructions on which there is

20  agreement. All blanks in standard forms should be filled in. The Court expects

21  counsel to agree on the substantial majority of jury instructions, particularly when

22  pattern or model instructions provide a statement of applicable law. If one party

23  fails to comply with the provisions of this section, the other party must file a

24  unilateral set of jury instructions, unless that party wishes to waive jury trial.

25      4. At the same time, each party shall file its proposed jury instructions that

26  are objected to by any other party. Each disputed instruction must have attached

27  a short (one or two paragraph) statement, including points and authorities in

28  support of the instruction as well as a brief statement, including points and

revised 12-6-06                                          - 6 -

1  authorities, in support of any objections.  A proposed alternative instruction must

2  be provided, if applicable.  If the Court believes that there are so many disputed

3  instructions that the trial would be unnecessarily interrupted in order for the Court

4  to resolve disputes, the Court may determine that the matter is not yet ready to be

5  tried, and may order counsel to continue to meet and confer until most of the

6  disputes are resolved.

7      5. Counsel must provide the documents described in paragraphs 3 and 4 on

8  a disk in WordPerfect 9 (or above) format at the time they file their proposed jury

9  instructions.

10      6. The Court will send one or more copies of the instructions into the jury

11  room for the jury's use during deliberations.  Therefore, in addition to the copies

12  described above, the disk must contain a "clean" set of jury instructions,

13  containing only the text of the instruction (one per page) with the caption "Jury

14  Instruction No. __ " at the top (eliminating titles, supporting authority, etc.).

15      7. Counsel must provide an index of all instructions submitted, which must

16  include the following:

17          a. The number of the instruction;

18          b. The title of the instruction;

19          c. the source of the instruction and any relevant case citations;

20          d. The page number of the instruction.

21  For example:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark - Defined | 9th Cir.  15.3.2 | 7 |
|   | (15 U.S.C. § 1127) | | |

25      8. **FAILURE TO FOLLOW THE PRECEDING PROVISIONS OF**

26  **THIS SECTION WILL SUBJECT THE NON-COMPLYING PARTY**

27  **AND/OR ATTORNEY TO SANCTIONS AND WILL BE DEEMED TO**

28  **CONSTITUTE A WAIVER OF JURY TRIAL.**

revised 12-6-06        - 7 -

1    9. During the trial and before argument, the Court will meet with counsel

2    and settle the instructions, and counsel will have an opportunity to make a further

3    record concerning their objections.

4    10. At the time of filing the proposed final pretrial conference order,

5    counsel should file a jointly prepared one or two page statement of the case to be

6    read by the Court to the prospective panel of jurors before commencement of voir

7    dire.

8    11. The Court will conduct the voir dire. The Court provides a list of basic

9    questions, and may provide a list of additional questions to jurors before voir dire.

10   (This is not a questionnaire to be completed by jurors.) Counsel may, but are not

11   required to, submit a list of proposed case-specific voir dire questions at the time

12   they file the proposed final pretrial conference order.

13   12. The Court will inquire concerning whether serving on the jury would

14   create a substantial hardship, and may excuse jurors for that reason, before

15   beginning individual voir dire.

16   13. In most cases the Court will conduct its initial voir dire of 14

17   prospective jurors who will be seated in the jury box. Generally the Court will

18   select seven or eight jurors.

19   14. Each side will have three peremptory challenges. If fourteen jurors are

20   seated in the box and all six peremptories are exercised, the remaining eight

21   jurors will constitute the jury panel. If fewer than six peremptories are exercised,

22   the eight jurors in the lowest numbered seats will be the jury. The Court will not

23   necessarily accept a stipulation to a challenge for cause. If one or more

24   challenges for cause are accepted, and all six peremptories are exercised, the

25   Court may decide to proceed with six or seven jurors.

26   C.   TRIAL EXHIBITS

27   1. Counsel are to prepare their exhibits for presentation at the trial by

28   placing them in binders indexed by exhibit number with tabs or dividers on the

revised 12-6-06                                  - 8 -

1  right side. Counsel shall submit to the Court an original and two copies of the

2  binders. The exhibits shall be in three-ring binders labeled on the spine portion

3  of the binder as to the volume number and contain an index of each exhibit

4  included in the volume. Exhibits must be numbered in accordance with Local

5  Rule 16.5.

6      2. The Court requires that the following be submitted to the Courtroom

7  Deputy Clerk ("CRD") on the first day of trial:

8          a. The binder of original exhibits with the Court's exhibit tags,

9  yellow tags for plaintiff and blue tags for defendant, stapled to the front of the

10  exhibit on the upper right-hand corner with the case number, case name, and

11  exhibit number placed on each tag.

12          b. One binder with a copy of each exhibit tabbed with numbers as

13  described above for use by the Court, and one binder for the use of the CRD and

14  court reporter. (Exhibit tags are not necessary on these copies.)

15          c. Three copies of exhibit lists.

16          d. Three copies of witness lists in the order in which the witnesses

17  may be called to testify.

18      3. Where a significant number of exhibits will be admitted, the Court

19  encourages counsel, preferably by agreement, to consider ways in which

20  testimony about exhibits may be made intelligible to the jury while it is being

21  presented. Counsel may consider such devices as overhead projectors, jury

22  notebooks for admitted exhibits, or enlargements of important exhibits. The

23  Court has an Elmo and other equipment available for use during trial. Call the

24  CRD if you wish to visit when the Court is not in session to practice using the

25  equipment. The Court does not permit exhibits to be "published" by passing

26  them up and down the jury box. Exhibits may be displayed using the screen in

27  the courtroom, only if the process does not become too time-consuming.

28      4. All counsel are to meet not later than ten days before trial and to

revised 12-6-06                          - 9 -

1  stipulate, so far as is possible, to foundation, to waiver of the best evidence rule,

2  and to those exhibits that may be received into evidence at the start of the trial.

3  The exhibits to be so received will be noted on the extra copies of the exhibit

4  lists.

5         D.     JURY TRIAL

6         On the first day of trial, court will commence at 8:00 a.m. and conclude at

7  approximately 4:00 p.m. with the standard lunch break.  On the first day of trial

8  counsel must appear at 8:00 a.m. to discuss preliminary matters with the Court.

9  The jury panel will be called when the Court is satisfied that the matter is ready

10  for trial.  Jury selection usually takes only a few hours.  Counsel should be

11  prepared to proceed with opening statements and witness examination

12  immediately after jury selection.  After the initial day of trial, trial days are

13  Tuesday through Friday from 8:00 a.m. to 1:30 p.m. with two fifteen-minute

14  breaks, normally at 10:00 a.m. and 12:00 p.m.

15

16                         **III**

17      **CONDUCT OF ATTORNEYS AND PARTIES**

18

19         A.     OPENING STATEMENTS, EXAMINING WITNESSES, AND

20                SUMMATION

21        1. Counsel must use the lectern for opening statements, examination of

22  witnesses, and summation.

23        2. Counsel must not consume time by writing out words, drawing charts or

24  diagrams, etc.  Counsel may do so in advance and explain that the item was

25  prepared earlier as ordered by the Court to save time.

26        3. The Court will honor (and may establish) reasonable time estimates for

27  opening and closing arguments, examination of witnesses, etc.

28         B.     OBJECTIONS TO QUESTIONS

1       1. Counsel must not use objections for the purpose of making a speech,

2  recapitulating testimony, or attempting to guide the witness.

3       2. When objecting, counsel must rise to state the objection and state only

4  that counsel objects and the legal ground of objection. If counsel wishes to argue

5  an objection further, counsel must ask for permission to do so.

6      C.    GENERAL DECORUM

7       1. Counsel should not approach the CRD or the witness box without

8  specific permission. If permission is given, counsel should return to the lectern

9  when their purpose has been accomplished. Counsel should not question a

10  witness at the witness stand.

11      2. Counsel should rise when addressing the Court, and when the Court or

12  the jury enters or leaves the courtroom.

13      3. Counsel should address all remarks to the Court. Counsel are not to

14  address the CRD, the court reporter, persons in the audience, or opposing

15  counsel. If counsel wish to speak with opposing counsel, counsel must ask

16  permission to do so. Any request for the re-reading of questions or answers shall

17  be addressed to the Court. Such requests should be limited. Requests may not be

18  granted.

19      4. Counsel should not address or refer to witnesses or parties by first

20  names alone. Young witnesses (under 14) may, however, be addressed and

21  referred to by first names.

22      5. Counsel must not offer a stipulation unless counsel has conferred with

23  opposing counsel and has verified that the stipulation will be acceptable.

24      6. While Court is in session, counsel must not leave counsel table to confer

25  with any personnel or witnesses in the back of the courtroom unless permission

26  has been granted in advance.

27      7. Counsel should not by facial expression, nodding, or other conduct

28  exhibit any opinion, adverse or favorable, concerning any testimony being given

1    by a witness. Counsel should admonish counsel's own clients and witnesses to

2    avoid such conduct.

3      8. Counsel should not talk to jurors at all, and should not talk to co-

4    counsel, opposing counsel, witnesses or clients where the conversation can be

5    overheard by jurors. Each counsel should admonish counsel's own clients and

6    witnesses to avoid such conduct.

7      9. Where a party has more than one lawyer, only one may conduct the

8    direct or cross-examination of a particular witness, or make objections as to that

9    witness.

10      D.    <u>PROMPTNESS OF COUNSEL AND WITNESSES</u>

11      1. The Court makes every effort to begin proceedings at the time set.

12    Promptness is expected from counsel and witnesses. Once counsel are engaged in

13    trial, this trial is counsel's first priority. The Court will not delay the trial or

14    inconvenience jurors except under extraordinary circumstances. The Court will

15    advise other courts that counsel are engaged in trial in this Court on request.

16      2. If a witness was on the stand at a recess, counsel must have the witness

17    back on the stand, ready to proceed, when the court session resumes.

18      3. If a witness was on the stand at adjournment, counsel must have the

19    witness adjacent to, but not on the stand, ready to proceed when the court session

20    resumes.

21      4. Counsel must notify the CRD in advance if any witness should be

22    accommodated based on a disability or for other reasons.

23      5. No presenting party may be without witnesses. If counsel has no more

24    witnesses to call and there is more than a brief delay, the Court may deem that

25    party to have rested.

26      6. The Court attempts to cooperate with professional witnesses and will,

27    except in extraordinary circumstances, accommodate them by permitting them to

28    be called out of sequence. Counsel must anticipate any such possibility and

1   discuss it with opposing counsel. If there is an objection, counsel must confer

2   with the Court in advance.

3      E.    <u>EXHIBITS</u>

4      1. Each counsel should keep counsel's own list of exhibits and should note

5   when each has been admitted into evidence.

6      2. Each counsel is responsible for any exhibits that counsel secures from

7   the CRD and must return them before leaving the courtroom at the end of the

8   session.

9      3. An exhibit not previously marked should, at the time of its first mention,

10   be accompanied by a request that the CRD mark it for identification. To save

11   time, counsel must show a new exhibit to opposing counsel before it is mentioned

12   in Court.

13      4. Whenever in counsel's opinion a particular exhibit is admissible, it

14   should be moved into evidence, unless tactical or other considerations dictate

15   otherwise.

16      5. Counsel are to advise the CRD of any agreements they have with

17   respect to the proposed exhibits and as to those exhibits that may be received so

18   that no further motion to admit need be made.

19      6. When referring to an exhibit, counsel should refer to its exhibit number

20   whenever possible. Witnesses should be asked to do the same.

21      7. Counsel must not ask witnesses to draw charts or diagrams nor ask the

22   Court's permission for a witness to do so. If counsel wishes to question a witness

23   in connection with graphic aids, the material must be fully prepared before the

24   court session starts.

25      F.    <u>DEPOSITIONS</u>

26      1. All depositions to be used at trial, either as evidence or for

27   impeachment, must be signed and lodged with the CRD on the first day of trial or

28   such earlier date as the Court may order. Counsel should verify with the CRD

revised 12-6-06         - 13 -

1   that the relevant deposition is in the CRD's possession and is properly signed.

2      2. In using depositions of an adverse party for impeachment, either one of

3   the following procedures may be adopted:

4         (a) If counsel wishes to read the questions and answers as alleged

5   impeachment and ask the witness no further questions on that subject, counsel

6   shall first state the page and line where the reading begins and the page and line

7   where the reading ends, and allow time for any objection.  Counsel may then read

8   the portions of the deposition into the record.

9         (b) If counsel wishes to ask the witness further questions on the

10  subject matter, the deposition is placed in front of the witness and the witness is

11  told to read silently the pages and lines involved.  Then counsel may either ask

12  the witness further questions on the matter and thereafter read the quotations, or

13  read the quotations and thereafter ask further questions.  Counsel should have an

14  extra copy of the deposition for this purpose.

15     3. Where a witness is absent and the witness's testimony is offered by

16  deposition, counsel may (a) have a reader occupy the witness chair and read the

17  testimony of the witness while the examining lawyer asks the questions, or (b)

18  have counsel read both the questions and answers.

19     G.    USING NUMEROUS ANSWERS TO INTERROGATORIES AND

20           REQUESTS FOR ADMISSIONS

21     Whenever counsel expects to offer a group of answers to interrogatories or

22  requests for admissions extracted from one or more lengthy documents, counsel

23  should prepare a new document listing each question and answer, and identifying

24  the document from which it has been extracted.  Copies of this new document

25  should be given to the Court and opposing counsel.  This procedure is intended to

26  save time.

27     H.    ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

28     If any counsel has reason to anticipate that a difficult question of law or

1  evidence will necessitate legal argument requiring research or briefing, counsel

2  must give the Court advance notice.  Counsel are directed to notify the CRD at

3  the day's adjournment if an unexpected legal issue arises that could not have been

4  foreseen and addressed by a motion *in limine*.  See Fed. R. Evid. 103.  Counsel

5  must also advise the CRD at the end of each trial day of any issues that must be

6  addressed outside the presence of the jury, so that there is no interruption of the

7  trial.  THE COURT WILL NOT KEEP JURORS WAITING.

8

9

10  *N.B.*  **"COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES**

11  **APPEARING *IN PROPRIA PERSONA*.**

12

13  IT IS SO ORDERED.

14

15

16  DATED: 4-11-07

17                                                          Dale S. Fischer
                                                   United States District Judge

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

)   CASE NO.  CV        DSF(   x)
)
)
)
Plaintiff(s),     )
)   *EXHIBIT LIST*
vs.                 )
)
)   *SAMPLE FORMAT*
)
Defendant(s).   )
_____ )

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---------|-------------|------------|----------|
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |

CASE: _____

FINAL JOINT TRIAL WITNESS ESTIMATE FORM

TRIAL DATE: _____

| | WITNESS NAME | PARTY CALLING<br>WITNESS AND ESTIMATE | X-EXAMINER'S<br>ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |
| TOTAL ESTIMATES THIS PAGE: | | | | | |

Instructions:

(1) List witnesses (last name first), (2) For description, be extremely brief, e.g. "eyewitness to accident" or "expert on standard of care," (3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour, e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column, e.g. "Needs interpreter," (5)

Entries may be in handwriting if very neat and legible.

SCANNED



Global Site Selector    Search [green button]

**Deloitte.**    **United States**

About    Issues    Services    Industries    Insights    Centers    Events    Press    Alumni    Careers    Contact

Global > United States > Contact Us > Office/Phone Locator

## Office/Phone Locator

With offices in more than 80 U.S. cities, our assurance and advisory, tax and management consulting professionals are well within reach. To find an **office address**, **phone** or **fax** number, select a U.S. state from the box below.

Please select a state:    California

### Foster City - Consulting
Map
950 Tower Lane
Suite 1500
Foster City, California 94404
UNITED STATES
Phone Number: 650-574-0223
Fax Number: 650-574-7196

### Foster City - Deployment Center
Map
950 Tower Lane
Suite 130
Foster City, California 94404
UNITED STATES
Phone Number: 650-372-4744
Fax Number: 650-574-7505

### Fresno
Map
5250 N. Palm Ave.
Suite 300
Fresno, California 93704
UNITED STATES
Phone Number: 559-449-6300
Fax Number: 559-431-5244

### Los Angeles
Map
Two California Plaza
350 S. Grand Ave.
Suite 200
Los Angeles, California 90071-3462
UNITED STATES
Phone Number: 213-688-0800
Fax Number: 213-688-0100

### Oakland
Map
1111 Broadway
Suite 2100
Oakland, California 94607-4036
UNITED STATES
Phone Number: 510-287-2700
Fax Number: 510-835-4888

### Orange County
Map
695 Town Center Drive
Suite 1200
Costa Mesa, California 92626-1979
UNITED STATES
Phone Number: 714-436-7100
Fax Number: 714-436-7200

### Sacramento - Prospect Park
Map
2868 Prospect Park Drive
Suite 400
Rancho Cordova, California 95670
UNITED STATES
Phone Number: 916-288-3100
Fax Number: 916-288-3131

### San Diego
Map
701 "B" Street
Suite 1900
San Diego, California 92101-8198
UNITED STATES
Phone Number: 619-232-6500



Fax Number: 619-237-1755

**San Francisco**
Map
50 Fremont St.
Suite 3100
San Francisco, California 94105-2230
UNITED STATES
Phone Number: 415-783-4000
Fax Number: 415-783-4329

**San Jose**
Map
225 W. Santa Clara St.
San Jose, California 95113
UNITED STATES
Phone Number: 408-704-4000
Fax Number: 408-704-3083

Security | Legal | Privacy

**Audit. Tax. Consulting. Financial Advisory.**

Copyright © 2008 Deloitte Development LLC. All rights reserved. About Deloitte US.

Deloitte RSS Feeds | What's RSS?    Bookmark ...

Member of
**Deloitte Touche Tohmatsu**

# NYS Department of State

## Division of Corporations

## Entity Information

---

Selected Entity Name: DELOITTE & TOUCHE LLP

Selected Entity Status Information

**Current Entity Name:** DELOITTE & TOUCHE LLP
**Initial DOS Filing Date:** MAY 06, 1997
**County:**
**Jurisdiction:** DELAWARE
**Entity Type:** FOREIGN REGISTERED LIMITED LIABILITY PARTNERSHIP
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207

**Principal Executive Office**

DELOITTE & TOUCHE LLP
1633 BROADWAY
NEW YORK, NEW YORK, 10019

**Registered Agent**

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page     NYS Department of State Home Page

# NYS Department of State

## Division of Corporations

## Entity Information

---

Selected Entity Name: DELOITTE TAX LLP

Selected Entity Status Information

**Current Entity Name:** DELOITTE TAX LLP
**Initial DOS Filing Date:** JUNE 11, 2003
**County:**
**Jurisdiction:**       DELAWARE
**Entity Type:**        FOREIGN REGISTERED LIMITED LIABILITY PARTNERSHIP
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

DELOITTE TAX LLP
ATTN: LEGAL DEPARTMENT
1633 BROADWAY
NEW YORK, NEW YORK, 10019

**Principal Executive Office**

DELOITTE TAX LLP
1633 BROADWAY
NEW YORK, NEW YORK, 10019

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results                          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

1   SEYFARTH SHAW LLP
    Kenneth D. Sulzer (State Bar No. 120253)
2   Andrew M. Paley (State Bar No. 149699)
    Sheryl L. Skibbe (State Bar No. 199441)
3   Regina A. Musolino (State Bar No. 198872)
    2029 Century Park East, Suite 3300
4   Los Angeles, California 90067-3063
    Telephone: (310) 277-7200
5   Facsimile: (310) 201-5219
    Email:  ksulzer@seyfarth.com; apaley@seyfarth.com
6           sskibbe@seyfarth.com; rmusolino@seyfarth.com

7   Attorneys for Defendants
    DELOITTE & TOUCHE (ICS) LLC and DELOITTE TAX LLP
8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11  STEPAN MEKHITARIAN, an          )   Case No.   CV 07-0412 DSF  (MANx)
    individual, on behalf of all others  )
12  similarly situated,             )   NOTICE OF REMOVAL;
                                     )   DECLARATIONS OF EDITH
13              Plaintiff,           )   GARWOOD, BARBARA
                                     )   NEWMAN AND SHERYL L.
14       v.                         )   SKIBBE
                                     )
15  DELOITTE & TOUCHE (ICS), LLC, a  )   [CLASS ACTION FAIRNESS ACT
    Delaware Limited Liability Company;  )   OF 2005]
16  and DELOITTE TAX, LLP, a Delaware  )
    Limited Liability Partnership; and DOES  )
17  1 THROUGH 50, inclusive,        )
                                     )
18              Defendants.          )
                                     )
19  ─────────────────────────────────

20       TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

21  DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF

22  RECORD:

23       PLEASE TAKE NOTICE that defendant Deloitte Tax LLP ("Deloitte Tax"

24  or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. sections 1441

25  and 1446, asserting original federal jurisdiction under 28 U.S.C. section

26  1332(d)(2), to effect the removal of the above-captioned action, which was

27  originally commenced in the Superior Court of the State of California in and for

28  the County of Los Angeles.  This Court has original jurisdiction over the action

                                     1

LA1 6616112.3

1  pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following

2  reasons:

### BACKGROUND

4      1.     On or about December 13, 2006, STEPAN MEKHITARIAN

5  ("Plaintiff") filed a class action complaint against Deloitte & Touche (ICS) LLC,

6  and Deloitte Tax LLP, alleging claims for failure to pay overtime wages, failure to

7  pay waiting time penalties, and unfair competition on behalf of the putative class

8  of employees and former employees in the positions of Tax Senior and Tax

9  Associate (the "Complaint"). A true and correct copy of the Complaint is attached

10  hereto as Exhibit A.

### TIMELINESS OF REMOVAL

12      2.     The Complaint was served upon Defendant on December 18, 2006.

13  Sheryl L. Skibbe Declaration ("Skibbe Decl.") ¶ 2, Exhibit A. This Notice of

14  Removal is timely as it is filed within thirty days of the date the Complaint was

15  served upon Defendant. 28 U.S.C. § 1446(b). Defendants Deloitte Tax LLP and

16  Deloitte & Touche (ICS) LLC answered the Complaint in the state court on

17  January 17, 2007. Skibbe Decl. ¶ 3. A true and correct copy of the Answer is

18  attached hereto as Exhibit "B.

### ORIGINAL JURISDICTION—CLASS ACTION FAIRNESS ACT

20      3.     This Court has original jurisdiction of this action under CAFA,

21  codified in pertinent part at 28 U.S.C. § 1332(d)(2). As set forth below, this action

22  is properly removable, pursuant to 28 U.S.C. § 1441(a), in that the district court

23  has original jurisdiction over the action, because the aggregated amount in

24  controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a

25  class action in which at least one class member is a citizen of a state different from

26  that of Defendant. 28 U.S.C. §§ 1332(d)(2) & (d)(6). Furthermore, the number of

27  putative class members is greater than 100. 28 U.S.C. § 1332 (d)(5)(B).

28

LA1 6616112.3

**Diverse Citizenship of the Parties**

4.    **Plaintiff's Citizenship.** Defendant is informed and believes, and on that basis alleges, that Plaintiff is currently a resident of either the State of California or the State of Massachusetts. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the U.S., and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Defendant is informed and believes, and on that basis alleges, that Plaintiff was domiciled in California while he worked in Los Angeles County, as alleged in the Complaint, and, therefore, Plaintiff is, or was at the institution of this civil action, a citizen of California. *See* Ex. A, ¶¶ 1 & 3. Defendant is informed and believed that Plaintiff is currently residing in Massachusetts.

5.    **Defendant's Citizenship.** Pursuant to 28 U.S.C. section 1332(d)(10), "For purposes of this subsection and section 1453 [28 USCS § 1453], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Defendant is now, and at all times since this action commenced has been, a limited liability partnership organized under the laws of the state of Delaware. Barbara Newman Declaration ("Newman Decl.") ¶ 3. Additionally, Defendant's principal place of business is located in New York, New York. Newman Decl. ¶ 4.

6.    The principal place of business is determined by using one of two tests. The "place of operations" test examines which state "contains a substantial predominance of corporate operations." *Industrial Tectonics, Inc. v. Aero Alley*, 912 F.2d 1090, 1092 (9th Cir. 1990). Courts in the Ninth Circuit analyze "a number of factors to determine if a given state contains a substantial predominance of corporate activity, including the location of employees, tangible property, production activities, sources of income, and where sales take place." *Tosco Corp.*

3

1  *v. Comm. For a Better Environment*, 236 F.3d 495, 500 (9th Cir. 2001). Another

2  relevant factor is the location of the defendant's executive and administrative

3  functions. *Arellano v. Home Depot U.S.A.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal.

4  2003).

5      7.    The second test, the "nerve center test," locates a company's

6  "principal place of business in the state where the majority of its executive and

7  administrative functions are performed." *Tosco Corp.*, 236 F.3d at 500 (citing

8  *Industrial Tectonics*, 912 F.2d at 1092-93). The Ninth Circuit "applies the place of

9  operations test unless the [company's] activities do not substantially predominate

10  in any one state." *Tosco Corp.*, 236 F. 3d at 500. Where there is no substantial

11  predominance of operations in any one state, the nerve center test applies: "This

12  test is generally utilized when a corporation's activities are far flung and operations

13  are conducted in many states." *Arellano*, 245 F. Supp. 2d at 1106.

14      8.    Defendant's activities are widely dispersed throughout the United

15  States. However, the company's "National Office," for purposes of performing

16  executive functions, is located in New York. Newman Decl., ¶ 5.

17      9.    Because Defendant's business operations do not substantially

18  predominate in any one state, the "nerve center test" is the applicable test to

19  determine the company's principal place of business. Some relevant

20  considerations under this test include where the directors and owners meet and

21  live, where the executives live and work, where the administrative and financial

22  offices and records are located, where the "home office" is located, where policy

23  decisions are made, and where day-to-day control of the business is exercised. *See*

24  *Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (ND Cal. 1964). In

25  Defendant's case, its "National Office" is located in New York. Newman Decl., ¶

26  5. Defendant's executive operations are managed from this location. Newman

27  Decl., ¶ 5.

28

4

1        10.    From its National Office in New York, New York, Defendant

2    conducts such executive operations, including but not limited to, those relating to

3    firm-wide policies and procedures, legal affairs, and general operations of its tax

4    practice. Newman Decl., ¶ 7.  Defendant's Chief Executive Officer maintains his

5    office in New York.  Newman Decl., ¶ 6.

6        11.    Defendant's principal place of business is located in New York, New

7    York.  As a result, Defendant is not now, and was not at the time of the filing of

8    the Complaint, a citizen of either the state of California or the State of

9    Massachusetts within the meaning of the Acts of Congress relating to the removal

10    of cases.

11                             **Amount in Controversy**

12        12.    The claims of the individual members in a class action are aggregated

13    to determine if the amount in controversy exceeds the sum or value of $5,000,000.

14    28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to

15    be appropriate under CAFA "if the value of the matter in litigation exceeds

16    $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the

17    defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive

18    relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14,

19    at 49.  Moreover, the Senate Judiciary Committee's Report on the final version of

20    CAFA makes clear that any doubts regarding the maintenance of interstate class

21    actions in state or federal court should be resolved in favor of federal jurisdiction.

22    S. REP. 109-14, at 49("[I]f a federal court is uncertain about whether 'all matters

23    in controversy' in a purported class action 'do not in the aggregate exceed the sum

24    or value of $5,000,000,' the court should err in favor of exercising jurisdiction over

25    the case . . . .  Overall, new section 1332(d) is intended to expand substantially

26    federal court jurisdiction over class actions.  Its provisions should be read broadly,

27    with a strong preference that interstate class actions should be heard in a federal

28    court if properly removed by any defendant.").

1    13.    The alleged amount in controversy in this class action, in the

2    aggregate, exceeds $5,000,000. The Complaint alleges that the putative class

3    consists of "all persons who were employed in California by Defendants as Tax

4    Associates [and Tax Seniors] during the relevant statutory period, who were paid

5    on a salaried basis and worked in excess of eight (8) hours per day and/or in excess

6    of forty (40) hours in one or more workweeks...." Ex. A, ¶¶ 4(a) & (b).  Plaintiff

7    further alleges each putative class member is owed "overtime wages in an amount

8    in excess of $25,000...." Ex. A, ¶¶ 16 & 22. Defendant employed more than 200

9    employees as either Tax Associates or Tax Seniors within the state of California

10   during the relevant time period. Edith Garwood Declaration, ¶ 3. As such, the

11   amount of overtime wages in controversy as alleged in the Complaint is at least

12   $5,000,000, the minimum requirement. In addition, Plaintiff has asserted class

13   claims for waiting time penalties under California Labor Code section 203 and

14   damages for unfair competition, which may further increase the amounts in

15   controversy. Plaintiff also seeks attorneys' fees.

16   14.    Because diversity of citizenship exists, Plaintiff, being a citizen of

17   either the State of California or the State of Massachusetts (and other putative class

18   members presumably being citizens of the state of California), and the Defendant

19   being a citizen of Delaware, with its principal place of business in the State of New

20   York, and because the amount in controversy exceeds $5,000,000, this Court has

21   original jurisdiction of this action pursuant to 28 U.S.C. § 1332(d)(2). This action

22   is therefore a proper one for removal to this Court pursuant to 28 U.S.C. § 1441(a).

### VENUE

24   15.    Venue lies in the Central District of this Court pursuant to 28 U.S.C.

25   sections 1441, 1446(a) and 84(c)(2). This action originally was brought in the

26   Superior Court of the State of California, County of Los Angeles. *See* Ex. A, ¶ 2.

27

28

6

1

### NOTICE OF REMOVAL

2      16.    This Notice of Removal will be promptly served on Plaintiff and filed

3 with the Clerk of the Superior Court of the State of California in and for the

4 County of Los Angeles.

5      17.    In compliance with 28 U.S.C. section 1446(a), true and correct copies

6 of all "process, pleadings, and orders" are attached hereto as Exhibits A and B.

7      WHEREFORE, Defendant requests that the above action pending before the

8 Superior Court of the State of California for the County of Los Angeles be

9 removed to the United States District Court for the Central District of California,

10 Western Division.

11 DATED:   January 17, 2007         SEYFARTH SHAW LLP

12

13                       By _____

14                          Sheryl L. Skibbe
                            Attorneys for Defendant

15                            DELOITTE TAX LLP

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

## DECLARATION OF EDITH GARWOOD

3    I, Edith Garwood, declare as follows:

4        1.    I am a Deputy Controller – Director, U.S. Firms' Payroll for Deloitte

5    Services LP.  Deloitte Services LP contracts with defendant Deloitte Tax LLP

6    ("Deloitte Tax") to provide payroll services, and I have been employed in that

7    specific position since August, 2005, and have been the head of payroll services

8    since March, 1994.   I have personal knowledge of the matters stated herein, based

9    on Deloitte Tax's business records as set forth below, and if called and sworn as a

10   witness, I could and would competently testify as set forth herein.

11       2.    For purposes of making this declaration, Deloitte Tax requested that I

12   obtain information and review business records concerning Deloitte Tax's

13   operating activities within the State of California.  As part of obtaining this

14   information, I consulted such business records which included Deloitte Tax's

15   payroll database of its employees.  Accessing such information is a part of my

16   ordinary duties as Deputy Controller – Director, U.S. Firms' Payroll.  The

17   information I compiled (as set forth in this declaration, below) was taken from

18   records of acts or events made at or near the time by, or from information

19   transmitted by, a person with personal knowledge, and such records were and are

20   made and maintained in Deloitte Service LP's regular practice and in the course of

21   Deloitte Service LP's regularly conducted business activity.  As Deputy Controller

22   – Director, U.S. Firms' Payroll for Deloitte Services LP, I am one of the custodians

23   of such records and information that pertain to the payroll for Deloitte Tax.

24       3.    As of December 13, 2006, Deloitte Tax employed more than 200

25   individuals in the positions described in Plaintiff Stepan Mekhitarian's Complaint

26   pertaining to the alleged putative class members, within the State of California.

27

28

DECLARATION OF EDITH GARWOOD

LA1 6616384.2

1    I declare under penalty of perjury under the laws of the United States of

2  America and the State of California that the foregoing is true and correct and that

3  this Declaration was executed this 16th day of January 2007, in Hermitage,

4  Tennessee.

5                          *Edith Garwood*

6                          Edith Garwood

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF BARBARA NEWMAN

I, Barbara Newman, declare as follows:

1.     I am Partner In Charge - Partners Financial Services and U.S. Firm's Taxes for Deloitte & Touche USA LLP and I have been in that position since June 1, 2003. Defendant Deloitte Tax LLP ("Deloitte Tax") is a subsidiary of Deloitte & Touche USA LLP. In my position, I am familiar with and have personal knowledge of Deloitte Tax's organization as a limited liability partnership and its general business affairs. As such, I have personal knowledge of the matters stated herein and if called and sworn as a witness, I could and would competently testify as set forth herein.

2.     In addition to having personal knowledge, as part of my normal business responsibilities, of Deloitte Tax's organization as a limited liability partnership, I also have obtained information and reviewed business records concerning the organization of Deloitte Tax and the operations of that entity. The information compiled (as set forth in this declaration, below) is based on my personal knowledge as well as the records maintained in Deloitte Tax's regular practice and in the course of Deloitte Tax's regularly conducted business activity. As Partner In Charge - Partners Financial Services and U.S. Firm's Taxes at Deloitte & Touche USA LLP, I am one of the custodians of such records and information that pertain to the business operations of Deloitte Tax.

3.     Deloitte Tax LLP is a limited liability partnership organized under the laws of the State of Delaware and was so organized as of December 13, 2006.

4.     Deloitte Tax's principal place of business is located in the State of New York.

LA1 6616381.1 / 99999-000510

1      5.      Deloitte Tax maintains its National Office at 1633 Broadway, New

2  York, New York, 10019-6754.  Deloitte Tax's executive operations are managed

3  from this location.

4      6.      Deloitte Tax's Chief Executive Officer maintains his offices at 1633

5  Broadway, New York, New York, 10019-6754.

6      7.      From its National Office in New York, New York, Deloitte Tax

7  conducts such executive operations, including but not limited to, those relating to

8  firm-wide policies and procedures, legal affairs, and general operations of its tax

9  practice.

10      I declare under penalty of perjury under the laws of the United States of

11  America and the State of California that the foregoing is true and correct and that

12  this Declaration was executed this 17th day of January 2007, at Hermitage,

13  Tennessee.

14

15                                          Barbara Newman

16

17

18

19

20

21

22

23

24

25

26

27

28                                  2

                                                                    0011

**DECLARATION OF BARBARA NEWMAN**

LA1 6616381.1 / 99999-000510

## DECLARATION OF SHERYL L. SKIBBE

I, Sheryl L. Skibbe, declare as follows:

1.    I am an attorney with Seyfarth Shaw LLP, attorneys of record for Defendant Deloitte Tax LLP in this action.  I make this declaration on the basis of my own, first-hand knowledge and, if called upon to do so, could and would testify to the following facts:

2.    Attached as Exhibit "A" is a true and correct true and correct copy of the Complaint filed in this action in the Superior Court for the State of California, County of Los Angeles on or about December 15, 2006.  Deloitte Tax LLP accepted service on December 18, 2006.

3.    Attached as Exhibit "B" is a true and correct true and correct copy of the Answer filed in this action in the Superior Court for the State of California, County of Los Angeles on or about January 17, 2007.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed in Los Angeles, California on January 17, 2007.

Sheryl L. Skibbe

12

**CT** CORPORATION
A Wolters Kluwer Company

**Service of Process
Transmittal**
12/18/2006
Log Number 511738103

TO:    Barbara Newman
       ICS Deloitte
       4022 Sells Drive
       Hermintage, TN, 37076-

RE:    **Process Served in California**

FOR:   Deloitte & Touche (ICS) L.L.C. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Stepan Mekhitarian, an individual, on behalf of all others similarly situated, Pltf. vs. Deloitte & Touche (ICS), LLC, etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Addendum, Notice, Attachment(s), Stipulation Form, Class Action Complaint |
| **COURT/AGENCY:** | Los Angeles County, Los Angeles, Superior Court of California, CA Case # BC363334 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to Pay Overtime Compensation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Walnut Creek, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/18/2006 at 14:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Armond Marcarian Law Offices of Armond Marcarian 15260 Ventura Boulevard Penthouse Suite 2250 Sherman Oaks, CA, 91403 818-995-8787 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798067879840 |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Dianne Christman 818 West Seventh Street Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

EXHIBIT A

0013

**SUMMONS**

**SUM-100**

*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DELOITTE & TOUCHE (ICS), LLC, a Delaware Limited
Liability Company; and DELOITTE TAX, LLP, a Delaware
Limited Liability Partnership; and DOES 1 through 50
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STEPAN MEKHITARIAN, an individual, and on behalf of
others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 13 2006

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
D. Giles

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>111 N. Hill Street<br>Los Angeles, CA 90012<br>Central | CASE NUMBER: *(Número del Caso):*<br>BC363334 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Armond Marcarian, Esq.    (818)995-8787    (818)995-8817
Law Offices of Armond Marcarian
15260 Ventura Boulevard
Sherman Oaks, CA 91403

DATE: DEC 13 2006    John A. Clarke    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    DERKIAN GILES    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* DELOITTE + TOUCHE (ICS) LLC A DELAWARE LIMITED LIABILITY COMPANY

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [X] by personal delivery on *(date):*

[SEAL]
DEC 13 2006

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**


Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A**

0014

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Armond Marcarian, Esq.
Law Offices of Armond Marcarian
15260 Ventura Boulevard
Penthouse Suite 2250
Sherman Oaks, CA 91403

TELEPHONE NO: (818)995-8787     FAX NO: (818)995-8817
ATTORNEY FOR *(Name)*: Plaintiff

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 13 2006

John A. Clarke, Executive Officer/Clerk
By_____ Deputy
D. Giles

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME: Stepan Mekhitarian v. Deloitte & Touche (ICS), LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC565554 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter  □ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Asbestos (04)
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
□ Business tort/unfair business practice (07)
□ Civil rights (08)
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
□ Professional negligence (25)
□ Other non-PI/PD/WD tort (35)

**Employment**
□ Wrongful termination (36)
[x] Other employment (15)

**Contract**
□ Breach of contract/warranty (06)
□ Collections (09)
□ Insurance coverage (18)
□ Other contract (37)

**Real Property**
□ Eminent domain/Inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)

**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)

**Judicial Review**
□ Asset forfeiture (05)
□ Petition re: arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
□ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition *(not specified above)* (43)

2. This case □ is [x] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. □ Large number of separately represented parties   d. □ Large number of witnesses
   b. □ Extensive motion practice raising difficult or novel   e. □ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve.   in other counties, states, or countries, or in a federal court
   c. □ Substantial amount of documentary evidence   f. □ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. □ punitive

4. Number of causes of action *(specify)*:

5. This case [x] is □ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015).*

Date: December 11, 2006

Armond Marcarian, Esq.
_____
(TYPE OR PRINT NAME)

▶ *(signature)* Armond Marcarian
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal
Solutions

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

EXHIBIT A

| SHORT TITLE: STEPAN MEKHITARIAN v. DELOITTE & TOUCHE | CASE NUMBER: BC363334 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [X] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 5-6 [ ] HOURS/ [X] DAYS.

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Damage/Wrongful Death Tort** | | |
| Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Property Tort** | | |
| Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |
| Intellectual Property (19) | [ ] A6016  Intellectual Property | 2., 3. |

CIV 109 03-04 (DRAFT Rev. 01/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

EXHIBIT A

SHORT TITLE: STEPAN MEKHITARIAN v. DELOITTE & TOUCHE    CASE NUMBER

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Professional Negligence (25) | ☐ | A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ | A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ | A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ | A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☒ | A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ | A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ | A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ | A6008  Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ | A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ | A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ | A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ | A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ | A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ | A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ | A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ | A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ | A7300  Eminent Domain/Condemnation  Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ | A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ | A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ | A6032  Quiet Title | 2., 6. |
| | ☐ | A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer - Commercial (31) | ☐ | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ | A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ | A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin (top to bottom): Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.) — Employment — Contract — Real Property

CIV 109 03-04 (DRAFT Rev. 01/06)    **CIVIL CASE COVER SHEET ADDENDUM**    LASC, rule 2.0
LASC Approved    **AND STATEMENT OF LOCATION**    Page 2 of 4

EXHIBIT A    0017

SHORT TITLE: STEPAN MEKH ARIAN v. DELOITTE & TOUCHE    CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (Cont'd.)**<br><br>Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8. |
| Partnership/Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

IV 109 03-04 (DRAFT Rev. 01/06)
ISC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

EXHIBIT A

0018

| SHORT TITLE: STEPAN MEKHITARIAN v. DELOITTE & TOUCHE | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 350 S. GRAND, SUITE 200 |

| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90071 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES SUPERIOR COUNTY    courthouse in the CENTRAL                  District of the Los Angeles Superior Court (Code of Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: DECEMBER 11, 2006

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form CIV 109, 03-04 (use latest revision)

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 03-04 (DRAFT Rev. 01/06)
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

EXHIBIT A

## NOTICE OF CASE ASSIGNMENT
## LOS ANGELES SUPERIOR COURT

CASE NUMBER _____    BC363334

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. William Highberger | 32 | 406 | |
| Hon. Alice E. Altoon | 28 | 318 | | Hon. Ernest Hiroshige | 54 | 512 | |
| Hon. Conrad Aragon | 49 | 509 | | Hon. Jane Johnson | 56 | 514 | |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Tricia Ann Bigelow | 23 | 315 | | Hon. Jon M. Mayeda | 72 | 731 | |
| Hon. Soussan Bruguera | 71 | 729 | | Hon. Rita Miller | 16 | 306 | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. David L. Minning | 61 | 632 | |
| Hon. James C. Chalfant | 13 | 630 | | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Victoria Chaney | 324 | CCW | | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Judith C. Chirlin | 89 | 532 | | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Victor H. Person | 39 | 415 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Mel Recana | 45 | 529 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Andria K. Richey | 31 | 407 | |
| Hon. Lee Edmon | 68 | 617 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. William F. Fahey | 78 | 730 | | Hon. James E. Satt | 40 | 414 | |
| Hon. Irving Feffer | 51 | 511 | | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Haley J. Fromholz | 20 | 310 | | Hon. Mary Thornton House | 17 | 313 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Terry Green | 14 | 300 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | | | 19 | 311 | |
| Hon. Paul Gutman | 34 | 408 | | Hon. George Wu | 33 | 409 | |
| Hon. Robert L. Hess | 24 | 314 | | | 35 | 411 | |
| | 3 | 224 | | OTHER | | | |

en to Plaintiff of record on _____

John A. Clarke, Executive Officer/Clerk

_____, DEPUTY
CLERK

sed 01/01/05
y Documents\Judge Assignments.wpd

EXHIBIT A

0020



*from the*
### LOS ANGELES SUPERIOR COURT
### ADR DEPARTMENT

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice

- real estate
- trade secrets
- unfair competition

## *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

♦ **ENE can reduce litigation time and costs and promote settlement.**

♦ ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

♦ **ENE is voluntary and confidential.**

♦ The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

♦ **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at <u>www.lasuperiorcourt.org/adr</u>*

05/11/06

Page 1 of 2

EXHIBIT A

0021

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- ## Chatsworth
- ## Pomona
- ## Santa Monica
- ## Van Nuys
- ## Stanley Mosk (Departments listed below only.)

        Department 15

        Department 16

        Department 28

        Department 30

        Department 31

        Department 32

        Department 38

        Department 42

        Department 47

        Department 50

        Department 52

        Department 55

        Department 56

        Department 68

        Department 71

        Department 89

05/11/06

EXHIBIT A

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NUMBER

*Reserved for Clerk's File Stamp*

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

### STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

CASE NUMBER:

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

R 001 10-04
SC Approved
ev. 03-06)

### STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 201.9
Page 1 of 2

EXHIBIT A

| Short Title | | Case Number |
|---|---|---|
| | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | |

DR 001 10-04
SC Approved
ev. 03-06)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 201.9
Page 2 of 2

EXHIBIT A                                           0024

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

---

## THIS IS A TWO-SIDED DOCUMENT.

EXHIBIT A

## What is the goal of mediation?

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

## Do I need an attorney for this?

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

## How long does it take?

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ♦ Have productive discussions<br>♦ Avoid or break impasses<br>♦ Defuse controversy<br>♦ Generate options that have potential for mutual gain<br>♦ Better understand each other's concerns and goals<br>♦ Focus on their interests rather than their positions | ♦ Provide advice or opinions<br>♦ Offer legal information<br>♦ Make decisions for parties<br>♦ Represent or advocate for either side<br>♦ Judge or evaluate anyone or anything<br>♦ Conduct research<br>♦ "Take Sides" |

### What does it cost?

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

### What is the difference between the contractors listed and the Superior Court ADR Office?

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

### Legal Advice/Information

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

Self-Help Legal Access Centers are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

Court Personnel can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

Low-income individuals may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

## THIS IS A TWO-SIDED DOCUMENT.

EXHIBIT A

## LOS ANGELES SUPERIOR COURT
## CIVIL ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS
[CRC 201.9(c) Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation, early neutral evaluation (ENE), and settlement conferences, are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

| | |
|---|---|
| **MEDIATION** | A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure sections 1775-1775.15, California Rules of Court, Rules 1620-1622 and 1630-1639, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, Chapter 12. |
| **ARBITRATION** | A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, Rules 1600-1618, and Los Angeles Superior Court Rules, Chapter 12. |
| **ENE** | A neutral third party called an "evaluator" will provide the parties and their counsel, on a voluntary basis and in a confidential session, the opportunity to make summary presentations of their claims and defenses, including key evidence. After hearing the presentations, the evaluator, who is an experienced lawyer with subject-matter expertise, offers a non-binding evaluation.

The evaluator will also help clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions, and, if requested by parties, settlement assistance. Although settlement is not the primary goal of ENE, the ENE process can reduce litigation time and costs and promote settlement.

The Court ENE Program is governed by Los Angeles Superior Court Rules, Chapter 12. |
| **SETTLEMENT CONFERENCE** | A neutral third party called a "settlement officer," who is also a retired judge, assists the parties in negotiating their own settlement and may evaluate the strengths and weaknesses of the case. |

### JURISDICTIONAL LIMITATIONS

| | |
|---|---|
| **MEDIATION, ARBITRATION & ENE** | Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation, arbitration, or ENE by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute. |
| **SETTLEMENT CONFERENCE** | Any case, regardless of the amount in dispute, may be ordered to a settlement conference. There is no monetary limit. |

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 03-06)

Page 1 of 2

EXHIBIT A

0027

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

## COURT ADR PANELS

| | |
|---|---|
| **PARTY PAY PANEL** | The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| **PRO BONO PANEL** | The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing. |
| **ENE** | The Court ENE Panel consists of experienced lawyers who have been trained to serve as neutral evaluators. The evaluators provide preparation time and three hours hearing time per case at no charge. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the evaluator if the parties consent in writing. |
| **PRIVATE NEUTRAL** | The market rate for private neutrals can range from $200-$1,000 per hour. |

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

EXHIBIT A

0028

1  WILLIEM E. HARRIS (SB 76706)
2  MATTHEW A. KAUFMAN (166986)
   HARRIS & KAUFMAN
3  15260 VENTURA BLVD. SUITE 2250
   SHERMAN OAKS, CALIFORNIA 91401
4  TELEPHONE: (818) 990-1966
5  FACSIMILE: (818) 990-1966

6  ARMOND MARCARIAN, ESQ. (SBN 213883)
   LAW OFFICES OF ARMOND MARCARIAN
7  15260 VENTURA BOULEVARD
8  PENTHOUSE SUITE 2250
   SHERMAN OAKS, CALIFORNIA 91403
9  TELEPHONE: (818)995-8787
   FACSIMILE: (818)995-8817
10 E-MAIL: Armond@Marcarianlaw.US

11
   Attorneys for Plaintiff Stepan Mekhitarian, and all individuals similarly situated
12
13         SUPERIOR COURT OF THE STATE OF CALIFORNIA

14     FOR THE COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION

15 STEPAN MEKHITARIAN, an individual, on )   Case No.: BC363334
   behalf of all others similarly situated,  )
16                                           )
17              Plaintiff,                   )
                                             )    CLASS ACTION
18         vs.                               )
                                             )    COMPLAINT FOR DAMAGES AND
19 DELOITTE & TOUCHE (ICS), LLC, a           )    INJUNCTIVE RELIEF
   Delaware Limited Liability Company; and   )
20 DELOITTE TAX, LLP, a Delaware Limited     )    1.  FAILURE TO PAY OVERTIME
   Liability Partnership; and DOES 1         )        COMPENSATION IN VIOLATION
21 THROUGH 50 inclusive,                     )        OF CALIFORNIA LABOR CODE §
                                             )        1194;
22              Defendants.                  )    2.  CLAIM FOR STATUTORY
23                                           )        WAITING TIME PENALTIES FOR
                                             )        FAILURE TO PAY WAGES
24                                           )        PURSUANT TO CALIFORNIA
                                             )        LABOR CODE §203; and
25                                           )    3.  UNLAWFUL BUSINESS
26                                           )        PRACTICES IN VIOLATION OF
                                             )        CALIFORNIA BUSINESS &
27                                           )        PROFESSIONS CODE §§17200, ET
                                             )        SEQ..
28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 13 2008

John A. Clarke, Executive Officer/Clerk
By_____Deputy
          D. Ciles

                           1
                       COMPLAINT

EXHIBIT A

0029

1    Plaintiff STEPAN MEKHITARIAN ("Plaintiff"), individually and on behalf of all other

2  similarly situated individuals, alleges as follows against the above-named defendants:

3                                              I.

4                          THE PARTIES AND VENUE

5     1.    **The Named Plaintiff.**      The Plaintiff is an individual over the age of 18

6  years.  Plaintiff was employed by the above-named defendants from on or about May 15, 2002

7  through on or about January 15, 2005, and held the positions of a Tax Associate, or as a Tax

8

9  Senior throughout his employment with defendants.

10    2.    **Defendants.**

11    (a)    Plaintiff is informed and believes and thereon alleges, that defendant DELOITTE

12  & TOUCHE (ICS), LLC, ("DELOITTE & TOUCHE") was, and is, a limited liability company

13
14  organized under the laws of the State of Delaware.

15    (b)    Plaintiff is informed and believes and thereon alleges, that defendant DELOITTE

16  TAX, LLP ("DELOITTE TAX") was, and is, a limited liability partnership organized under the

17  laws of the State of Delaware.

18    (c)    Hereinafter in the Complaint, unless otherwise specified, reference to

19  DELOITTE & TOUCHE, DELOITTE TAX, LLP, Defendant or Defendants shall refer to all

20  Defendants, including Does 1 through 50 and each of them.

21    (d)    Plaintiff is unaware of the true names and capacities of Defendants sued herein as

22  DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names.

23  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named

24  Defendants is responsible in some manner for, and proximately caused, the harm and damages

25  alleged herein below.  Plaintiff will file and serve an amendment to this Complaint alleging the

26  true names and capacities of said fictitiously named Defendants if and when such true names and

27  capacities become known to Plaintiff.

28

2

COMPLAINT

EXHIBIT A

1   (e)    Plaintiff is informed and believes and thereon alleges, that each of the Defendants
2   named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the
3   other Defendants named herein, and, in doing the acts and in carrying out the wrongful conduct
4   alleged herein, each of said Defendants acted within the scope of said relationship and with the
5   permission, consent and ratification of each of the other Defendants named herein.

6   (f)    At all times mentioned herein, one of the primary businesses of DELOITTE &
7   TOUCHE, DELOITTE TAX and Defendants DOES 1 through 50 was the provision of
8   accounting services for their clients, including but not limited to, preparation of tax returns and
9   other financial documents. Said business was open to the general public in numerous counties of
10  the State of California, including the County of Los Angeles.

11  3.    Venue.    Throughout his employment with Defendants, Plaintiff was
12  employed at Defendants' offices located at 350 S. Grand Ave., Ste. 200, Los Angeles, County of
13  Los Angeles, California 90071.
14

15                                    II.
                          CLASS ACTION ALLEGATIONS
16

17  4.    Plaintiff brings this action, pursuant to California Code of Civil Procedure section
18  382, against all Defendants on his behalf and all persons similarly situated in the State of
19
20  California. The classes that Plaintiff represents are comprised of:

21  (a) all persons who were employed in California by Defendants as Tax Associates during
22  the relevant statutory period, who were paid on a salaried basis and worked in excess of eight (8)
23  hours per day and/or in excess of forty (40) hours in one or more workweeks; and
24
25  (b) all persons who were employed in California by Defendants as Tax Seniors during the
26  relevant statutory period, who were paid on a salaried basis and who worked in excess of eight
27  (8) hours per day and/or in excess of forty (40) hours in one or more workweeks.
28

3

COMPLAINT

EXHIBIT A

5.      All members of the putative classes described above have had their rights under the California Labor Code, and California Business & Professions Code violated by Defendants' employment practices.

6.      **Ascertainable Class.**  The proposed plaintiff class described at Paragraph 4, above, is ascertainable.  Members of the plaintiff class can be readily identified from personnel files and computer databases maintained by Defendants and from payroll and other records maintained by the Defendants.  The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the class and hence will have a binding effect on all class members.  The class is numerous and joinder of all class members is impracticable due to both a reluctance of class members to sue their current or former employer and relatively small monetary recovery for each class member in comparison to the costs associated with separate litigation.

7.      **Community of Interest.**  The proposed class has a well-defined community of interest in the questions of fact and law to be litigated.  The common questions of law and fact are predominant with respect to the liability issues, relief issues and anticipated affirmative defenses.  The named plaintiff has claims typical of members of both classes.  The named plaintiff can fairly and adequately represent and protect the interests of the classes in that there is no conflict between his interests and the interests of other class members.  This action is not collusive, the named plaintiff and his counsel have the resources to litigate this action, and counsel have experience and ability required to prosecute this case as a class action.

8.      **Superiority of Class Adjudication.**  The certification of a class in this action is superior to the litigation of a multitude of cases by members of the putative class.  Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent

4

COMPLAINT

EXHIBIT A

1  rulings. Moreover, there are class members who are unlikely to join or bring an action due to,

2  among other reasons, their reluctance to sue their current employer and/or their inability to afford

3  a separate action. Finally, equity dictates that all persons who stand to benefit from the relief

4  sought herein should be subject to the lawsuit and hence subject to an order spreading the costs

5  of litigation among the class members in relationship to the benefits received.

6

7              DEFENDANTS' UNLAWFUL POLICIES AND PRACTICES

8      9.    Throughout the statutory periods alleged herein, Industrial Welfare Commission,

9  Wage Order No. 4-2001, "Professional, Technical, Clerical, Mechanical and Similar

10  Occupations", as amended, contained in Title 8 of the California Code of Regulations

11  (hereinafter "Wage Order"), applied to Plaintiff and to each class member in his or her

12  employment with Defendants.

13

14     10.   Throughout the statutory periods alleged herein, neither Plaintiff nor any other

15  person employed by Defendants in the State of California in the position of a Tax Associate or a

16  Tax Senior was exempt from the overtime provisions of California law. Defendants, however,

17  followed a policy and practice of classifying and treating their Tax Associates and their Tax

18  Seniors employed in California, including Plaintiff and the other class members similarly

19  situated, as "exempt" employees as that term is defined in the Wage Order, despite the fact that

20  Defendants failed to employ Plaintiff and the class members primarily in an administrative,

21  executive or professional capacity as those terms are defined by the Wage Order.

22

23     11.   Throughout the statutory periods alleged herein, Defendants required their Tax

24  Associates and Tax Seniors employed in California, as a condition of maintaining their

25  employment with Defendants, to regularly work numerous overtime hours in excess of eight (8)

26  hours per day and/or forty (40) hours per week. Although Defendants should have compensated

27  said Tax Associates and Tax Seniors at the rate of one and one-half (1½) times their regular

28

5

COMPLAINT

EXHIBIT A

0033

1   hourly wage for all hours worked in excess of eight (8) hours per workday or forty (40) hours per

2   workweek and double their regular hourly wage for all hours worked in excess of twelve (12)

3   hours per workday or in excess of eight (8) hours on the seventh workday of the week during the

4   alleged statutory periods, they were instead compensated by a straight annual salary, regardless

5

6   of the number of hours worked.

### III.
### FIRST CAUSE OF ACTION
(Class Action Against All Defendants by Plaintiff, on Behalf of All Other Tax Associates
Similarly Situated, For Failure to Pay Overtime Wages)

10      12.      Plaintiff incorporates by reference each and every allegation set forth in

11   paragraphs 1 through 11, as if set forth in full herein.

12      13.      At all relevant times herein, California Labor Code section 1194 and the Wage

13   Order applied to Plaintiff and to each class member in his or her employment, and provided for

14   payment of an overtime premium of not less than one and one-half (1½) times the employee's

15   regular rate of pay for all hours worked in excess of eight (8) hours per workday or forty (40)

16   hours per workweek, and two (2) times the employee's regular rate of pay for all hours worked

17   in excess of twelve (12) hours per workday or in excess of eight (8) hours on the seventh

18   workday of the week.

19      14.      Defendants possess or should possess the exact information regarding the number

20   of hours worked by Plaintiff and each class member for the relevant statutory period.

21      15.      Plaintiff brings this action, pursuant to California Code of Civil Procedure section

22   382, against all Defendants on behalf of himself and all persons similarly situated in California.

23   The class which Plaintiff represents is comprised of all persons who were employed in California

24   by Defendants as Tax Associates during the relevant statutory period, who were paid on a

25

26

27

28   salaried basis and worked in excess of eight (8) hours per day and/or in excess of forty (40) hours

6

COMPLAINT

EXHIBIT A

0034

1  in one or more workweeks. Plaintiff seeks against Defendants for each class member the balance

2  of all unpaid wages, with interest thereon, pursuant to California Labor Code section 1194 for

3  uncompensated overtime pay for the applicable statutory period.

4

5    16.    As a direct and proximate result of Defendants' violation of the overtime

6  provisions of the California Labor Code section 1194 and the Wage Order, there is due and

7  owing to Plaintiff and to each class member overtime wages in an amount in excess of $25,000

8  to be established at the time of trial.

9

10    17.    Pursuant to California Labor Code section 1194, Plaintiff seeks on his behalf and

11  on behalf of each class member, reasonable attorney's fees and interest on unpaid wages, and

12  costs of suit.

13

14                                    IV.
                         SECOND CAUSE OF ACTION

15  (Class Action Against All Defendants by Plaintiff, on Behalf of All Other Tax Seniors
                 Similarly Situated, For Failure to Pay Overtime Wages)

16    18.    Plaintiff incorporates by reference each and every allegation set forth in

17
    paragraphs 1 through 11, as if set forth in full herein.
18

19    19.    At all relevant times herein, California Labor Code section 1194 and the Wage

20  Order applied to Plaintiff and to each class member in his or her employment, and provided for

21  payment of an overtime premium of not less than one and one-half (1½) times the employee's

22  regular rate of pay for all hours worked in excess of eight (8) hours per workday or forty (40)

23  hours per workweek, and two (2) times the employee's regular rate of pay for all hours worked

24  in excess of twelve (12) hours per workday or in excess of eight (8) hours on the seventh

25
    workday of the week.
26

27    20.    · Defendants possess, or should possess, the exact information regarding the

28  number of hours worked by Plaintiff and each class member for the relevant statutory period.

                                    7

                               COMPLAINT

                              EXHIBIT A

21.    Plaintiff brings this action, pursuant to California Code of Civil Procedure section 382, against all Defendants on behalf of himself and all persons similarly situated in California. The class which Plaintiff represents is comprised of all persons who were employed in California by Defendants as Tax Seniors during the relevant statutory period, who were paid on a salaried basis and who worked in excess of eight (8) hours per day and/or in excess of forty (40) hours in one or more workweek. Plaintiff seeks against Defendants for each class member the balance of all unpaid wages, with interest thereon, pursuant to California Labor Code section 1194 for all uncompensated overtime pay, for the applicable statutory period.

22.    As a direct and proximate result of Defendants' violation of the overtime provisions of the California Labor Code section 1194 and the Wage Order, there is due and owing to Plaintiff and to each class member overtime wages in an amount in excess of $25,000 to be established at the time of trial.

23.    Pursuant to California Labor Code section 1194, Plaintiff seeks on his behalf and on behalf of each class member, reasonable attorney's fees and interest on unpaid wages, and costs of suit.

## V.
## THIRD CAUSE OF ACTION
(Class Action Against All Defendants by Plaintiff, on Behalf of All Other
Tax Associates and Tax Seniors Similarly Situated,
for Statutory Waiting Time Penalties for Failure to
Pay Wages)

24.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 11, 13 through 16 and 19 through 22 as if set forth in full herein.

25.    California Labor Code sections 201 and 202 require an employer to pay all wages earned but unpaid immediately upon the involuntary discharge of an employee or within seventy- two (72) hours of an employee's voluntary termination of employment. If an employer

8

COMPLAINT

EXHIBIT A

1    intentionally or willfully fails to pay all wages earned and due upon termination, as set forth

2    above, the affected employee is entitled to statutory waiting time penalties up to thirty (30) days

3    of wages under California Labor Code section 203.

4

5        26.    Defendants intentionally and willfully failed to pay Plaintiff and each class

6    member who separated from, or was discharged by, Defendants the overtime premium owed to

7    them as required despite the fact that those wages were due and owing to said individuals.

8        27.    At no time has Plaintiff or a class member who terminated their employment with

9    Defendants during the statutory period secreted or absented themselves or otherwise refused to

10   accept payment of wages earned and due to them upon termination. Plaintiff brings this action,

11   pursuant to California Code of Civil Procedure section 382, against all Defendants on his behalf

12   and on behalf of all persons similarly situated in California. The class which Plaintiff represents

13   is comprised of all Tax Associates and Tax Seniors who were employed in Defendants' business

14   locations in California during the statutory period, who were paid a salary and who worked

15   overtime during the statutory period, and who either quit or were discharged from Defendants'

16   employment.

17

18       28.    Plaintiff seeks against Defendants for himself and for each class member the

19   statutory waiting time penalty under California Labor Code section 203. Defendants

20   intentionally and willfully failed to pay Plaintiff and each class member the overtime premium

21   required by the Wage Order. Thirty (30) days has expired since the end of Plaintiff's and each

22   class member's employment with Defendants. Therefore, Plaintiff seeks an award of the

23   statutory waiting time penalty from Defendants in the amount of thirty (30) days' wages for

24   Plaintiff and for each class member, with interest thereon.

25

26

27

28

9

COMPLAINT

EXHIBIT A

0037

## VI.
### FOURTH CAUSE OF ACTION
**(Class Action Against All Defendants by Plaintiff, on Behalf of All Other Tax Associates and Tax Seniors Similarly Situated, for Restitution of Overtime Wages and Injunctive Relief for Unfair Business Practices Pursuant to California Business & Professions Code sections 17200, et seq.)**

29.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 11, 13 through 16 and 19 through 22 as if set forth in full herein.

30.    Defendants' conduct as alleged above constitutes an unfair and unlawful business practice within the meaning of California Business & Professions Code sections 17200 and 17204.  Plaintiff, on his own behalf and on behalf of all others similarly situated, seeks restitution and disgorgement from Defendants of premium overtime pay withheld from salaried Tax Associates and Tax Seniors who are or were employed in Defendants' business locations in California during the statutory period (four (4) years).

31.    As a direct and proximate result of the unlawful and unfair conduct of Defendants, Plaintiff and the class members have suffered, and will continue to suffer, the loss of money owed to them in a sum as yet uncertain, but in excess of $25,000.

32.    Unless restrained Defendants will continue to commit the unfair and unlawful business practices alleged above.  Plaintiff therefore seeks a preliminary and permanent injunction pursuant to California Business & Professions Code sections 17203 and 17204 to enjoin Defendants from committing such practices in the future

### VII.
### PRAYER

WHEREFORE, Plaintiff, and class members, pray for judgment against Defendants, and each of them, and DOES 1 through 50 as follows:

10

COMPLAINT

EXHIBIT A

1  ON THE FIRST CAUSE OF ACTION:

2      a.  For compensatory damages including, but not limited to, lost wages and overtime

3         compensation in excess of $25,000.

4      b.  For pre- and post-judgment interest.

5      c.  For reasonable attorney's fees and costs pursuant to Labor Code section 1194(a).

6  ON THE SECOND CAUSE OF ACTION:

7      d.  For compensatory damages including, but not limited to, lost wages and overtime

8         compensation in excess of $25,000.

9      e.  For pre- and post-judgment interest.

10      f.  For reasonable attorney's fees and costs pursuant to Labor Code section 1194(a).

11  ON THE THIRD CAUSE OF ACTION:

12      g.  For the statutory waiting time penalties pursuant to California Labor Code section

13         203.

14      h.  For pre- and post-judgment interest.

15  ON THE FOURTH CAUSE OF ACTION:

16      i.  For an order requiring Defendants to make full restitution of all money and other

17         property acquired by their violation of Business and Professions Code section 17200

18         et seq.

19      j.  For pre- and post-judgment interest.

20  ON ALL CAUSES OF ACTION:

21      k.  For costs and expenses in this action; and

22      l.  Any other and further relief as the nature of the case may require, and, or that the

23         Court deems proper.

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT

EXHIBIT A

1   DATED:  December 11, 2006                LAW OFFICES OF ARMOND MARCARIAN

2

3

4                                           By: _____

5

6                                           ARMOND MARCARIAN
                                            Attorneys for Plaintiff Stepan Mekhitarian
7

8                                           HARRIS & KAUFMAN

9

10

11                                          By: _____

12

13                                          WILLIAM E. HARRIS
                                            Attorneys for Plaintiff Stepan Mekhitarian
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            12

                                       COMPLAINT

                                       EXHIBIT A

1  SEYFARTH SHAW LLP
   Kenneth D. Sulzer (State Bar No. 120253)
2  Andrew M. Paley (State Bar No. 149699)
   Sheryl L. Skibbe (State Bar No. 199441)
3  Regina A. Musolino (State Bar No. 198872)
   2029 Century Park East, Suite 3300
4  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  Attorneys for Defendant
   DELOITTE & TOUCHE (ICS), LLC and DELOITTE TAX, LLP

7

8                    SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

10

11 STEPAN MEKHITARIAN, an individual, on     Case No. BC 363334
   behalf of all others similarly situated,
12                                            **ANSWER TO COMPLAINT**
                Plaintiff,
13                                            (Case Assigned to Hon. Victoria G. Chaney
        v.                                    Dept.: 324 CCW)
14
   DELOITTE & TOUCHE (ICS), LLC, a
15 Delaware Limited Liability Company; and
   DELOITTE TAX, LLP, a Delaware Limited
16 Liability Partnership; and DOES 1 THROUGH
   50, inclusive,
17                                            Complaint Filed: 12/13/2006
                Defendants.
18

19      Defendants DELOITTE & TOUCHE (ICS), LLC and DELOITTE TAX, LLP

20 (collectively referred to as "Defendants") hereby answer Plaintiff Stepan Mekhitarian's

21 ("Plaintiff") unverified Complaint ("Complaint") as follows:

22                            **GENERAL DENIAL**

23      1.      Pursuant to the provisions of California Code of Civil Procedure Section

24 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement,

25 matter and each purported cause of action contained in Plaintiff's Complaint, and without

26 limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been

27 damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions

28 of Defendants.

                            ANSWER TO COMPLAINT

LA1 6616109.1                EXHIBIT B                        0041

ORIGINAL FILED

JAN 17 2007

LOS ANGELES
SUPERIOR COURT

## AFFIRMATIVE DEFENSES

2.    In further answer to Plaintiff's Complaint, Defendants allege the following additional defenses.  In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

3.    The Complaint and each cause of action alleged therein fail to state facts sufficient to constitute claims upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

4.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, Code of Civil Procedure sections 338, 339, and 340 and California Business & Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

5.    Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendants, and thus, Plaintiff's claims are barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver and Estoppel)

6.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

7.    Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

/ / /

/ / /

EXHIBIT B

2

ANSWER TO COMPLAINT

LA1 6616109.1

0042

## SIXTH AFFIRMATIVE DEFENSE

### (Exempt Status)

8.    Plaintiff's Complaint is barred because Defendants' failure to pay overtime was not unlawful, unfair or fraudulent. At all times relevant and material herein, the parties to this action were exempt from the overtime compensation requirements of the California Labor Code and the Industrial Welfare Commission Wage Order because the Tax Seniors and Tax Associates were employed in an administrative, executive or professional capacity within the meaning of the applicable wage order.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

9.    Plaintiff is not entitled to any penalty award under section 203 of the California Labor Code since, at all times relevant and material herein, Defendants did not willfully fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code § 200, et seq., but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code, Cal. Labor Code § 200, et seq.

## PRAYER

Wherefore, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing for the Complaint;

2.    That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.    That Defendants be awarded reasonable attorneys fees according to proof;

4.    That Defendants be awarded the costs of suit incurred herein; and

5.    That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: January 17, 2007                     SEYFARTH SHAW LLP

By _____
Regina A. Musolino
Attorneys for Defendants
DELOITTE & TOUCHE (ICS) LLC; DELOITTE
TAX, LLP

3

ANSWER TO COMPLAINT

EXHIBIT B

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA          )
)    ss
3    COUNTY OF LOS ANGELES    )

4        I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite
5    3300, Los Angeles, California 90067-3063. On January 17, 2007, I served the within
documents:
6                      **ANSWER TO COMPLAINT**

7    ☐   I sent such document from facsimile machine (310) 201-5219 on January 17, 2007. I
certify that said transmission was completed and that all pages were received and that
8    a report was generated by facsimile machine (310) 201-5219 which confirms said
transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
9    action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
parties listed below.

10

11    ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles, California addressed as set
forth below.

12

13    ☐   by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

14    ☐   by placing the document(s) listed above, together with an unsigned copy of this
declaration, in a sealed Federal Express envelope with postage paid on account and
15    deposited with Federal Express at Los Angeles, California, addressed as set forth
below.
16

17    ☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses
set forth below.

18

19        Armond Marcarian, Esq.
Law Offices of Armond Marcarian
20    15260 Ventura Boulevard
Penthouse Suite 2250
21    Sherman Oaks, CA 91403

22        I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
23    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
24    meter date is more than on day after the date of deposit for mailing in affidavit.

25        I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.

26        Executed on January 17, 2007, at Los Angeles, California.

27                       *Millie Baello*

28                      Millie Baello

**EXHIBIT B**

0044

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On January 17, 2007, I served the within documents:

    **NOTICE OF REMOVAL; DECLARATIONS OF EDITH GARWOOD, BARBARA NEWMAN AND SHERYL L. SKIBBE**

☐    I sent such document from facsimile machine (310) 201-5219 on January 17, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| William E. Harris | Armond Marcarian, Esq. |
| Matthew A. Kaufman | Law Offices of Armond Marcarian |
| Harris & Kaufman | 15260 Ventura Boulevard |
| 15260 Ventura Boulevard, Suite 2250 | Penthouse Suite 2250 |
| Sherman Oaks, CA 91403 | Sherman Oaks, CA 91403 |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

    Executed on January 17, 2007, at Los Angeles, California.

                                 *Millie Baello*
                                        Millie Baello

1   SEYFARTH SHAW LLP
    Kenneth D. Sulzer (State Bar No. 120253)
2   Andrew M. Paley (State Bar No. 149699)
    Sheryl L. Skibbe (State Bar No. 199441)
3   Regina A. Musolino (State Bar No. 198872)
    2029 Century Park East, Suite 3300
4   Los Angeles, California 90067-3063
    Telephone: (310) 277-7200
5   Facsimile: (310) 201-5219
    Email:  ksulzer@seyfarth.com; apaley@seyfarth.com
6           sskibbe@seyfarth.com; rmusolino@seyfarth.com

7   Attorneys for Defendants
    DELOITTE & TOUCHE (ICS) LLC and DELOITTE TAX LLP
8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11  STEPAN MEKHITARIAN, an          )   Case No. CV 07-0412 DSF (MANx)
    individual, on behalf of all others )
12  similarly situated,             )   **DELOITTE TAX LLP'S**
                                     )   **RESPONSE TO ORDER TO**
13              Plaintiff,           )   **SHOW CAUSE REGARDING**
                                     )   **PRINCIPAL PLACE OF**
14        v.                        )   **BUSINESS**
                                     )
15  DELOITTE & TOUCHE (ICS), LLC, a )   [DECLARATIONS OF BARBARA
    Delaware Limited Liability Company; )   NEWMAN AND KATHLEEN
16  and DELOITTE TAX, LLP, a Delaware )   FARLOW ATTACHED HERETO]
    Limited Liability Partnership; and DOES )
17  1 THROUGH 50, inclusive,        )   **COURTROOM:  840**
                                     )
18              Defendants.          )
                                     )
19  ─────────────────────────────── )

20

21

22

23

24

25

26

27

28

LA1 6625735.2

1    **I.    INTRODUCTION**

2    In its March 14, 2007 Order to Show Cause, the Court stated that under the

3    Class Action Fairness Act of 2005 ("CAFA") "an unincorporated association shall

4    be deemed to be a citizen of the State where it has its principal place of business

5    and the State under whose laws it is organized."  Order to Show Cause, p.1 (citing

6    28 U.S.C. § 1332(d)(10)).  The Court directed Defendant Deloitte Tax LLP to

7    submit additional facts to support a finding that its principal place of business is

8    New York.  Order to Show Cause, p.1.

9    When a corporation's business activities are "far flung" and do not

10    "substantially predominate" in any one state, the Ninth Circuit applies the "nerve

11    center test" to determine the entity's principal place of business.  Accordingly, as

12    its business activities are nationally dispersed and do not substantially predominate

13    in any one state, Deloitte Tax submitted a declaration identifying the location of

14    the majority of its executive and administrative functions.

15    Deloitte Tax now provides supplemental evidence, in addition to its original

16    declaration, demonstrating that Deloitte Tax's principal place of business is New

17    York.  *See* Second Declaration of Barbara Newman ("Newman Second Decl.") and

18    Declaration of Kathleen Farlow filed concurrently herewith.

19    **II.    ARGUMENT**

20        **A.    The "Nerve Center" Test Applies To Determine A Corporation's**
        **Principal Place of Business When Its Activities Do Not**
21        **Substantially Predominate In Any One State.**

22    The Ninth Circuit uses one of two tests to determine a corporation's

23    principal place of business:  (1) the "place of operations" test or (2) the "nerve

24    center" test.  *Industrial Tectonics, Inc. v. Aero Alley*, 912 F.2d 1090, 1092 (9th Cir.

25    1990).  The "place of operations" test examines which state "contains a substantial

26    predominance of corporate operations."  *Id.*  Where there is no substantial

27    predominance of operations in any one state, courts apply the "nerve center" test.

28    *Id.* at 1094.  Thus, the key issue is determining whether Deloitte Tax's business

1

1  activities substantially predominate in any one state.  The evidence demonstrates

2  they do not.

3      The "place of operations" test applies "where a corporation conducts

4  'substantially all' of its operations in one state and its headquarters is located in

5  another state" or where the business activities in one state are "significantly larger

6  than any other state in which the corporation does business." *Arellano v. Home*

7  *Depot U.S.A.*, 245 F. Supp. 2d 1102, 1105 (S.D. Cal. 2003) (citing *Indus.*

8  *Tectonics*, 912 F.2d at 1093).  Courts analyze "a number of factors to determine if

9  a given state contains a substantial predominance of corporate activity, including

10  the location of employees, tangible property, production activities, sources of

11  income, and where sales take place." *Tosco Corp. v. Communities For A Better*

12  *Environment*, 236 F.3d 495, 500 (9th Cir. 2001); *Ho v. Ikon Office Solutions, Inc.*,

13  143 F. Supp. 2d 1163, 1165-66 (N.D. Cal. 2001).  Another relevant factor is the

14  location of the defendant's executive and administrative functions. *Arellano*, 245

15  F. Supp. 2d at 1107.

16      The "nerve center" test is generally utilized when a corporation's activities

17  are "spread relatively evenly" and operations are conducted in many states.

18  *Arellano v. Home Depot U.S.A.*, 245 F. Supp. 2d 1102, 1106 (S.D. Cal. 2003).  The

19  test locates a company's "principal place of business in the state where the

20  majority of its executive and administrative functions are performed." *Tosco*

21  *Corp.*, 236 F.3d at 500 (citing *Industrial Tectonics*, 912 F.2d at 1092-93).  Some

22  relevant considerations under this test include where the directors and owners meet

23  and live, where the executives live and work, where the administrative and

24  financial offices and records are located, where the "home office" is located, where

25  policy decisions are made, and where day-to-day control of the business is

26  exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (ND Cal.

27  1964).  Because Deloitte Tax's business operations do not substantially

28

2

1    predominate in any one state, the "nerve center test" is the applicable test to

2    determine its principal place of business.

3    **B.    The Assessment Of Deloitte Tax's Business Activities Must Take
         Into Account The Distorting Effect Of California's  Population
4         And Economy.**

5    Courts take into account that California is the most populous state and, thus,

6    mitigate the distorting effects this has on a company's activities. *Arellano*, 245 F.

7    Supp. 2d at 1106-7 (assessing workforce by state capita percentage – "Because

8    California is the state with the largest population, business activity on a national

9    scale can be expected to be greater in California."); *Ho*, 143 F. Supp. 2d at 1168

10   ("[I]t is highly unlikely that Congress intended every national corporation that does

11   more business in California than in any other single state, by virtue of that fact

12   alone, to be deemed a citizen of California for purposes of diversity jurisdiction.").

13   For example, in *Arellano v. Home Depot U.S.A., Inc.*, Home Depot removed

14   an employment discrimination lawsuit to federal court based on diversity.  245 F.

15   Supp. 2d at 1104-05  After a motion to remand was filed that challenged Home

16   Depot's citizenship, Home Depot successfully argued that the "nerve center test"

17   applied even though the large majority of its workforce was in California---nearly

18   double Florida's workforce, which was the next highest state percentage. *Id.*  at

19   1106-7 (15% of Home Depot's workforce was in California as opposed to only

20   9.3% in Florida)

21   The *Arellano* court, relying on *Ho v. Ikon Office Solutions, Inc.*, explained

22   that due to Home Depot's national presence,[1] its activities must be assessed on a

23   per capita basis to avoid the "distorting" effect of California's population. *Id.* at

24   1107, n. 1 (noting that the difference between Home Depot's California and

25   Florida workforce was not that significant taking into account each state's

26   population).  In reaching its decision, the *Arellano* court rejected the employee's

27   reliance on *Ghaderi v. United Airlines*, 136 F. Supp. 2d 1041 (N.D. Cal 2001)

28   [1]  At the time of this decision, Home Depot operated stores in 49 states.

3

(holding that an eight percent difference in workforce demonstrated substantial predominance) because *Ghaderi* involved an employer with substantial operations in only *two* states, not a national employer like Home Depot. *Id.*

### C.    Deloitte Tax's Operations Are Nationally Dispersed.

Deloitte Tax's activities are widely dispersed throughout the United States. Newman Second Decl., ¶ 4. Deloitte Tax is the quintessential "far-flung" organization, with a substantial workforce and large number of offices in 37 states and revenue generated across the country. *Id.*, ¶ 4. *Arellano*, 245 F. Supp. 2d at 1106 ("(The nerve center test) is generally utilized when a corporation's activities are far flung and operations are conducted in many states."). Cases such as *Tosco Corp.* and *Ghaderi* are factually distinguishable. In short, those cases involved situations in which a corporation had substantial operations in only a few states, and where a substantial majority of employees were located in, and the majority of sales occurred within, the state of California.

### 1.    Deloitte Tax Has Personnel In Thirty-Seven States.

Deloitte Tax's workforce is widely dispersed across the country. Farlow Decl. ¶ 4. Approximately 6,971 individuals work for Deloitte Tax in 37 different states, and no one state accounts for more than twenty percent of its workforce. *Id.* Approximately 83% of Deloitte Tax's personnel work outside the state of California. *Id.* Of the 6,971 individuals, 1,180 work in California (17%). *Id.* New York and Texas are a close second with 794 people (12%) and 820 people in Texas (12%). *Id.* Illinois has 705 workers (10%). *Id.*

| STATE | PERCENTAGE OF EMPLOYEES |
|---|---|
| California | 17% |
| New York | 12% |
| Texas | 12% |

4

| Illinois | 10% |
|----------|-----|
| Ohio | 5% |
| Georgia | 5% |
| Michigan | 4% |

Farlow Decl. ¶¶ 4, 5.  The remaining 35 % of personnel operate out of 30 states.
Farlow Decl. ¶5.

   Moreover, using comparative percentages of gross numbers as opposed to
per capita percentages, which makes adjustments for California's disproportionate
share of the U.S. population and economy, the margin of difference is even less
significant for a company that has personnel in 37 states.  In fact, while
California's population exceeds 36 million people -- more than ten percent of the
estimated 296 million U.S. population – only 17% of Deloitte Tax's personnel are
located in California.  New York, with a population of slightly more than 19
million people, has 12% of Deloitte Tax's workforce and Illinois, with a
population of not quite 13 million people, has 10% of Deloitte Tax's personnel.
Texas has a population of approximately 24 million people and almost 12% of
Deloitte Tax's personnel are located there.  Even Ohio, which has a population of
slightly more than 11 million people accounts for almost 5% of Deloitte Tax's
workforce.[2]  Based on these figures, only 0.003278% of California's population is
employed by Deloitte Tax while 0.004547% of New York's population and
0.003417% of Texas' population works for Deloitte Tax.

   These numbers are equivalent to those in *Arellano*, where the court
determined that Home Depot's workforce was widely dispersed and did not
substantially predominate in California.  *Arellano*, 245 F. 2d at 1107 (finding
California workforce of 15% followed by 9% in Florida and 8% in Georgia widely

---

[2]  Population estimates for 2006 were obtained from the United States Census
Bureau at www.census.gov.

5

1    dispersed).  California is the state with the largest population and it is to be

2    expected that business activity conducted by companies on a national scale will be

3    greater in California.

### 2.    Deloitte Tax's Revenue Is Generated Throughout the Country.

4

5    Like its workforce, Deloitte Tax's revenue generated on a per capita basis is

6    widely dispersed and does not predominate in California.  Deloitte Tax earns

7    revenue in at least 37 states.  Newman Second Decl. ¶ 5.  As of 2006, Deloitte Tax

8    earned approximately 84% of its revenue in 36 of those states and 16% of its

9    revenue in California.  *Id*. ¶ 5.  Deloitte Tax earned approximately 11% in New

10   York.  *Id*. ¶ 5.  Deloitte Tax also earned 11.2% in Illinois.  *Id*.  Deloitte Tax also

11   earned approximately 5.1% of its revenue in Ohio, 4.6 % of its revenue in Georgia,

12   and 3.9% of its revenue in Michigan.  *Id*.  The remaining 48.2% of Deloitte Tax's

13   revenue was earned in its offices in 34 other states.  *Id*.  Again, the comparative

14   difference in percentages does not weigh in favor of finding California as Deloitte

15   Tax's principal place of business given its size and the fact that its business

16   activities do not substantially predominate in any one particular state.

### 3.    Deloitte Tax's Property is Widely Dispersed Throughout the Country.

17

18

19   Deloitte Tax owns property in at least 31 of the states where it has offices.

20   Newman Second Decl. ¶ 6.  At least 80% of Deloitte Tax's property is located in

21   30 of those states and 20% in California.  *Id*.  While 20% of Deloitte Tax's

22   property is located in California, 19.12% of its property is located in New York.

23   *Id*.  Additionally, 10.24% of Deloitte Tax's property is located in Illinois and

24   10.13% of its property is located in Pennsylvania.  *Id*.  Deloitte Tax's property

25   holdings in California cannot be said to substantially predominate as the property

26   holdings in New York are almost identical and Deloitte Tax has significant

27   property holdings throughout the United States.

28

6

**D.    New York Is Deloitte Tax's Principal Place of Business Because of Its Executive And Administrative Functions Are Located in New York**

Based on the foregoing evidence, Deloitte Tax's business activities can only be said to be spread relatively evenly across numerous states. Accordingly, the nerve center test should be applied to determine its principal place of business.

Deloitte Tax's "National Office," for purposes of performing executive functions is located in New York. Newman Decl., ¶ 5; Farlow Decl. ¶ 6. From its National Office in New York, New York, Deloitte Tax conducts such executive operations, including but not limited to, those relating to firm-wide policies and procedures, legal affairs, and general operations of its tax practice. Farlow Decl. ¶ **8.** The Chief Executive Officer lives and works in New York. Farlow Decl. ¶ 7. Although other managing officers for Deloitte Tax are located throughout the country, all of the Deputy National Managing Partners report to the CEO in New York and must frequently travel to New York for meetings with the CEO. Farlow Decl. ¶ 9. The Deputy National Managing Partners also attend frequent meetings that are regularly held in New York. *Id.*

Other important executive functions take place in the New York City office. The Tax Executive Group, the Tax Management Group and the Tax Advisory Group hold their meetings in New York[3]. Farlow Decl. ¶ 10. Additionally, other meetings, such as partner and director candidate discussions take place in New York. Farlow Decl. ¶ 11.

Both the Strategy and Communications Departments are also physically based in New York and the Chief Strategy Officer works in New York. Farlow

---

[3]   The Tax Executive Group is comprised of tax leaders, including regional leaders, deputies, and select service line leaders. The Tax Management Group is comprised of tax leaders including the Tax Executive Group, Learning & Development, Communications, and other service lines. The Tax Advisory Group is comprised of tax partners and directors across the firm. This group meets several times a year to discuss issues relevant to the CEO and the tax practice and provide guidance on addressing and resolving these issues. Farlow Decl. ¶ 10.

7

1  Decl. ¶ 12.  Strategy meetings relating to personnel, communications, culture and
2  Information Technology matters are held in New York.  *Id.*

3      As a result, Deloitte Tax's principal place of business is New York.  Deloitte
4  Tax is not now, and was not at the time of the filing of the Complaint, a citizen of
5  the state of California within the meaning of the Acts of Congress relating to the
6  removal of cases.

7  **III.  CONCLUSION**

8      Deloitte Tax's removal of this action was proper.  Deloitte Tax is an
9  unincorporated association under 28 U.S.C. 1332 (d)(10) making the determination
10  of its citizenship the same as that of a corporation.  The parties to this lawsuit are
11  minimally diverse.  Mekhitarian admits that he is a California resident.  Under the
12  nerve center test, Deloitte Tax's principal place of business is New York and it is
13  incorporated in Delaware.  Accordingly, Plaintiff has diverse citizenship from
14  Deloitte Tax, the amount in controversy exceeds $5,000,000 and the number of
15  putative class members is greater than 100.  For the reasons stated herein,
16  Plaintiff's motion should be denied.

17  DATED:   March 21, 2007        SEYFARTH SHAW LLP

18

19                    By _____
20                       Sheryl L. Skibbe
                         Attorneys for Defendant
21                       DELOITTE TAX LLP

22

23

24

25

26

27

28

8

LAI 6625735.2

# DECLARATION OF BARBARA NEWMAN

I, Barbara Newman, declare as follows:

1.    I am Partner In Charge - Partners Financial Services and U.S. Firm's Taxes for Deloitte & Touche USA LLP and I have that held that position since June 1, 2003.  Defendant Deloitte Tax LLP ("Deloitte Tax") is a subsidiary of Deloitte & Touche USA LLP.  In my position, I am familiar with and have personal knowledge of Deloitte Tax's organization as a limited liability partnership and its general business affairs.  In this position, I am also responsible for the preparation of Deloitte Tax's federal and state tax returns.  As such, I have personal knowledge of the matters stated herein and if called and sworn as a witness, I could and would competently testify as set forth herein.

2.    In addition to having personal knowledge, as part of my normal business responsibilities, of Deloitte Tax's organization as a limited liability partnership, I also have obtained information and reviewed business records concerning the organization of Deloitte Tax and the operations of that entity.  The information compiled (as set forth in this declaration, below) is based on my personal knowledge as well as the records maintained in Deloitte Tax's regular practice and in the course of Deloitte Tax's regularly conducted business activity.  As Partner In Charge - Partners Financial Services and U.S. Firm's Taxes at Deloitte & Touche USA LLP, I am one of the custodians of such records and information that pertain to the business operations of Deloitte Tax.

3.    Deloitte Tax LLP is a limited liability partnership organized under the laws of the State of Delaware and was so organized as of December 13, 2006.

4.    Deloitte Tax's activities are widely dispersed throughout the United States, with a substantial number of employees and offices in 37 states.

1

DECLARATION OF BARBARA NEWMAN

LA1 6625672.1

1     5.     Deloitte Tax earns revenue in at least 37 states. As of 2006, Deloitte

2  Tax earned approximately 84% of its revenue in 36 of those states and 16% of its

3  revenue in California. Deloitte Tax earned approximately 11% in New York.

4  Deloitte Tax earned approximately 11.2% of its revenue in Illinois in 2006.

5  Deloitte Tax also earned approximately 4.6 % of its revenue in Georgia, 5.1% of

6  its revenue in Ohio and 3.9% of its revenue in Michigan. In 2006, the remaining

7  48.2% of Deloitte Tax's revenue was earned in its offices in 31 other states.

8     6.     As of 2006, Deloitte Tax owned property, largely comprised of

9  furniture, fixtures and computers, in at least 31 of the states where its offices are

10  located. 80% of Deloitte Tax's property is located in 30 of those states and 20% in

11  California. 19.12% of its property is located in New York. Additionally, 10.24%

12  of its property is located in Illinois and 10.13% of its property is located in

13  Pennsylvania.

14

15     I declare under penalty of perjury under the laws of the United States of

16  America and the State of California that the foregoing is true and correct and that

17  this Declaration was executed this 2| day of March 2007, at Hermitage,

18  Tennessee.

19

20                    Barbara Newman

21

22

23

24

25

26

27

28

2

**DECLARATION OF BARBARA NEWMAN**

LA1 6625672.1

# DECLARATION OF KATHLEEN FARLOW

I, Kathleen Farlow, declare as follows:

1.    I am the Deputy National Managing Partner – People for Deloitte Tax LLP ("Deloitte Tax") and I report to the Chief Executive Officer of Deloitte Tax. I have held this position for a year and a half, and have been associated with Deloitte Tax for 23 years. In my position, I am familiar with and have personal knowledge of Deloitte Tax's general business affairs. As such, I have personal knowledge of the matters stated herein and if called and sworn as a witness, I could and would competently testify as set forth herein.

2.    In addition to having personal knowledge of Deloitte Tax's organization, as part of my normal business responsibilities, I also have obtained information and reviewed business records concerning the organization of Deloitte Tax and the operations of that entity. The information compiled (as set forth in this declaration, below) is based on my personal knowledge as well as the records maintained in Deloitte Tax's regular practice and in the course of Deloitte Tax's regularly conducted business activity. .

3.    Deloitte Tax's principal place of business is located in the State of New York.

4.    Deloitte Tax's workforce is widely dispersed across the country. Approximately 6,971 individuals work for Deloitte Tax in 37 different states, and no one state accounts for more than twenty percent of its workforce. Approximately 83% of Deloitte Tax's personnel work outside the state of California. Of the 6,971 individuals, 1,180 work in California (17%). New York and Texas are a close second with 794 people (12%) and 820 people in Texas (12%). Illinois has 705 workers (10%).

1

DECLARATION OF KATHLEEN FARLOW

LA1 6626040.1

5.    Deloitte Tax also has personnel in the following states: Ohio - 5%; Georgia – 5% ; Michigan – 4%. The remaining 35% of personnel operate out of the rest of the 30 states.

6.    Deloitte Tax maintains its National Office at 1633 Broadway, New York, New York, 10019-6754. Deloitte Tax's executive operations are managed from this location.

7.    Deloitte Tax's Chief Executive Officer maintains his offices at 1633 Broadway, New York, New York, 10019-6754.

8.    From its National Office in New York, New York, Deloitte Tax conducts such executive and administrative operations, including but not limited to, those relating to firm-wide policies and procedures, legal affairs, and general operations of its tax practice.

9.    Other officers for Deloitte Tax are located throughout the country, though all of the various managing partners report to the CEO in New York and frequently travel to New York to do so. The Deputy National Managing Partners also attend frequent meetings that are regularly held in New York.

10.   Other important executive functions take place in the New York City office. The Tax Executive Group, the Tax Management Group and the Tax Advisory Group frequently meet in New York. The Tax Executive Group is comprised of tax leaders, including regional leaders, deputies, and select service line leaders. The Tax Management Group is comprised of tax leaders including the Tax Executive Group, Learning & Development, Communications, and other service lines. The Tax Advisory Group is comprised of tax partners and directors across the firm. This group meets several times a year to discuss issues relevant to the CEO and the tax practice and provide guidance on addressing and resolving these issues.

11.   Partner and director candidate discussions take place in New York.

2

DECLARATION OF KATHLEEN FARLOW

LAI 6626040.1

12.    The Strategy and Communications Departments are also physically based in New York and the Chief Strategy Officer works in New York. Strategy meetings relating to matters including personnel, communications, culture and IT are held in New York.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this Declaration was executed this 21st day of March 2007, at _3:00, mst_ Tamarack, Idaho

_Kathleen Farlow_
Kathleen Farlow

3
**DECLARATION OF KATHLEEN FARLOW**

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                                        )  ss
COUNTY OF LOS         )
ANGELES                         )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On March 21, 2007, I served the within documents:

**DELOITTE TAX LLP'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING PRINCIPAL PLACE OF BUSINESS**

☐    I sent such document from facsimile machine (310) 201-5219 on March 21, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒    by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

William E. Harris                         Armond Marcarian, Esq.
Matthew A. Kaufman                 Law Offices of Armond Marcarian
Harris & Kaufman                       15260 Ventura Boulevard
15260 Ventura Boulevard, Suite 2250    Penthouse Suite 2250
Sherman Oaks, CA 91403           Sherman Oaks, CA 91403

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

LA1 6616711.2

1

2        I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

3

4        Executed on March 21, 2007, at Los Angeles, California.

5    _____

                         Millie Baello

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-