**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, STATE BAR NO. 154759
WILLIAM A. BAIRD, STATE BAR NO. 192675
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635
Email: wkreger@maklawyers.com
         tbaird@maklawyers.com

**LAW OFFICE OF STEVEN ELSTER**
STEVEN ELSTER, State Bar No. 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone: (925) 324-2159
Facsimile: (925) 945-1276
Email: manfromcal@sbcglobal.net

Attorneys for Plaintiffs JAMES BRADY,
TRAVIS CALL, SARAH CAVANAGH,
JULIA LONGENECKER, PEDRO NOYOLA
and CHRISTOPHER SULIT

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES BRADY, TRAVIS CALL, SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. C-08-00177 SI<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**<br><br>[Filed Concurrently Herewith: [Proposed] Order Denying Defendants' Motion]<br><br>Date:   May 30, 2008<br>Time:   9:00 a.m.<br>Courtroom: 10<br>Judge:  Hon. Susan Illston |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Deloitte & Touche LLP and Deloitte Tax LLP's ("Defendants") seek an order requiring Plaintiffs to specify the job titles in the particular lines of service or division of each defendant for the proposed class and to identify the job duties performed by the named plaintiffs and class members before Defendants are required to a file a responsive pleading. Defendants claim that Plaintiffs' First Amended Complaint ("FAC") is so vague and ambiguous that Defendants cannot frame a responsive pleading. However, based on a review of Defendants' motion, it is clear that what Defendants actually seek is additional detail regarding Plaintiffs' allegations.

It is well-established that a motion for a more definite statement will only be sustained where the complaint is unintelligible, not where the complaint is merely lacking in detail. Plaintiffs' FAC is sufficiently clear and intelligible to enable Defendants to respond to the complaint. Moreover, where, as here, the detail sought by the motion for a more definite statement is obtainable through discovery, the motion should be denied.

Additionally, Defendants' arguments regarding the ascertainability of Plaintiffs' class definition are premature at this stage in the proceedings. Arguments regarding the propriety of Plaintiffs' class allegations are more appropriately addressed after Plaintiffs have commenced discovery and have moved for class certification. As Plaintiffs' FAC is sufficiently clear and intelligible, Defendants' motion for a more definite statement should be denied.

## II. LEGAL STANDARD

Motions for a more definite statement "can be sustained only if a Complaint is unintelligible, not merely if it is lacking detail, and such [m]otions are not favored." *In re American Int'l Airways, Inc. v. Cleveland Pneumatic*, 66 B.R. 642, 645 (E.D. Pa. 1986). A Rule 12(e) motion is proper only where the complaint is so indefinite that "the defendant cannot frame a responsive pleading." *Farmolare, Inc. v. Edison Bros. Stores, Inc.* 525 F.Supp. 940, 949 (E.D. Cal. 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (N.D. Cal. 1999). "A motion for a more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996). Thus, a motion for a more

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

definite statement fails where the complaint is specific enough to apprise defendant of the *substance* of the claim being asserted. *Id.*

### III. PLAINTIFFS' FIRST AMENDED COMPLAINT IS SUFFICIENTLY CLEAR AND INTELLIGIBLE

While Defendants argue that "[w]ithout a more definite statement of the allegations contained in the FAC and a more precise definition of the alleged class, Defendants are not on fair notice as to the grounds on which Plaintiffs' claims rest and cannot file a response" (Mot., 3: 10-12), it is clear from Defendants' motion that what they seek is additional *detail* regarding Plaintiffs' allegations. Defendants ask this Court to require Plaintiffs to specify "the job titles in the particular lines of service or division of each Defendant for the proposed class and identify the actual job duties performed by Plaintiffs and the putative class members." (Mot., 3: 13-16). However, a motion for a more definite statement can be sustained only if a Complaint is unintelligible, not merely lacking in detail. *In re American Int'l Airways,* 66 B.R. at 645. As Plaintiffs' FAC is intelligible, Defendants' motion for a more definite statement should be denied.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." F.R.C.P. 8(a)(2). Plaintiffs' FAC provides enough information to apprise Defendants of the claims being asserted against them. The FAC asserts:

- "During the class period, Defendants regularly employed salaried workers to do accounting work but these workers were not licensed or certified by the State of California in the practice of accounting." FAC, ¶ 17.
- "Defendants uniformly classified all Uncertified Employees as exempt from overtime under the California Labor Code and the Industrial Welfare Commissions' Wage Orders." FAC, ¶ 18.
- "During their employment by Defendants, Plaintiffs worked more than 8 hours in a day and/or 40 hours in a week but in keeping with uniform company policy with respect to all Uncertified Employees, Defendants did not pay Plaintiffs overtime compensation for

1　　　　　those hours.  In addition, Plaintiffs were frequently unable to take proper meal breaks as
2　　　　　required by California law." FAC, ¶ 19.
3　　• "Although classified as exempt, Plaintiffs and the class members should have been paid
4　　　　　overtime for all qualifying hours but Defendants uniformly failed to pay such overtime."
5　　　　　FAC, ¶ 20.

6　　These allegations and the remaining allegations in the FAC are sufficient to enable
7 Defendants to frame a responsive pleading.  Additional details, such as the job titles of the
8 employees who fall within the class definition and the job duties performed by the named plaintiffs
9 and the class members, can be uncovered during the discovery process.

10　　Defendants exclusively rely on *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), to support
11 their argument that Plaintiffs must provide additional information in the FAC.[1]  However, *Twombly*,
12 did not as Defendants would have the Court believe overturn well established precedent with
13 respect to12(e) motions.  In addition, *Twombly* is distinguishable from the instant case.  In
14 *Twombly*, the court addressed what a plaintiff must plead in order to state a claim under § 1 of the
15 Sherman Act.  The court held that with respect to antitrust litigation, a plaintiff must state factual
16 allegations with greater particularity.  *Id*. at 1973-74.  Here, the instant action does not involve a
17 subject matter that requires greater particularity in pleading than is normally necessary pursuant to
18 FRCP 8(a).  Furthermore, the court in *Twombly* required plaintiff to plead "only enough facts to
19 state a claim to relief that is plausible on its face." *Id*. at 1974.  As detailed above, Plaintiffs'
20 complaint alleges "enough fact to raise a reasonable expectation that discovery will reveal enough
21 evidence of [the alleged violations]." *Id*. at 1965.

22　　As Plaintiffs' FAC contains sufficient allegations to apprise Defendants of the claims
23 asserted against them, Defendants' motion for a more definite statement should be denied.

---

[1]　The only other case cited in Defendants' entire motion is *Edwards v. McCormick*, 196 F.R.D. 487, 490-91 (S.D. Ohio 2000), which deals with the requirements for class certification, consideration of which is premature at this time.

3

## IV. DEFENDANTS' ARGUMENTS REGARDING ASCERTAINABILITY ARE PREMATURE

Defendants argue that Plaintiffs' class definition "is not ascertainable and the Court would be unable to bind a definable category of persons or provide class-wide notice or class-wide remedies if in fact any such class could be certified." (Mtn., 5: 17-20.) However, Plaintiffs are not required to establish all requirements for class certification at the pleading stage. "Generally, courts review class allegations through a motion for class certification." *In re Wal-Mart Stores, Inc.*, 505 F.Supp. 2d 609, 614 (N.D. Cal. 2007) (declining to rule on propriety of class allegations before discovery had commenced or arguments related to class certification had been made). Thus, Defendants' arguments regarding the propriety of class certification are premature. *Id. See also Moreno v. Baca*, No. CV007149ABCCWX, 2000 WL 33356835, *2 (C.D. Cal. 2000) (finding defendants' motion to strike class allegations premature because no motion for class certification was before the court).

In *Hamilton v. Signature Flight Support Corp.*, No. C 05-490 CW, 2005 WL 1514127 (N.D. Cal. 2005), defendants moved for a more definite statement with respect to named plaintiffs' claims on behalf of the class. Specifically, defendants asked the court to order plaintiffs to amend their complaint to demonstrate that they would be able to meet the class action requirements of Federal Rule of Civil Procedure 23. The court denied defendants' motion noting that "[u]nder notice pleading standards, Plaintiffs are not required to allege the necessary facts to support every element of each claim, and Defendants have cited no authority showing that potential class action complaints should be held to a higher standard." *Id.* at *8. Additionally, the court rejected defendants' argument that the elements of Rule 23 must be established at the pleading stage. *Id.*

In *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108, 2007 WL 2462150 (N.D. Cal. 2007), defendant moved to strike or dismiss plaintiffs' class allegations on the grounds that they were so vague that they denied defendant notice. The court denied defendants' motion because "discovery ha[d] not yet commenced and Plaintiffs ha[d] not yet moved to certify their class pursuant to Rule 23" and thus "Defendant's arguments regarding the propriety of the class allegations [were] premature." *Id.* at *3.

4

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    Similarly, in *Beauperthuy v. 24 Hour Fitness USA*, No. 06-0715 SC, 2006 WL 3422198 (N.D. Cal. 2006), the court denied defendants' Rule 23(d)(4) motion seeking an order requiring plaintiffs to amend their class definition. The court explained that the motion was not ripe at this early stage of litigation because the motion "is an improper attempt to argue against class certification before the motion for class certification has been made and while discovery regarding class certification is not yet complete." *Id*. at *3. The court reasoned, "[i]t would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion when discovery on the issue is still on-going." *Id*.

Here, Plaintiffs have not yet served discovery requests or moved for class certification. Thus, Defendants' arguments regarding the ascertainability of the class definition are premature, and Defendants' motion should be denied.[2]

## V. ADDITIONAL DETAILS, ALTHOUGH CURRENTLY UNNECESSARY, REGARDING PLAINTIFFS' ALLEGATIONS CAN BE UNCOVERED THROUGH DISCOVERY

Defendants argue that "Plaintiffs cannot evade their pleading obligations on a theory that deficiencies in the Complaint will be remedied through the discovery process." Mot., 7: 19-20. However, as discussed above, Plaintiffs' FAC contains sufficient allegations to enable Defendants to formulate a response. Moreover, where, as here, the detail sought by the motion for a more definite statement is obtainable through discovery, the motion should be denied. *Beery v. Hitachi Home Electronics (America), Inc.*, 415 F.R.D. 477, 480 (C.D. Cal. 1993). Indeed, "[t]he proper tool for eliciting additional detail is discovery, not a Rule 12(e) motion." *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F.Supp. 1053, 1060 (N.D. Cal. 1988) (citing *Kuenzell v. United States*, 20 F.R.D. 96, 98 (N.D. Cal. 1957).

---

[2] As discussed in Plaintiffs' Opposition to Defendants' Motion to Transfer filed concurrently herewith, Plaintiffs seek to represent a class of persons who worked in Defendants' Audit line of service and Global Employer practice. To the extent necessary, Plaintiffs will seek to amend their class definition at an appropriate time – after discovery has commenced and prior to class certification.

5

PLAINTIFFS' OPPOSITION TO MOTION FOR MORE DEFINITE STATEMENT
C-08-00177 SI

1  The information which Defendants seek through this motion can be obtained through the discovery process. Plaintiffs need not allege in the complaint details such as the actual job duties performed by the named plaintiffs and the class members. Rather, Defendants can seek this information through discovery and their own records.

Furthermore, the class allegations are more appropriately addressed after discovery has commenced. *In re Wal-Mart Stores*, 505 F.Supp.2d at 614-615. *See also Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, *4 (D.N.J. 2006) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery); *Abdallah v. Coca-Cola Co.*, No. Civ.A. 1:98CV3679-RW, 1999 WL 527835 (N.D. Ga. 1999) (dismissal of class allegations prior to discovery premature). *If* additional information, such as the job titles of the class members, is required to make Plaintiffs' class definition ascertainable, such changes can be made after Plaintiffs have conducted discovery and are ready to move for class certification.

Again, Defendants exclusively rely upon *Twombly* to support their argument. However, as discussed above, *Twombly* is easily distinguished from the present case. In determining that an antitrust complaint must meet a "plausibility" standard, the court noted the high cost of discovery in an antitrust action. *Id*. at 1967. Employment cases, such as the instant case, are not subject to the same risk of abusive litigation as antitrust actions. Details of this case, including the job duties of the named plaintiffs and class members, can easily be uncovered through discovery and Defendants' own records. As any additional details regarding Plaintiffs' allegations which Defendants seek can be elicited through the discovery process, Defendants' motion should be denied.

## VI. CONCLUSION

Based on the foregoing argument and authority, Plaintiffs respectfully request that the Court deny Defendants' motion for a more definite statement.

DATE:  May 9, 2008    **MILSTEIN, ADELMAN & KREGER, LLP**


/s/ WILLIAM A. BAIRD
By:  WILLIAM A. BAIRD
Attorney for Plaintiffs JAMES BRADY, TRAVIS CALL, SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA, and CHRISTOPHER SULIT, on Behalf of Themselves and All Others Similarly Situated

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405