1   **MILSTEIN, ADELMAN & KREGER, LLP**
    WAYNE S. KREGER, State Bar No. 154759
2   WILLIAM A. BAIRD, State Bar No. 192675
    2800 Donald Douglas Loop North
3   Santa Monica, California 90405
    Telephone:   (310) 396-9600
4   Facsimile:   (310) 396-9635
    Email:       Wkreger@maklawyers.com
5                TBaird@maklawyers.com

6   **LAW OFFICE OF STEVEN ELSTER**
    STEVEN ELSTER, State Bar No. 227545
7   785/E2 Oak Grove Road, #201
    Concord, CA 94518-3617
8   Telephone:   (925) 324-2159
    Facsimile:   (925) 945-1276
9   Email:       manfromcal@sbcglobal.net

10

11  Attorney for Plaintiffs James Brady,
    Travis Call, Sarah Cavanagh,
12  Julia Longenecker, Pedro Noyola &
    Christopher Sulit

13

14                  **IN THE UNITED STATES DISTRICT COURT**

15

16          **THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

17  JAMES BRADY, TRAVIS CALL,               )   **CASE NO.: 3:08-cv-00177 SI**
                                            )
18  SARAH CAVANAGH, JULIA                   )
                                            )
19  LONGENECKER, PEDRO NOYOLA               )   **JOINT CASE MANAGEMENT**
    and CHRISTOPHER SULIT, individually     )   **CONFERENCE STATEMENT**
20  and on behalf of all others similarly   )
                                            )
21  situated,                               )
                                            )
22          Plaintiffs,                     )   **Date: May 16, 2008**
                                            )   **Time: 2:00 p.m.**
23      vs.                                 )   **Courtroom: 10**
                                            )   **Judge: Hon. Susan Illston**
24  DELOITTE & TOUCHE LLP, a limited        )
                                            )
25  liability partnership; DELOITTE TAX     )
    LLP; and DOES 1-10, inclusive,          )
26                                          )
                                            )
27          Defendants.                     )

28                                     1

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Northern

2  District of California Local Rule 26-1, Plaintiffs James Brady, Travis Call, Sarah

3  Cavanagh, Julia Longenecker, Pedro Noyola, and Christopher Sulit  (collectively

4  "Plaintiffs") and Defendants DELOITTE & TOUCHE LLP and DELOITTE TAX

5  LLP; ("Defendants" or "DELOITTE"), submit the following report:

6  **I.    BRIEF FACTUAL SUMMARY OF CASE**

7    **A.    Brief Procedural History**

8    Plaintiffs filed the initial complaint in this case on January 10, 2008. Plaintiffs

9  filed a first amended complaint on February 8, 2008.  Plaintiffs did not receive an

10  amended summons until on or about February 19, 2008. Plaintiffs contend that they

11  attempted to serve Defendants in the state of California on February 29, 2008, but

12  service was rejected. Plaintiffs then served Defendants by mail on March 24, 2008.

13  Thereafter, the parties stipulated to extend Defendants' time to respond to the

14  complaint until April 25, 2008.

15    On April 25, 2008, Defendants filed a motion for a more definite statement and

16  a motion to transfer the action to the Central District of California.  These motions are

17  set to be heard on May 30, 2008.  Additionally, on April 25, 2008, Defendants filed a

18  Notice of Pendancy of Other Actions, on the grounds that the matter *Stepan*

19  *Mekhitarian v. Deloitte & Touche, (ICS) LLC and Deloitte Tax, LLP* is currently

20  pending in the United States District Court for the Central District of California as

21  Case No. CV-07-00412-DSF (MAN) contains factual allegations and legal issues that

22  are the same or substantially overlap those in the instant case.

23    Plaintiffs filed an objection to the Notice Of Pendancy of Other Actions and

24  filed oppositions to each of Defendants' motions.

25

26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

**Case Management Conference Statement**
**CASE NO.: C-08-00177 SI**

## B.    Plaintiffs' Contentions

Plaintiffs allege, among other things, that certain employees at Deloitte were misclassified as exempt employees and should not have been paid on a salaried basis; rather, plaintiffs allege that these employees should have been classified as nonexempt "hourly" employees and paid overtime compensation for working more than eight (8) hours per day or forty (40) hours per week.  Plaintiffs have alleged causes of action for (1) failing to pay overtime; (2) missed meal and rest breaks; (3) failure to provide appropriate paystubs; (4) failure to timely pay all wages due; and (5) violations of Business and Profession code section 17200.

Plaintiffs' contend that the class members were uniformly not properly classified as exempt.  Plaintiffs further contend that the class members were not exempt pursuant to the executive, professional, or any other exemption provided under California law.

As mentioned, Defendants have filed a motion for more definite statement.  Defendants' rehash their arguments below.  However, in that the Joint Report is not meant to be a forum for repeating arguments from motions and oppositions before the Court, Plaintiffs limit their response to stating that they disagree with Defendants' position and have opposed defendants' motion.

## C.    Defendants' Contentions

Defendants state that based on the class definition contained in the First Amended Complaint ("all salaried persons employed by Defendants in California to do accounting work but who were not licensed or certified by the State of California and were not paid overtime for hours worked in excess of 8 hours a day or 40 hours in a week"), they cannot fully set forth every contention regarding their defenses to the claims alleged in this case.  The proposed class definition is so vague, ambiguous and lacking in facts that a class is not ascertainable.  Plaintiffs' definition of salaried persons who perform "accounting work" without a license does not identify which

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

3

1   job titles, lines of service, divisions or groups Plaintiffs purport to include within their

2   class definition.  Without such details, Defendants are left speculating which persons

3   are intended to be a part of the class.  It should be noted that in Plaintiffs' opposition

4   to Defendants' Notice of Pendency, Plaintiffs claim that they are only seeking to

5   certify a class of employees who work or worked  in Audit and Global Employment

6   Services.  Defendants' motion for a more definite statement, set for hearing before

7   this court on May 30, 2008, addresses this problem.

8        For purposes of preparing this report, and without a clear definition of the

9   purported class, Defendants deny that they owe Plaintiffs or any other putative class

10  member overtime wages and penalties.  Defendants also deny that Plaintiffs or any

11  other putative class member are entitled to compensation for alleged missed meal and

12  rest breaks.  Defendants contend that Plaintiffs and any other putative class members

13  were and are properly classified as exempt employees under the administrative

14  exemption. Plaintiffs and the purported class are paid on a salary basis at a level of at

15  least twice the state minimum wage.  At least half of the work time of Plaintiffs and

16  the purported class involves the performance of office or non-manual work directly

17  related to Defendants' general business operations.  Plaintiffs and purported class

18  members perform their jobs only under general supervision and work along

19  specialized or technical lines in work requiring special training, experience, or

20  knowledge and they customarily and regularly exercise discretion and independent

21  judgment in carrying out their job duties as to matters of significance to the business.

22       Additionally, Defendants contend that many, if not all, of the purported class

23  members who work or have worked in the same positions as Plaintiffs are exempt

24  employees for purposes of the professional and executive exemptions under Wage

25  Order No. 4-2001.

26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

4

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

### D.    Jurisdiction

This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 on the grounds that the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of Defendants.

## II.    REPORT OF CONFERENCE OF PARTIES PERSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 26-1

### A.    Complex Case

This case is pled as a class action.  The parties agree that this case is complex.  The parties believe the use of the Manual For Complex Litigation may be appropriate.

### B.    Settlement And Alternative Dispute Resolution

Plaintiffs are willing to participate in mediation currently.  Defendants do not believe mediation efforts would be fruitful at this time, but will revisit the possibility of mediation after the parties have had sufficient time to conduct meaningful discovery.

### C.    Discovery Plan

**1.  Rule 26(a)(1) Initial Disclosures:** The parties have agreed to serve initial disclosures pursuant to Rule 26(a)(1) by no later than May 20, 2008.

The parties agree to exchange Rule 26 information on Plaintiffs' individual claims until and unless a class is certified.  If the case is certified, additional Rule 26 disclosures will be made.

Plaintiffs do not believe that Defendants' suggested phased discovery plan will be helpful.  Plaintiffs believe that the distinction between "merits" and "class discovery" is blurry at best, especially in cases like this. The factual overlap

5

1   between Defendants proposed categories of discovery will be particularly great in

2   light of the subject matter of Plaintiffs' claims.  The ultimate factual questions center

3   on Defendants' policies and procedures relating to the compensation paid to Plaintiffs

4   and the putative class, the hours worked by Plaintiffs and the putative class and

5   primary job duties of Plaintiffs and the putative class.  These questions are also

6   germane to class certification.

7       Moreover, it is highly unlikely that the parties will agree as to what constitutes

8   appropriate class certification discovery and what should be reserved for merits

9   discovery.  The parties will be forced to turn to the Court for guidance and to resolve

10  disputes.  Finally, as Plaintiffs bear the burden of proof in class certification and the

11  majority of relevant discovery is in Defendant's possession, Plaintiffs could

12  potentially be prejudiced by her inability to obtain discovery that Defendant classifies

13  as "merits" discovery prior to filing her collective/class certification motions.  That

14  said, Plaintiffs do believe damage discovery is something that can generally be agreed

15  to and defined.  Accordingly, Plaintiffs are willing to bifurcate such discovery.

16      Defendants suggest the following phased discovery.  Phase I will be limited to

17  certification issues, with a cut-off as of the class certification motion hearing.  Phase

18  II of the discovery process will deal with liability and damages.  Defendants then

19  suggest that the parties request a status conference to follow the class certification

20  motion hearing to propose additional deadlines for Phase II discovery.  Defendants

21  suggest that the parties then will propose additional discovery deadlines within two

22  weeks after the class certification hearing.

23      Alternatively, Defendants propose a discovery cut-off for Phase II discovery

24  to be 90 days prior to trial.

25

26

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

6

**Case Management Conference Statement**
**CASE NO.: C-08-00177 SI**

### 2.    Anticipated Discovery

The parties discussed the type of discovery anticipated in this case.

Plaintiffs intend to serve written discovery which will consist of interrogatories, requests for production, and requests for admission.

Plaintiffs intend to seek among other things, documents relating to the policies and procedures relevant to the claims being made in the lawsuit, training materials, plans and checklists (where appropriate such as audit and/or tax), manuals for accounting programs, the accounting programs in electronic format, a list of the names and contact information of the members of the putative class, and their pay-records and time records.

Plaintiffs anticipate that Defendants may refuse to produce certain information without a court order.  Taking these issues into account, Plaintiffs do not believe written discovery will be completed prior to sometime in October of 2008. After completing written discovery and any motions to compel, Plaintiffs intend to take depositions of Persons Most Knowledgeable regarding Defendants' policies and procedures as they relate to the claims in the complaint as well as depositions of other management personnel of Defendants.  Plaintiffs believe at least 90 days will be necessary to complete all expected depositions in this case.

At this time, Defendants currently intend to depose Plaintiffs and any declarants used in support of Plaintiffs' motion for class certification.  Defendants also intend to propound document requests, interrogatories and requests for admission.

### 3.    Date For Initial Written Discovery Requests

The parties have agreed that the first date by which written discovery may be served is June 1, 2008.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

7

#### 4. Preservation of Evidence

Plaintiffs request that Defendants preserve and maintain all documents and electronic data relating to compensation information for class members including, payroll records, TimenX records, time cards, training lessons, plans and checklists (for audit, tax and where otherwise appropriate) and authorization forms in employment files.

Both parties acknowledge their duty to preserve relevant documents in accordance with relevant rules and case law.

The parties continue to meet and confer on e-discovery issues. Defendants are in the process of investigating what electronic information is inaccessible.

The parties agree that the failure to designate and the subsequent production of electronically stored information that is subject to a claim of privilege or of protection as trial-preparation material shall not be deemed and shall not serve as a basis for claiming a waiver of the privilege or doctrine protecting such information. This agreement constitutes an express reservation of any party's claim of privilege or application of doctrine with respect to electronically stored information produced.

#### 5. Changes To Discovery Limitations

Plaintiffs propose limiting the number of interrogatories that can be propounded by both sides to no more than fifty (50) interrogatories.

Defendants do not believe that there is any reason to increase the limit of interrogatories beyond the 25 permitted interrogatories set forth in FRCP 33(a)(1). Defendants propose, and Plaintiffs agree, that the depositions taken pursuant to FRCP 30(b)(6) will not exceed a collective total of 21 hours. The parties recognize that the amount of categories and witnesses potentially at issue are not known at this time. Accordingly, the parties agree to meet and confer in good faith to resolve any issues that may arise from the preceding agreement.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

### 6.    Entry Of An Appropriate Protective Order

The parties agree that entry of a protective order is appropriate and are currently working to come to agreement on a joint protective order for the Court's consideration.

### D.    <u>Motions</u>

Plaintiffs intend to file a motion for class certification.  Plaintiffs also anticipate filing a motion for summary judgment.

Defendants currently intend to file a motion for summary judgment on the issue of whether Plaintiffs were properly classified as exempt employees. Defendants may also file a motion to deny class certification.

### E.    <u>Additional Parties</u>

At this point, neither the Plaintiffs nor the Defendants anticipate naming additional parties.

### F.    <u>Magistrate</u>

The parties do not wish to have a magistrate judge preside.

### G.    <u>Trial Estimate</u>

The length of trial in this case will depend on whether a class is certified and as to what claims; accordingly, an estimated trial length, if a class certified, is premature at this time. If a class is not certified, Defendants estimate that the length of trial will be 4-5 days.

### H.    <u>Dates</u>

### 1.    Class Certification Brief Filing Date

Based on the expected amount of discovery, the need to sufficiently investigate the case with other class members, and the amount of time necessary to seek certification in similar cases against different Defendants, Plaintiffs believe February 3, 2009 is an appropriate date for filing a class certification motion.

The parties propose the following class certification briefing schedule:

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

9

February 3, 2009: Deadline to filing motion for class certification

March 23, 2009: Deadline to file opposition brief

April 15, 2009: Deadline to file reply brief

April 29 or thereafter: Hearing.

### 2.    Expert Witnesses

At this point, neither the Plaintiffs nor the Defendants anticipate the use of expert witnesses in advance of class certification proceedings.  The parties request that the dates for exchange of expert reports be set following the hearing on the class certification motion.  Should either party determine that it will seek to introduce expert witnesses' testimony in advance of or in support of class certification proceedings, the parties will meet and confer about an appropriate schedule for the identification of such experts, the exchange of expert reports, and the deposition of such experts.  In the event that the parties cannot agree on these issues, they will seek the assistance of the Court.

### 3.    Trial Date

The parties believe that it is premature to set a trial date prior to a ruling on Plaintiffs' anticipated motion for class certification.  The parties propose that the Court set a further scheduling conference after the hearing on the motion for class certification to discuss an appropriate trial date. Alternatively, the parties propose that if certification is denied, the parties request that the Court set a trial date in July of 2009.

## I.    Expedited Schedule

The parties agree that this matter is not a case that can be handled on an expedited basis.

///

///

///

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

10

**J.     Disclosure of Non-Party Interested Entities or Persons**

All parties have filed a "Certification of Interested Entities or Persons."

Plaintiffs state that other than the named parties, there is not such interest to report.

Defendants state that all named Plaintiffs may have a pecuniary interest in the outcome of this case. Defendants also state that Deloitte LLP may have a financial interest in the outcome. Defendants are both subsidiaries of Deloitte LLP. In addition, because this action purports to be an action on behalf of other putative class members, it is possible that other former or current employees of the defendants listed above may ultimately have a financial interest in this action as well.

**K.     Relief Requested**

Plaintiffs' computation of damages will include the following:

injunctive relief;

damages for overtime wages not paid as required by California law;

damages for meal periods not provided as required by California law;

interest;

statutory penalties;

liquidated damages;

attorneys' fees; costs and expenses;

compensatory damages;

punitive and exemplary damages; and,

restitution.

A specific computation of the aforementioned categories of damages is not possible at this time as Plaintiffs do not have access to all required information. However, generally speaking, the named Plaintiffs' individual damages, and the damages of all other "class members" will be calculated based on hours worked, wages paid/unpaid. This information will be derived from documents to be produced

11

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1    by Defendants and the testimony of witnesses.  Expert analysis may also be

2    necessary.

3

4

5                                         COUNSEL FOR PLAINTIFFS

6

7

8    DATE:  May 9, 2008          By: /s/ WILLIAM A. BAIRD_____

9                                         WILLIAM A. BAIRD
                                          Milstein, Adelman & Kreger, LLP
10

11                                        COUNSEL FOR DEFENDANTS

12

13

14

15   DATE:  May 9, 2008          By: /s/ ANDREW M. PALEY_____
                                          Andrew M. Paley
16                                        Seyfarth Shaw LLP

17

18

19

20

21

22

23

24

25

26

27

28

12

**Case Management Conference Statement**
**CASE NO.: C-08-00177 SI**

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405