SEYFARTH SHAW LLP
Kenneth D. Sulzer (State Bar No. 120253)
Andrew M. Paley (State Bar No. 149699)
Sheryl L. Skibbe (State Bar No. 199441)
Regina A. Musolino (State Bar No. 198872)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Email: ksulzer@seyfarth.com; apaley@seyfarth.com
       sskibbe@seyfarth.com; rmusolino@seyfarth.com

Attorneys for Defendants
DELOITTE & TOUCHE LLP
DELOITTE TAX LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRADY, TRAVIS CALL, SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C-08-00177 SI<br><br>The Honorable Susan Illston<br><br>**REPLY IN SUPPORT OF MOTION TO TRANSFER**<br><br>Date: May 30, 2008<br>Time: 9:00 a.m.<br>Courtroom: 10 |

LA1 6695218.2

**REPLY IN SUPPORT OF MOTION TO TRANSFER**
C-08-00177 SI

## I. INTRODUCTION

Plaintiffs' arguments in Opposition to Defendants' Motion to Transfer fail in light of the simple truth that both the Plaintiffs in *Mekhitarian* and *Brady* seek the same remedies on behalf of the same class members. Notwithstanding the inadmissible declaration of Plaintiffs' counsel, the *Mekhitarian* action has not been limited to cover only employees in the Lead Tax Services line. And, as can be seen from Plaintiffs' Opposition to Defendants' Motion for More Definite Statement, *Brady* has not been limited to cover only employees in Defendants' Global Employer Services ("GES") and Audit service lines. Based on the allegations in both the *Mekhitarian* and *Brady* complaints, these two actions contain nearly identical allegations on behalf of a large portion of the same putative class for which they seek the same relief.

Transferring the *Brady* matter to the Central District will promote the interests of justice, judicial economy, and will be in the interests of the parties and witnesses. Accordingly, Defendants request the Court grant the Motion to Transfer.

## II. THE *MEKHITARIAN* AND *BRADY* COMPLAINTS HAVE NOT BEEN LIMITED TO ENTIRELY DISTINCT EMPLOYEE GROUPS.

In *Mekhitarian*, Plaintiffs allege a class action for unpaid overtime on behalf of all individuals who were employed by Defendants as Tax Associates and Tax Seniors in all tax service lines. In *Brady*, Plaintiffs seek unpaid overtime and compensation for unpaid meal and rest breaks on behalf of a putative class of "all salaried persons…[who] do accounting work but were not certified by the State of California in the practice of accounting." (FAC at ¶ 1). As the *Brady* Plaintiffs sue both Deloitte & Touche LLP and Deloitte Tax, the putative class seemingly includes Tax Associates and Tax Seniors who do "accounting work." Despite Plaintiffs' suggestion that they may agree "to amend their class definition to clarify that they are only seeking to represent a class of employees from Defendants'

Audit and GES practices," they have not done so.[1] *See* Pls.' Opp. at 4, footnote 3. In fact, Plaintiffs oppose Defendants' Motion for More Definite Statement in which Defendants seek clarification of the scope of the putative class. *See* Pls.' Opp. to Motion for More Definite Statement. Moreover, Plaintiffs offer to "stay any Lead Tax component" in the Brady action pending the class certification decision in *Mekhitarian*. Pls.' Opp. at p. 4, footnote 3.

Thus, contrary to Plaintiffs' assertions, the *Mekhitarian* and *Brady* Plaintiffs seek to represent classes that substantially overlap. Accordingly, transferring the *Brady* action to the Central District will avoid conflicting judgments and promote judicial economy.

### III.  DISCOVERY HAS NOT BEEN LIMITED TO LEAD TAX.

Plaintiffs' argument that transferring *Brady* to the Central District would "disrupt the schedule and/or would unfairly prejudice the rights of employees in this action whose rights have never been at issue in *Mekhitarian*" is without merit. (Opp. at p. 2, lines 6-8). Plaintiffs submit a declaration from Steven Elster that purports to describe the status of the *Mekhitarian* action. Not only is the declaration objectionable, but it contains inaccurate statements regarding the complaint and the parties' discovery. The parties in that case have not limited written discovery to only the Lead Tax Services line, but have propounded and responded to discovery regarding Tax Associates and Tax Seniors in all service lines. *See* Declaration of Sheryl Skibbe at ¶ 2. Armond Marcarian, lead counsel in the *Mekhitarian* lawsuit, recently sent a letter and questionnaire soliciting information from employees who work or worked in all lines of Defendants' tax

---

[1] Even assuming the *Brady* Plaintiffs limited their proposed class to include only employees who work in GES and Audit, this would not create mutually exclusive classes. Employees move between lines of serve, which means that there will be putative class members who have worked in both Lead Tax and GES and would be included within the proposed *Mekhitarian* and *Brady* class definitions.

3

REPLY IN SUPPORT OF MOTION TO TRANSFER
C-08-00177 SI

LA1 6695218.2

practice, including GES. Skibbe Decl. at ¶ 3 and Exh. A. Moreover, the complaint has not been amended and does not limit the class allegations to only Lead Tax. Thus, whether Plaintiffs will seek to certify a class comprised solely of Tax Associates and Tax Seniors in Lead Tax has not been established.

Transferring the *Brady* action to the Central District for assignment to a single judge will serve the interests of justice by eliminating the risk of conflicting orders and judgments from two District Courts and conserving the resources of the parties and the Courts.

## IV. CONCLUSION

The *Mekhitarian* and *Brady* putative classes substantially overlap. Even if the *Brady* Plaintiffs amend their Complaint to limit their claims on behalf of Audit and GES, the GES portion of their class still overlaps with *Mekhitarian*. Litigating these cases in different courts would not be in the best interests of the class, the parties, the witnesses, or judicial resources. Accordingly, Defendants respectfully renew the request that this Court enter an order transferring the action to the United States District Court for the Central District of California.

DATED: May 16, 2008             SEYFARTH SHAW LLP

                                By: _____
                                    Sheryl Skibbe
                                    Attorneys for Defendants
                                    DELOITTE & TOUCHE, LLP and
                                    DELOITTE TAX, LLP

1  SEYFARTH SHAW LLP
   Kenneth D. Sulzer (State Bar No. 120253)
2  Andrew M. Paley (State Bar No. 149699)
   Sheryl L. Skibbe (State Bar No. 199441)
3  Regina A. Musolino (State Bar No. 198872)
   2029 Century Park East, Suite 3300
4  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  Email: ksulzer@seyfarth.com; apaley@seyfarth.com
         sskibbe@seyfarth.com; rmusolino@seyfarth.com
7

   Attorneys for Defendants
8  DELOITTE & TOUCHE LLP
   DELOITTE TAX LLP
9

                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12 | JAMES BRADY, TRAVIS CALL, SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated, | Case No. C-08-00177 SI
   | | The Honorable Susan Illston
   | | **DECLARATION OF SHERYL SKIBBE IN SUPPORT OF MOTION TO TRANSFER**
   | Plaintiffs, |
   | v. | Date: May 30, 2008
   | | Time: 9:00 a.m.
   | DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive, | Courtroom: 10
   | Defendants. |

LA1 6696042.1

**DECLARATION OF SHERYL SKIBBE**
**C-08-00177 SI**

# DECLARATION OF SHERYL SKIBBE

I, Sheryl Skibbe, declare as follows:

1. I am an attorney at Seyfarth Shaw LLP, attorneys of record for Defendants Deloitte Tax LLP and Deloitte & Touche LLP in this action and in the case, *Stepan Mekhitarian v. Deloitte & Touche (ICS) LLC and Deloitte Tax LLP*, Case No. CV-07-00412-DSF. I have personal knowledge of the facts stated in this declaration, acquired in the course of my representation of Defendants, and if called as a witness I could and would testify competently and truthfully to these facts.

2. The parties in the *Mekhitarian* case have not limited written discovery to only the Lead Tax Services line, but have propounded and responded to discovery regarding Tax Associates and Tax Seniors in all of Defendants' tax service lines.

3. Armond Marcarian, lead counsel in the *Mekhitarian* lawsuit, recently sent a letter and questionnaire soliciting information from employees who work or worked in all areas of tax. A copy of Marcarian's March 14, 2008 letter and questionnaire is attached hereto as Exhibit A. The letter has been redacted to protect the recipient's privacy.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this Declaration was executed this 16th day of May 2007, at Los Angeles, California.

_____
Sheryl Skibbe

---

LA1 6696042.1

DECLARATION OF SHERYL SKIBBE
C-08-00177 SI

# EXHIBIT A

# MARCARIAN LAW FIRM

15260 Ventura Boulevard
Penthouse Suite 2250
Sherman Oaks, California 91403

Telephone: (818) 995-8787
Facsimile: (818) 995-8817

March 14, 2008

Re: <u>Stepan Mekhitarian v. Deloitte & Touche et al.</u>
United States District Court, Central District of California, Case No. CV07-0412 DSF (MANx)

Dear

    <u>We understand how precious your time is during this busy tax season</u>. In fact, that is what the above-mentioned lawsuit is all about ... proper compensation for all the long hours you devoted to serving the needs of Deloitte and Touche LLP (or Deloitte Tax LLP) clients. HOWEVER, <u>we need your response</u> in order to move this lawsuit to the next level.

    Several weeks ago we mailed you a copy of the enclosed questionnaire and a letter explaining the lawsuit. No doubt it's somewhere in your "To Do" pile, awaiting the end of the tax season. Unfortunately, the Court's schedule does not consider the tax season and we're quickly approaching a Court deadline. So, we're sending you another copy of the questionnaire.

    <u>PLEASE</u> take a few minutes *today* to <u>complete the questionnaire</u> and return it in the enclosed postage-paid envelope. If the lawsuit is successful, these few minutes could be some of the most "profitable" minutes of your career.

    In case our original letter found its way into your circular file, please visit <u>http://www.dtlawsuit.com</u> for complete details on the lawsuit. In fact, while you're there you can easily and quickly fill out the questionnaire ONLINE at: <u>http://www.dtlawsuit.com/form.html</u>.

    Of course, if you have any questions about the case or the questionnaire, you are welcome to contact me at the above number or e-mail <u>Armond@Marcarianlaw.us</u>. *Thank you in advance for sparing a precious few minutes today.*

Very truly yours,

Armond Marcarian

**REDACTED**

Enclosures as stated

*Deloitte & Touche LLP* and *Deloitte Tax LLP*
# "TAX ASSOCIATE" and/or "TAX SENIOR" QUESTIONNAIRE

*Save time* – complete this questionnaire ONLINE at: **www.dtlawsuit.com/form.html**

The following questions concern your work for Deloitte & Touche LLP or Deloitte Tax LLP ("Deloitte") as a "Tax Associate" or "Tax Senior" in California *at any time on or after December 11, 2002 through the present date.* Please mark all of the boxes that apply to you during the time you hold or held the "Tax Associate or "Tax Senior" position.

**1.** Are you currently employed by Deloitte & Touche LLP or Deloitte Tax LLP? *(Please check one box below.)*
YES ☐   NO ☐

**2.** Dates you were employed as a **Tax ASSOCIATE:**
Start Date: ___/___/___   End Date: ___/___/___

**3.** Dates you were employed as a **Tax SENIOR:**
Start Date: ___/___/___   End Date: ___/___/___

Which California office of Deloitte did you work in? _____

**4.** To which practice area were you assigned? *(Check all that apply.)*
☐ Lead Tax Services
☐ Multistate Tax
☐ International Tax
☐ Transfer Pricing
☐ Global Employment Services
☐ Tax Controversy Services
☐ Tax Management & Advisory
☐ Private Client Advisors
☐ Property Tax
☐ Washington National Tax
☐ Tax CoSourcing
☐ National Federal Tax Services
☐ Mergers & Acquisitions
☐ OTHER _____

**5.** What percentage of the time were you able to take a *30-minute, duty-free meal break*? _____%

**6.** While working at Deloitte, *how many hours do you/did you work per week, on average, as a Tax Associate or Tax Senior? (Please check only one of the boxes to the right.)*
☐ Over 70 hours per week: #___
☐ 66-70
☐ 61-65
☐ 56-60
☐ 51-55
☐ 46-50
☐ 41-45
☐ 40 hours (or less) per week

Although your hours may have varied please give us your best estimate averaging the weeks you worked the most hours, the weeks you worked the least hours, and the weeks in between. If you averaged over 70 hours per week or under 40 hours per week, please write in the number.

**7.** Did you keep accurate time records?   YES ☐   NO ☐

**7(b)** If so, do you still have copies in your possession?   YES ☐   NO ☐

**8.** As a Tax Associate or a Tax Senior, *did you*:
Give tax advice to clients?   YES ☐   NO ☐
Communicate with clients?   YES ☐   NO ☐

**8(b)** If you did communicate with clients, was it to obtain information necessary to prepare tax returns?   YES ☐   NO ☐

**9.** As a Tax Senior, *what percentage of your time* was spent reviewing Tax Associates' work? _____%

**10.** Please briefly describe your duties in general categories and the % of time devoted to them. (e.g. "preparing 1120s – 50%") *Be sure to include BOTH CHARGEABLE and NON-CHARGEABLE hours actually worked. Your percentages should total 100%.*

_____
_____
_____
_____

Please use the reverse for additional remarks or comments.

**11.** If you would like to be added to the Plaintiffs' listserv to receive email updates on the lawsuit, please print your email address:

_____

**12.** Please print your name, sign, and date below:
NAME: _____
SIGNATURE: _____
DATE: _____

**12(b)** Would you be willing to sign a formal declaration regarding your experiences?   YES ☐   NO ☐

**13.** If you are willing to speak with us further, please provide your **telephone number** and the best time to call: _____