SEYFARTH SHAW LLP
Kenneth D. Sulzer (State Bar No. 120253)
Andrew M. Paley (State Bar No. 149699)
Sheryl L. Skibbe (State Bar No. 199441)
Regina A. Musolino (State Bar No. 198872)
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Email:  ksulzer@seyfarth.com; apaley@seyfarth.com
        sskibbe@seyfarth.com; rmusolino@seyfarth.com

Attorneys for Defendants
DELOITTE & TOUCHE LLP
DELOITTE TAX LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRADY, TRAVIS CALL, SARAH CAVANAGH, JULIA LONGENECKER, PEDRO NOYOLA and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C-08-00177 SI<br><br>The Honorable Susan Illston<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**<br><br>Date: May 30, 2008<br>Time: 9:00 a.m.<br>Courtroom: 10 |

LA1 6695219.1

**REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**
**C-08-00177 SI**

## I. INTRODUCTION

The First Amended Complaint is so devoid of factual allegations that it fails to inform Defendants for the basis of Plaintiffs' claims. Even in opposition to the Motion for More Definite Statement, Plaintiffs struggle to identify the few facts actually asserted in the FAC – salaried employees, who do accounting work, and work overtime. Plaintiffs defend their vaguely-defined putative class on the grounds that identification of job duties or job titles can be determined through discovery or when they file a motion for class certification.[1] There is no explanation for the paucity of facts regarding the named Plaintiffs themselves. Plaintiffs misstate the pleading requirements and seek to place the burden of determining the basis for their claims on Defendants.

Although Plaintiffs refuse to amend the FAC, they have provided a more definite statement of the putative class in two separate filings with the Court. Notably, the putative classes in these two filings differ not only from what is alleged in the FAC but also from each other. Despite their opposition, Plaintiffs concede that they will amend the complaint to alter the class definition, but only at "the appropriate time." (Pls' Opposition to the Motion for More Definite Statement, footnote 2). Plaintiffs' inconsistent allegations and the hopelessly vague FAC confirm the need for clarification of the First Amended Complaint.

## II. PLAINTIFFS HAVE NOT SATISFIED THE LEGAL STANDARD

The FAC fails to meet even the lenient notice pleading standards required by the Federal Rules of Civil Procedure. Fed. R. Civ. Proc. 8(a)(2) (short statement "showing that the pleader is entitled to relief.") As the United States Supreme Court clarified, the complaint must present "enough facts" to "nudge [a] claim across the line from conceivable to provable." *Bell Atlantic Corp. v. Twombly* 125

---

[1] Implicit in this argument is that Plaintiffs are currently unaware of who they seek to represent. If this is indeed true, then Plaintiffs may have filed their complaint prematurely without the appropriate factual and legal investigation and risk violating Rule 11.

S. Ct. 1955 (2007). The Court specifically "retired" the notion that a complaint should only be dismissed where "it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1965.

Plaintiffs erroneously argue that *Twombly* does not apply to matters involving employment litigation. Plaintiffs misunderstand *Twombly*. The Supreme Court did not limit the holding to antitrust litigation or require those plaintiffs to meet a heightened pleading standard. *Twombly* simply articulates the pleading requirements that Plaintiffs must meet to comply with Rule 8(a). Accordingly, the Ninth Circuit has applied *Twombly* in a wide variety of cases, including employment cases. *See, e.g., Weber v. Department of Veteran Affairs*, 2008 WL 901555, at *3 (9th Cir. April 4, 2008) (reiterating *Twombly* pleading standard in relation to claim under the Back Pay Act, 5 U.S.C. § 5596); *Perretta v. Prometheus Dev. Co.*, 2008 WL 795353, at *2 (9th Cir. March 27, 2008) (reiterating *Twombly* pleading standard in breach of fiduciary duty claim); *County v. Syngenta Seeds, Inc.*, 2008 WL 746986, at *13 n.8 (9th March 21, 2008) (recognizing that the Supreme Court "retire[d]" the 'no set of facts' standard and adopted a new "plausibility standard"); *Kendall v. Visa USA, Inc.*, 2008 WL 613924 (9th Cir. March 7, 2008) (dismissing antitrust complaint for failure to plead facts beyond mere conclusory allegations of law couched as factual allegations); *Maloney v. Scottsdale Ins., Co.*, 256 Fed. Appx. 29, 31 (9th Cir. 2007) (explaining that under *Twombly* a plaintiff must plead enough facts to state a claim for relief that is plausible on its face and dismissing complaint based thereon because of inconsistent allegations).

Because the FAC fails to specify job titles in the particular lines of service or division of each Defendant and fails to identify the actual job duties performed by

Plaintiffs or putative class members, Defendants are unable to determine who, if anyone, fits within the proposed class definition. *See Jones v. Casey's General Stores*, 2008 WL 731960, at 6 (S.D. Iowa 2008) (dismissing a FLSA collective action on the grounds that, under *Twombly*, it failed to allege a "single factual allegation that would permit an inference that even one member of Plaintiffs' class has 'a right to relief above the speculative level.'"). Plaintiffs do not address the fact that there are two legally-separate entities providing different services to different clients. They make no effort to define the meaning of "accounting work" despite the fact that Defendants provide audit, assurance, consulting, financial advisory, merger & acquisition, risk consulting, Sarbanes Oxley, and tax services to a wide variety of clients.

This is not simply an exercise by Defendants to obtain "additional details" about the putative class. It is an effort to require Plaintiffs to abide by the pleading requirements and set forth enough facts to identify the class of individuals they purportedly seek to represent so that Defendants can formulate a response to the complaint and before the parties engage in irrelevant and burdensome discovery. Plaintiffs' argument that the identification of job duties and job titles can be determined through discovery has been rejected by the Supreme Court. In *Twombly*, the Court cautioned courts to weed out those claims that have not "crossed the line from the conceivable to the probable . . . at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 125 S. Ct. at 1966.

Accordingly, since Plaintiffs have failed to meet the federal pleading requirements, the Court should require that they amend their complaint.

### III. PLAINTIFFS MAKE CONTRADICTORY STATEMENTS REGARDING THE SCOPE OF THE PUTATIVE CLASS

Plaintiffs defend the FAC's definition of the putative class as sufficiently clear so that any "details" of the class can be determined during discovery. As defined in the FAC, the purported class includes: all salaried persons employed by Defendants in California to do accounting work but were not licensed or certified by the State of California in the practice of accounting and were not paid overtime. FAC at ¶ 1.

In response to Defendants' Notice of Pendency of Other Actions, Plaintiffs offer a different definition of the proposed class. Plaintiffs expressly state that this action involves plaintiffs who worked in several different divisions of Defendants *including* Audit and Global Employers Services and Plaintiffs "intend to seek certification of classes based on those units." *See* Opposition to Notice of Pendency at page 2, lines 10-13.

In opposition to Defendants' Motion to Transfer Venue, Plaintiffs claim to represent a class of all exempt persons employed in Defendants' Audit line of service ("Audit") and the Global Employer Service practice ("GES") of Defendants' tax line of service." *See* Opposition to Motion to Transfer at page 1, lines 16-19. Yet, in footnote 3 to that Opposition, Plaintiffs offer to stay "any Lead Tax component of their case" pending the class certification decision in the *Mekhitarian* case. Opp. to Motion to Transfer at p. 4.

Given the disparity in Plaintiffs' articulation of the class definition, Defendants cannot possibly decipher who Plaintiffs purport to represent:

- All employees or only salaried or every exempt employees;
- who "do accounting work" (whatever that means);

- in Audit, GES or Lead Tax or ever division or specialty line of Deloitte Tax and Deloitte & Touche;
- with or without a CPA.

Until such time as Plaintiffs clearly articulate whom they purport to represent, Defendants cannot possibly file a responsive pleading.

## IV.   CASES CITED BY PLAINTIFFS ARE INAPPOSITE

Plaintiffs argue that the identification of job duties and job titles can be determined through discovery and that Defendants should wait until class certification to mount an attack on their insufficient pleadings. In support, Plaintiffs rely on three distinguishable cases.

In *Hamilton v. Signature Flight Support Corp.*, No. C 05-490 CW, 2005 WL 1514127, *1 (N.D. Cal. 2005), plaintiffs brought a race discrimination class action on behalf of African Americans who worked in defendants' San Francisco offices. Defendants moved to dismiss plaintiffs' causes of action for breach of contract/failure to investigate, all claims against defendants' parent corporation, and hostile environment, intentional infliction of emotional distress, and race discrimination and retaliation claims against certain individually-named defendants on the grounds that each claim was insufficiently plead. *Id.* at *4-*7. The court denied defendants' challenge as each cause of action put defendants on notice of who was making each claim and their grounds for relief. *Id.*

In *Baas v. Dollar Tree Stores, Inc.*, No. C 07-03108, 2007 WL 2462150, *2 (N.D. Cal. 2007), defendant brought a motion to strike or dismiss plaintiffs' overtime class allegations for employees who worked at Sonoma County Store locations prior to certification. The overtime allegation in *Baas* was not tied to the duties performed by putative class members. Rather, plaintiffs alleged that defendant's management altered employees' hours in the computer system by

6
**REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**
**C-08-00177 SI**

moving them to days in which the hours would not constitute overtime. *Id*. The court denied defendant's motion to strike or dismiss as premature given that discovery had not commenced and plaintiff had not moved for class certification yet. *Id*. at *3.

In *Beauperthuy v. 24 Hour Fitness USA*, No. 06-0715 SC, 2006 WL 3422198, *3 (N.D. Cal. 2006), defendants moved under Federal Rule of Civil Procedure Rule 23 (d)(4) for a more definite statement of how plaintiffs were entitled to relief in their FLSA class action. The court held that defendants' Rule 23(d)(4) motion was an improper attempt to "backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still ongoing." *Id*. Thus, defendants motion for a more definite statement was dismissed.

Defendants' Motion presents a very different scenario. Here, Plaintiffs set forth a claim for unpaid overtime compensation based on alleged misclassification of employees as exempt. The right to any relief is necessarily dependent upon the job duties performed by the putative class. Defendants must know which employees and job duties are at issue to mount a defense.

Contrary to Plaintiffs' arguments and case law cited in opposition, Defendants do not seek to strike or dismiss Plaintiffs' class allegations or to oppose class certification. Rather, Defendants seek to an order requiring Plaintiffs to comply with federal pleading requirements.

## V. COUNSEL IS REQUIRED TO CONDUCT A REASONABLE INQUIRY PRIOR TO THE FILING OF A COMPLAINT

Plaintiffs are not only required to plead facts to meet federal pleading standards but they, and their counsel, have a duty to investigate the legal and factual basis for any claims prior to the filing of any complaint and not simply

7

**REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**
**C-08-00177 SI**

LA1 6695219.1

assert overly generalized claims hoping to sort them out through the discovery process. Under Federal Rule of Civil Procedure 11, when an attorney signs a pleading or other motion, they certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support...." Fed. R. Civ. P. 11(b)(3). Congress intended Rule 11 to reduce baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990); *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F. 2d 1531, 1542 (9th Cir. 1986). Consequently, Rule 11 requires attorneys to make a reasonable investigation of the facts and law before signing and submitting any pleading, motion, or other paper. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 550 (1991) (emphasis added).

In other words, the Rule requires attorneys to "think first and file later" and to establish a legal basis for their claim prior to filing. *Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir. 1986); *see Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986). Plaintiff's counsel may not place the burden of investigating the legal sufficiency of a claim on defense counsel. *See Land v. Chicago Truck Drivers Union*, 25 F.3d 509, 517-18 (7th Cir. 1994) (holding that reasonable investigation would have revealed that no legal basis existed for asserting claim).

The appropriate time to identify whether a claim can be asserted under the law and whether there is factual support for a claim is before filing a complaint, not afterwards, as Plaintiffs have done in this case. This is particularly true when the relevant information is known by the Plaintiffs. If, as alleged in the FAC, Plaintiffs are truly adequate class representatives for the putative class they seek to represent, then they should be able to set forth with specificity the class

parameters. If they cannot do so, then this case should not have been brought as a class action.

## VI. CONCLUSION

Based on the foregoing and the moving papers, Defendants respectfully request that this Court grant its motion.

DATED: May 16, 2008

SEYFARTH SHAW LLP

By: _____
Sheryl Skibbe
Attorneys for Defendants
DELOITTE & TOUCHE, LLP and
DELOITTE TAX, LLP

---

9

**REPLY IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**
**C-08-00177 SI**

LA1 6695219.1