**MILSTEIN, ADELMAN & KREGER, LLP**
WAYNE S. KREGER, State Bar No. 154759
WILLIAM A. BAIRD, State Bar No. 192675
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone:   (310) 396-9600
Facsimile:   (310) 396-9635
Email:         Wkreger@maklawyers.com
                   TBaird@maklawyers.com

**LAW OFFICE OF STEVEN ELSTER**
STEVEN ELSTER, State Bar No. 227545
785/E2 Oak Grove Road, #201
Concord, CA 94518-3617
Telephone:   (925) 324-2159
Facsimile:   (925) 945-1276
Email:         manfromcal@sbcglobal.net

Attorney for Plaintiffs James Brady,
Travis Call, Sarah Cavanagh,
Julia Longenecker, Pedro Noyola &
Christopher Sulit

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| JAMES BRADY,  SARAH CAVANAGH, and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated, | **CASE NO.: 3:08-cv-00177 SI**  **Hon. Susan Illston**  **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
|             Plaintiffs, | |
|     vs. | |
| DELOITTE & TOUCHE LLP, a limited liability partnership; and DOES 1-10, inclusive, | **Date: August 15, 2008**  **Time: 2:00 p.m.**  **Courtroom: 10** |
|             Defendant. | |

1

1    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Northern

2  District of California Local Rule 26-1, Plaintiffs James Brady, Sarah Cavanagh, and

3  Christopher Sulit  (collectively "Plaintiffs") and Defendant DELOITTE & TOUCHE

4  LLP ("Defendant" or "DELOITTE")[1], submit the following report:

5  **I.    BRIEF FACTUAL SUMMARY OF CASE**

6      **A.    Brief Procedural History**

7      Plaintiffs filed the initial complaint in this case on January 10, 2008. Plaintiffs

8  filed a first amended complaint on February 8, 2008.  Plaintiffs did not receive an

9  amended summons until on or about February 19, 2008. Plaintiffs contend that they

10  attempted to serve Defendant in the state of California on February 29, 2008, but

11  service was rejected. Plaintiffs then served Defendant by mail on March 24, 2008.

12  Thereafter, the parties stipulated to extend Defendant's time to respond to the

13  complaint until April 25, 2008.

14      On April 25, 2008, Defendant filed a Notice of Pendency of Other Actions, on

15  the grounds that the matter *Stepan Mekhitarian v. Deloitte & Touche, (ICS) LLC and*

16  *Deloitte Tax, LLP* is currently pending in the United States District Court for the

17  Central District of California as Case No. CV-07-00412-DSF (MAN) contains factual

18  allegations and legal issues that are the same or substantially overlap those in the

19  instant case.  Plaintiffs filed an objection to the Notice Of Pendency of Other Actions.

20      Additionally, on April 25, 2008, Defendant filed a motion for a more definite

21  statement and a motion to transfer the action to the Central District of California.

22  Plaintiffs filed oppositions to the motions.  On May 30, 2008, the Court heard and

23  denied the motions, without prejudice, and ordered Plaintiffs to file an amended

24  complaint clarifying the scope of the putative class.

25      On June 30, 2008, Plaintiffs filed a Second Amended Complaint, which, by

---

[1] The Parties have agreed to a stipulation, and intend to submit it the Court, to dismiss Deloitte Tax
LLP, originally an additional defendant, without prejudice.

**Case Management Conference Statement**
**CASE NO.: C-08-00177 SI**
LA1 6694078.1

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1  stipulation and order of the Court, Defendant answered on August 4, 2008.

2      On July 31, 2008, Defendant filed a Notice of Substitution of Counsel for

3  Defendant Deloitte & Touche LLP.

4      **B.      Plaintiffs' Contentions**

5      Plaintiffs allege, among other things, that certain employees at Deloitte were

6  misclassified as exempt employees and should not have been paid on a salaried basis;

7  rather, plaintiffs allege that these employees should have been classified as

8  nonexempt "hourly" employees and paid overtime compensation for working more

9  than eight (8) hours per day or forty (40) hours per week.  Plaintiffs have alleged

10  causes of action for (1) failing to pay overtime; (2) missed meal and rest breaks; (3)

11  failure to provide appropriate paystubs; (4) failure to timely pay all wages due; and

12  (5) violations of Business and Profession code section 17200.

13      Plaintiffs' contend that the class members were uniformly not properly

14  classified as exempt.  Plaintiffs further contend that the class members were not

15  exempt pursuant to the executive, professional, or any other exemption provided

16  under California law.

17      **C.      Defendant's Contentions**

18      Defendant denies that it owes Plaintiffs or any other putative class member

19  overtime wages and penalties.  Defendant also denies that Plaintiffs or any other

20  putative class member are entitled to compensation for alleged missed meal and rest

21  breaks.  Defendant contends that Plaintiffs and any other putative class members were

22  and are properly classified as exempt employees under the administrative exemption.

23  Plaintiffs and the purported class are paid on a salary basis at a level of at least twice

24  the state minimum wage.  At least half of the work time of Plaintiffs and the

25  purported class involves the performance of office or non-manual work directly

26  related to Defendant's general business operations.  Plaintiffs and purported class

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

3

members perform their jobs only under general supervision and work along specialized or technical lines in work requiring special training, experience, or knowledge and they customarily and regularly exercise discretion and independent judgment in carrying out their job duties as to matters of significance to the business.

Additionally, Defendant contends that many, if not all, of the purported class members who work or have worked in the same positions as Plaintiffs are exempt employees for purposes of the professional and executive exemptions under Wage Order No. 4-2001.

### D.    Jurisdiction

This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 on the grounds that the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of Defendant.

## II.    REPORT OF CONFERENCE OF PARTIES PERSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULE 26-1

### A.    Complex Case.

This case is pled as a class action.  The parties agree that this case is complex.  The parties believe the use of the Manual For Complex Litigation may be appropriate.

### B.    Settlement And Alternative Dispute Resolution.

Plaintiffs are willing to participate in mediation currently.  Defendant does not believe mediation efforts would be fruitful at this time, but will revisit the possibility of mediation after the parties have had sufficient time to conduct meaningful discovery.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

4

**C.    Discovery Plan.**

    **1.  Rule 26(a)(1) Initial Disclosures:** The parties served initial disclosures pursuant to Rule 26(a)(1) on May 20, 2008.

    The parties agreed to exchange Rule 26 information on Plaintiffs' individual claims until and unless a class is certified.  If the case is certified, additional Rule 26 disclosures will be made.

    Plaintiffs do not believe that Defendant's suggested phased discovery plan will be helpful.  Plaintiffs believe that the distinction between "merits" and "class discovery" is blurry at best, especially in cases like this. The factual overlap between Defendant proposed categories of discovery will be particularly great in light of the subject matter of Plaintiffs' claims.  The ultimate factual questions center on Defendant's policies and procedures relating to the compensation paid to Plaintiffs and the putative class, the hours worked by Plaintiffs and the putative class and primary job duties of Plaintiffs and the putative class.  These questions are also germane to class certification.

    Moreover, it is highly unlikely that the parties will agree as to what constitutes appropriate class certification discovery and what should be reserved for merits discovery.  The parties will be forced to turn to the Court for guidance and to resolve disputes.  Finally, as Plaintiffs bear the burden of proof in class certification and the majority of relevant discovery is in Defendant's possession, Plaintiffs could potentially be prejudiced by her inability to obtain discovery that Defendant classifies as "merits" discovery prior to filing her collective/class certification motions.  That said, Plaintiffs do believe damage discovery is something that can generally be agreed to and defined.  Accordingly, Plaintiffs are willing to bifurcate such discovery.

    Defendant suggests the following phased discovery.  Phase I will be limited to certification issues, with a cut-off as of the class certification motion hearing.  Phase

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

5

II of the discovery process will deal with liability and damages. Defendant then suggests that the parties request a status conference to follow the class certification motion hearing to propose additional deadlines for Phase II discovery. Defendant suggests that the parties then will propose additional discovery deadlines within two weeks after the class certification hearing.

Alternatively, Defendant proposes a discovery cut-off for Phase II discovery to be 90 days prior to trial.

## 2. Anticipated Discovery:

The parties discussed the type of discovery anticipated in this case.

Plaintiffs intend to serve written discovery which will consist of interrogatories, requests for production, and requests for admission.

Plaintiffs intend to seek among other things, documents relating to the policies and procedures relevant to the claims being made in the lawsuit, training materials, plans and checklists (where appropriate such as audit and/or tax), manuals for accounting programs, the accounting programs in electronic format, a list of the names and contact information of the members of the putative class, and their pay-records and time records.

Plaintiffs anticipate that Defendant may refuse to produce certain information without a court order. Taking these issues into account, Plaintiffs do not believe written discovery will be completed prior to sometime in October of 2008. After completing written discovery and any motions to compel, Plaintiffs intend to take depositions of Persons Most Knowledgeable regarding Defendant's policies and procedures as they relate to the claims in the complaint as well as depositions of other management personnel of Defendant. Plaintiffs believe at least 90 days will be necessary to complete all expected depositions in this case.

6

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

At this time, Defendant currently intends to depose Plaintiffs and any declarants used in support of Plaintiffs' motion for class certification. Defendant also intends to propound document requests, interrogatories and requests for admission.

### 3. Date For Initial Written Discovery Requests:

The parties have agreed that the first date by which written discovery may be served is August 18, 2008.

### 4. Preservation of Evidence:

Plaintiffs request that Defendant preserve and maintain all documents and electronic data relating to compensation information for class members including, payroll records, TimenX records, time cards, training lessons, plans and checklists (for audit, tax and where otherwise appropriate) and authorization forms in employment files.

Both parties acknowledge their duty to preserve relevant documents in accordance with relevant rules and case law.

The parties continue to meet and confer on e-discovery issues. Defendant is in the process of investigating what electronic information is inaccessible.

The parties agree that the failure to designate and the subsequent production of electronically stored information that is subject to a claim of privilege or of protection as trial-preparation material shall not be deemed and shall not serve as a basis for claiming a waiver of the privilege or doctrine protecting such information. This agreement constitutes an express reservation of any party's claim of privilege or application of doctrine with respect to electronically stored information produced.

### 5. Changes To Discovery Limitations:

Plaintiffs propose limiting the number of interrogatories that can be propounded by both sides to no more than fifty (50) interrogatories in total.

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

7

Defendant does not believe that there is any reason to increase the limit of interrogatories beyond the 25 permitted interrogatories set forth in FRCP 33(a)(1).

Defendant proposes, and Plaintiffs agree, that the depositions taken pursuant to FRCP 30(b)(6) will not exceed a collective total of 21 hours.  To the extent, Defendant finds it necessary to designate multiple witnesses to testify, the parties agree to revisit this initial agreement.

### 6.  Entry Of An Appropriate Protective Order:

The parties agree that entry of a protective order is appropriate and are currently working to come to agreement on a joint protective order for the Court's consideration.

### D.  Motions.

Plaintiffs intend to file a motion for class certification.  Plaintiffs also anticipate filing a motion for summary judgment.

Defendant currently intends to file a motion for summary judgment on the issue of whether Plaintiffs were properly classified as exempt employees. Defendant may also file a motion to deny class certification.

### E.  Additional Parties.

At this point, neither the Plaintiffs nor the Defendant anticipates naming additional parties.

### F.  Magistrate.

The parties do not wish to have a magistrate judge preside.

8

**Case Management Conference Statement**
**CASE NO.: C-08-00177 SI**
LA1 6694078.1

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1

**G.    Trial Estimate.**

2

The length of trial in this case will depend on whether a class is certified and

3

as to what claims; accordingly, an estimated trial length, if a class certified, is

4

premature at this time. If a class is not certified, Defendant estimates that the length

5

of trial will be 4-5 days.

6

**H**.    **Dates.**

7

**1**.  **Class Certification Brief Filing Date:**

8

Based on the expected amount of discovery, the need to sufficiently

9

investigate the case with other class members, and the amount of time necessary to

10

seek certification in similar cases against different defendants, Plaintiffs believe May

11

20, 2009 is an appropriate date for filing a class certification motion.

12

The parties propose the following class certification briefing schedule:

13

May 20, 2009: Deadline to filing motion for class certification

14

June 20, 2009: Deadline to file opposition brief

15

July 20, 2009: Deadline to file reply brief

16

August 3, 2009 or thereafter: Hearing.

17

**2**.  **Expert Witnesses:**

18

At this point, neither the Plaintiffs nor the Defendant anticipates the use of

19

expert witnesses in advance of class certification proceedings.  The parties request

20

that the dates for exchange of expert reports be set following the hearing on the class

21

certification motion.  Should either party determine that it will seek to introduce

22

expert witnesses' testimony in advance of or in support of class certification

23

proceedings, the parties will meet and confer about an appropriate schedule for the

24

identification of such experts, the exchange of expert reports, and the deposition of

25

such experts.  In the event that the parties cannot agree on these issues, they will seek

26

the assistance of the Court.

27

28

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

9

**Case Management Conference Statement**
**CASE NO.: C-08-00177 SI**
LA1 6694078.1

3.    **Trial Date**

The parties believe that it is premature to set a trial date prior to a ruling on Plaintiffs' anticipated motion for class certification.  The parties propose that the Court set a further scheduling conference after the hearing on the motion for class certification to discuss an appropriate trial date. Alternatively, the parties propose that if certification is denied, the parties request that the Court set a trial date in July of 2009.

I.    **Expedited Schedule.**

The parties agree that this matter is not a case that can be handled on an expedited basis.

J.    **Disclosure of Non-Party Interested Entities or Persons**.

All parties have filed a "Certification of Interested Entities or Persons."

Plaintiffs state that other than the named parties, there is not such interest to report.

Defendant states that all named Plaintiffs may have a pecuniary interest in the outcome of this case.  Defendant also states that Deloitte LLP may have a financial interest in the outcome.  Defendant is a subsidiary of Deloitte LLP.  In addition, because this action purports to be an action on behalf of other putative class members, it is possible that other former or current employees of the defendants listed above may ultimately have a financial interest in this action as well.

K.    **Relief Requested**

Plaintiffs' computation of damages will include the following:

injunctive relief;

damages for overtime wages not paid as required by California law;

damages for meal periods not provided as required by California law;

10

Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

1  interest;

2  statutory penalties;

3  liquidated damages;

4  attorneys' fees; costs and expenses;

5  compensatory damages;

6  punitive and exemplary damages; and,

7  restitution.

8  A specific computation of the aforementioned categories of damages is not

9  possible at this time as Plaintiffs do not have access to all required information.

10  However, generally speaking, the named Plaintiffs' individual damages, and the

11  damages of all other "class members" will be calculated based on hours worked,

12  wages paid/unpaid. This information will be derived from documents to be produced

13  by Defendant and the testimony of witnesses.  Expert analysis may also be necessary.

14

15  COUNSEL FOR PLAINTIFFS

16

17

18  DATE:  August 14, 2008          By_____/s/ William A. Baird_____
19                                 William A. Baird
20                                 Milstein, Adelman & Kreger, LLP

21

22  COUNSEL FOR DEFENDANTS

23

24

25  DATE:  August 14, 2008          By_____/s/ Linda E. Shostak_____
26                                 Linda E. Shostak
27                                 Morrison & Foerster LLP
28

*Left margin (vertical):* Milstein, Adelman & Kreger, LLP
2800 Donald Douglas Loop North
Santa Monica, CA 90405

11

**Case Management Conference Statement**
**CASE NO.: C-08-00177 SI**
LA1 6694078.1