LINDA E. SHOSTAK (CA SBN 64599)
LShostak@mofo.com
JAMES E. BODDY, JR. (CA SBN 65244)
JBoddy@mofo.com
KATHRYN M. DAVIS (CA SBN 203454)
KathrynDavis@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
DELOITTE & TOUCHE LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES BRADY, SARAH CAVANAGH, and CHRISTOPHER SULIT, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>DELOITTE & TOUCHE LLP, a limited liability partnership; DELOITTE TAX LLP; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.   C-08-00177-SI<br><br>**HON. SUSAN ILLSTON**<br><br>**STIPULATED PROTECTIVE ORDER [PROPOSED]** |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, partners, principals, and employees.

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury to the Producing Party or to a nonparty.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees, partners, or principals of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a current employee, partner, or principal of a Party or of a competitor of a Party (where competitors are limited to those entities whose primary business consists of providing auditing and attest services) and who, at the time of retention, is not anticipated to become an employee, partner, or principal of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to

1 limit any such designation to specific material that qualifies under the appropriate standards. A
2 Designating Party must take care to designate for protection only those parts of material,
3 documents, items, or oral or written communications that qualify — so that other portions of the
4 material, documents, items, or communications for which protection is not warranted are not
5 swept unjustifiably within the ambit of this Order.

6 Mass, indiscriminate, or routinized designations are prohibited. Designations that are
7 shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
8 unnecessarily encumber or retard the case development process, or to impose unnecessary
9 expenses and burdens on other parties), expose the Designating Party to sanctions.

10 If it comes to a Party's or a non-party's attention that information or items that it
11 designated for protection do not qualify for protection at all, or do not qualify for the level of
12 protection initially asserted, that Party or non-party must promptly notify all other parties that it is
13 withdrawing the mistaken designation.

14 5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order
15 (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,
16 material that qualifies for protection under this Order must be clearly so designated before the
17 material is disclosed or produced.

18 Designation in conformity with this Order requires:

19 (a) <u>for information in document form</u> (apart from transcripts of depositions or
20 other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
21 or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page that contains
22 protected material. If only a portion or portions of the material on a page qualifies for protection,
23 the Producing Party also must clearly identify the protected portion(s) (e.g., by making
24 appropriate markings in the margins) and must specify, for each portion, the level of protection
25 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'
26 EYES ONLY").

27 A Party or non-party that makes original documents or materials available for
28 inspection need not designate them for protection until after Counsel for the inspecting Party has

indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  After Counsel for the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

A Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only." Where a Producing Party produces an image of a computer hard drive for inspection by another Party, the Producing Party may designate the entire drive "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." In such case, Counsel for the Receiving Party must identify in writing which particular files or documents from said image Counsel intends to disclose to its client. The Producing Party shall have ten (10) days from the receipt of such identification to inform the Receiving Party in writing as to which of the identified documents, and/or portions thereof, are considered entitled to protection, in accordance with section 5.2(a), above, as it applies to materials made available for inspection.

Neither designation of Discovery Material as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" nor production of such material in the course of discovery shall not constitute or be construed as an admission that the Discovery Material so designated or produced is relevant to any issue in this action, reasonably calculated to lead to the discovery of admissible evidence, nor admissible at trial or otherwise. Designation of Discovery Material as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" shall be in addition to and not in lieu of any other protections provided by law.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3     Judicial Intervention.  If no resolution regarding the challenge to a confidentiality designation is reached within twenty (20) days of the date of the meet-and-confer session held pursuant to section 6.2, the material so designated will lose its confidentiality designation unless the Designating Party on or before such twentieth (20th) day has filed and served a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking an order designating the material as confidential.  Both such motion and any opposition thereto must be accompanied by a competent declaration affirming that the party has complied with the meet-and-

confer requirements of section 6.2 or setting forth good cause to be relieved of such requirements. Upon the filing of the Designating Party's motion, the material subject to the challenge shall retain its confidentiality designation while such motion is pending.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 Basic Principles. Except as agreed otherwise in writing by the Producing Party, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

    (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) Parties, including the officers, directors, partners, principals, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)  the Court and its personnel;

    (e)  court reporters and their staffs;

    (f)  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (g)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (h)  the author of the document or the original source of the information.

  7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL ☐ ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

    (a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)  Receiving Party's House Counsel;

    (c)  Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

    (d)  the Court and its personnel;

    (e)  court reporters and their staffs;

    (f)  professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

    (g)  during their depositions, Expert witnesses or representatives of the Designating Party in the action to whom disclosure is reasonably necessary and who, in the case

of Expert witnesses, have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (h)    the author of the document or the original source of the information.

7.4 Notwithstanding the foregoing, nothing in this Protective Order shall be deemed to restrict or condition in any manner the use by any Party of its own documents, information, or materials, even if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ☐ ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by fax, if possible) immediately, and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material ☐ and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

1  Nothing in this Protective Order shall be deemed to relieve any Party of any obligation it may
2  have under applicable law to disclose Protected Material in response to a court order, subpoena or
3  written request by a governmental entity, provided however that to the extent permitted by law,
4  the notice procedures set forth in this Protective Order shall apply to such orders, subpoenas and
5  requests.

6  9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
8  Material to any person or in any circumstance not authorized under this Stipulated Protective
9  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the
10 unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)
11 inform the person or persons to whom unauthorized disclosures were made of all the terms of this
12 Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to
13 Be Bound" that is attached hereto as Exhibit A.

14 10.    FILING PROTECTED MATERIAL

15      Any Party wishing to file with the Court Protected Material designated by another Party or
16 by a non-Party, or any pleading or other document disclosing the substance of such Protected
17 Material, shall comply with either of the following requirements:

18     a.     At least thirty (30) days before the submission of the Protected Material, or of any
19 pleading or other document disclosing the substance of such Protected Material, the submitting
20 Party shall give notice to all other Parties, and to any non-Party that designated the material
21 pursuant to this Protective Order, of the submitting Party's intention to file the Protected Material,
22 including specific identification of the material by Bates number or other adequate identifier.
23 Any affected Party or non-Party may then file a motion to seal pursuant to Local Rule 79-5.

24     b.     At the time of submitting the Protected Material, or of any pleading or other
25 document disclosing the substance of such Protected Material, the submitting Party complies with
26 the following protocol:

27
28

      (1) the Protected Material, or pleading or other document disclosing the substance of such Protected Material, is enclosed in a sealed envelop, served on all other Parties, and provided to the Court's chambers only, without being filed with the Clerk of Court;

      (2) affixed to the envelop there must be a cover sheet containing the case caption, a conspicuous legend stating "CONDITIONALLY UNDER SEAL," and a statement that the enclosed material shall be filed openly with the Clerk of the Court unless within thirty (30) days a motion to seal has been filed, with the disposition of the enclosed material then to be governed by the Court's ruling on such motion;

      (3) the submitting Party shall give notice to any non-Party that designated the material that such material, clearly identified, has been submitted to the Court;

      (4) within the time period described in subpart 10.b(6) below, any affected Party or non-Party may file a motion to seal pursuant to Local Rule 79-5;

      (5) any material submitted to the Court "CONDITIONALLY UNDER SEAL" in the manner described in this section will not be filed with the Clerk of Court until the Court rules on motion(s) to seal that may be filed by affected Parties or non-Parties, with the disposition of the enclosed material to be governed by the Court's ruling on such motion; and

      (6) if no Party or non-Party files a motion to seal within thirty (30) days of the submission of the Protected Material or of the pleading or other document disclosing the substance of such Protected Material, or alternatively, within thirty (30) days of filing its substantive response, if any, to the brief which relied upon that Party's Protected Material, the submitting Party will file the material, unsealed, with the Clerk of Court, within ten (10) days.

11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return to the Producing Party or destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or

entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

12. <u>MISCELLANEOUS</u>

    12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2    <u>Right to Redact</u>. Nothing in this Order abridges the right of any person to redact from any Disclosure or Discovery Material, as permitted by applicable law, any information that could be designated as Protected Material.

    12.3    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**MILSTEIN, ADELMAN & KREGER, LLP**

DATED: March 6, 2009      */s/ Launa N. Everman*
Attorneys for Plaintiffs James Brady, Sarah Cavanagh, and Christopher Sulit

**LAW OFFICE OF STEVEN ELSTER**

DATED: March 9, 2009      */s/ Steven Elster*
Attorneys for Plaintiffs James Brady, Sarah Cavanagh, and Christopher Sulit

|   |   |   |
|---|---|---|
| 1 |  | **MORRISON & FOERSTER LLP** |
| 2 | DATED: March 9, 2009 | /s/ Linda E. Shostak |
|   |   | Attorneys for Defendant Deloitte & Touche LLP |

**ECF CERTIFICATION**

The filing attorney attests that he has obtained concurrence regarding the filing of this document from each of the signatories to the document.

Dated: March 9, 2009          By:   /s/ James E. Boddy, Jr.
                                         James E. Boddy, Jr.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:_____          _____
                                United States District Judge Susan Illston

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____

_____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California at San Francisco on _____ in the case of *James Brady, Sarah Cavanagh, and Christopher Sulit, individually and on behalf of all others similarly situated, v. Deloitte & Touche LLP, et al.*, C-08-00177SI. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California at San Francisco for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
Signature _____

Stipulated Protective Order [Proposed]
Case No. C-08-001770-SI
sf-2624811

14