**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 12, 2010

Writer's Direct Contact
(415) 268-707202
Telefacsimile: (415) 268-7522
LShostak@mofo.com

The Honorable Susan Illston
Judge, United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *Brady, et al., v. Deloitte & Touche LLP*, Case No. C-08-00177-SI

Dear Judge Illston:

The parties in the above matter are jointly sending this letter to request the assistance of the Court in resolving a discovery dispute concerning depositions noticed by Plaintiffs for January 18 and 19, 2010. The individuals whose depositions have been noticed submitted declarations in support of Defendant's opposition to Plaintiffs' class certification motion. The positions of the parties are set forth below. The parties have been unable to resolve the dispute notwithstanding good faith efforts to meet and confer. Should the Court desire argument, the parties request a telephone conference with the Court as early as practicable during the week of January 11, 2010 to resolve the matter.

**Defendant's Position**

On January 6, 2010, almost six months after the close of pre-certification discovery, Plaintiffs noticed the depositions of three employees of Defendant Deloitte and Touche LLP ("Deloitte") who filed declarations in support of Deloitte's opposition to Plaintiffs' motion for class certification. Deloitte opposes the depositions on the grounds that pre-certification discovery is closed, that Plaintiffs never indicated in any of numerous case management conference statements that such discovery was contemplated, and that it would be unfair now to permit Plaintiffs to depose Deloitte's declarants when Deloitte abided by the discovery orders in this case and did not seek to depose Plaintiffs' declarants. Deloitte asks that Plaintiffs not be permitted to reopen discovery.

The dispute arises in connection with Plaintiffs' motion for class certification, which was filed November 24, 2009. Defendant's opposition, filed December 24, 2009, included declarations from the three employees now sought to be deposed. Plaintiffs' reply is due

sf-2788690

MORRISON | FOERSTER

Hon. Susan Illston
January 12, 2010
Page Two

January 28, 2010, and the hearing on the motion is scheduled for February 19, 2010.[1] On January 4, 2010, Plaintiffs notified Defendant by email that they wanted to take the depositions during the week of January 14, 2010. Defendant notified Plaintiffs by email on January 5, 2010 that such discovery was not appropriate.[2] Plaintiffs served notices of the depositions by email on January 6, 2010. The parties met and conferred by email and by telephone thereafter and were unable to resolve the dispute.

Pursuant to the Court's order dated July 10, 2009 (a copy of which is attached),[3] pre-certification discovery closed July 24 with specific exceptions noted for the depositions of plaintiffs (to be completed by August 14) and Rule 30(b)(6) depositions (to be completed by September 15). No exception to the close of discovery was provided for depositions of declarants in support of or in opposition to a motion for class certification. Subsequent to the July 10 order, the court modified the discovery schedule pursuant to the parties' stipulation to permit discovery regarding an additional plaintiff added after the close of discovery.[4] No other changes in the discovery cut-off have been sought or ordered.

In none of the four joint case management conference statements filed in this case did Plaintiffs give any indication that they intended to take the depositions of declarants supporting Defendant's opposition to class certification.[5] Nor was this mere oversight, since Plaintiffs were fully aware that in the first two case management conference statements, *Defendant* had noted that its intention to take the depositions of declarants supporting Plaintiffs' motion for class certification.[6] Subsequently, Defendant dropped this provision, and since the third case management conference statement filed on July 2, 2009, neither party has sought such discovery.[7] As noted, the parties did not seek and the court did not order any exception to the July 24 discovery cutoff for declarant depositions.

In reliance on the discovery plan thus established, Defendant did not seek to depose any of the individuals who filed declarations in support of Plaintiffs' motion for class certification, and Defendant filed its opposition to the motion without the benefit of such discovery. To permit Plaintiffs now to take the depositions of Defendant's declarants and to use such discovery in their reply brief would thus give them a significant and unfair advantage, particularly since Defendant will have no opportunity to respond.

---

[1] Stipulation and Order Modifying Class Certification Briefing Schedule (filed Nov. 24, 2009)
[2] Defendant's January 5 email to Plaintiffs' counsel inadvertently was sent to the prior firm of Mr. Baird. Another copy of the email was correctly sent to Mr. Baird on January 6.
[3] Civil Pretrial Minutes filed July 10, 2009 at p. 1.
[4] *See* Stipulation and Order Rescheduling Class Certification Schedule and Setting Discovery Deadlines filed October 8, 2009 at p. 3.
[5] *See* Joint CMCS filed May 9, 2008 at p. 9; Joint CMCS filed August 14, 2008 at p. 7; Joint CMCS filed July 2, 2009 at p. 4; Joint CMCS filed October 2, 2009 at p. 3
[6] Joint CMCS filed May 9, 2008 at p. 9; Joint CMCS filed August 14, 2008 at p. 7.
[7] Joint CMCS filed July 2, 2009 at p. 4; Joint CMCS filed October 2, 2009 at p. 3

sf-2788690

MORRISON | FOERSTER

Hon. Susan Illston
January 12, 2010
Page Three

    Moreover, Plaintiffs had ample time and opportunity prior to filing their motion for class certification to include the deposition of declarants in the discovery plan for the case. They did not, and they should not be permitted to revise the plan at the eleventh hour to their one-sided advantage. To the extent that the discovery relates to the merits of the case, it can be pursued if appropriate after the Court's ruling on the motion for certification, and such merits evidence would be inappropriate for the certification motion in any event. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (preliminary determination of the merits in ruling on motion for class certification improper)

    Plaintiffs contend that the July 24, 2009 discovery cut-off applies only to party discovery and not to third-party discovery. Nowhere does the Court's order so state. Rather, the Court's Civil Pretrial Minutes dated 7/10/09 notes as "ORDERED AFTER HEARING" various deadlines, including "Pre-certification Discovery - 7/24/09." A discovery cut-off ends all discovery, without regard to whether the discovery pertains to parties or otherwise. Civ. L. R. 26-2 ("Unless otherwise ordered, as used in any order of this Court or in these Local Rules, a 'discovery cut-off' is the date by which all responses to written discovery are due and by which *all depositions* must be concluded.")(emphasis added)  The parties sought and the Court ordered later deadlines for certain party discovery, but the parties never sought and the Court never ordered any exception for depositions in support of or in opposition to the class certification motion.

    Plaintiffs also contend that it would be unfair to deny them the depositions, even though Defendant did not depose their declarants. They assert that Defendant was able to use performance scorecards filled out by Plaintiffs' declarants to counter the declarations, whereas Plaintiffs do not have scorecards for Defendant's declarants. Plaintiffs certainly knew of the existence of scorecards and could timely have requested either a sampling of same for class members (they have them for the Plaintiffs themselves) or could have requested in generic terms the scorecards of any employee submitting a declaration in support of Defendant's opposition to class certification.[8]  They did not, and should not at this late date be relieved of their own oversight. Notwithstanding the foregoing, should the Court conclude that Plaintiffs have been disadvantaged, Defendant suggests that the Court could correct this by ordering Defendant to produce to Plaintiffs the scorecards for the individuals sought to be deposed. In this manner, they would have the same resources available as did Defendant, and any disadvantage would be eliminated without imposing on the employee deponents.

    Finally, Deloitte and the three employees are at the onset of the heavy busy season when work demands for auditing of clients' financial statements increase significantly. James LaCamp is scheduled to work at a client's in Denver, Colorado for the remainder of this week and all of the week of January 18. Eric Wang has an S-1 filing deadline at the end

---

[8] Neither Plaintiffs nor Defendant amended their initial disclosures to include the names of their declarants.

sf-2788690

**MORRISON | FOERSTER**

Hon. Susan Illston
January 12, 2010
Page Four

of January which entails a very heavy workload for the next several weeks. To pull these employees from the auditing engagements to which they are committed for depositions would be a substantial hardship on the employees and on Deloitte.

For all of these reasons, Deloitte respectfully requests that the Court not grant Plaintiffs an exception to the discovery cut-off for the depositions now sought.

**Plaintiffs' Position**

Plaintiffs seek to take short, focused depositions (no more than 4 hours each) of three of the twelve declarants Defendant Deloitte & Touche ("Deloitte") utilizes in opposing Plaintiffs' class certification brief. With the exception of one of Deloitte's witnesses who was deposed pursuant to Federal Rule of Civil Procedure 30(b)(6), none of the witnesses were previously disclosed to Plaintiffs. As a result, Plaintiffs have never had the opportunity to take their depositions. Courts have commonly held that good cause exists for the depositions of declarants submitted in support of or in opposition to a class certification brief. *See e.g., Moreno v. Autozone*, 2007 WL 2288165 * 1 (N.D. Cal 2007) (allowing party opportunity to take depositions of certification declarants).

Deloitte refuses to produce these witnesses on three grounds: 1) that certification discovery closed on July 24, 2009, 2) that Plaintiffs never requested previously to take discovery of declarants, and 3) that it would be unfair for Plaintiffs to take the depositions when Defendant chose not to take the depositions of Plaintiffs' declarants. Each of these grounds is incorrect and does not preclude the depositions Plaintiffs seek to take. Good cause exists for the depositions to proceed as noticed.

The crux of Deloitte's argument against Plaintiffs' depositions rests on the assertion that a sweeping certification discovery cut-off was imposed in this action as of July 24, 2009 and that since the depositions were not taken at that time, Plaintiffs are precluded from doing so now. This argument fails for two primary reasons. One, it is an overly broad reading of the Court's order and two, it wrongly assumes that a deadline would preclude discovery of previously undisclosed declarants.

Deloitte's interpretation of the Court's order of July 10, 2009, which was intended to reflect the plan in the parties' joint case management statement, is overly broad. When viewed in the context of the case management statement submitted by the parties in advance of that Order, it is apparent that the Order is more limited than Deloitte purports. The parties' joint case management conference statement on July 2, 2009 makes it clear that the intent of the discovery schedule was to put into place deadlines for <u>specific discovery events</u> that were necessary prerequisites <u>to begin the class certification briefing process</u>. ("The parties anticipate limited additional discovery *prior* to the certification briefing set forth below." (CMC Statement 7/2/2009 p.4:20-21, emphasis added)). Plaintiffs did not intend to

sf-2788690

MORRISON | FOERSTER

Hon. Susan Illston
January 12, 2010
Page Five

preclude the right to take the depositions of previously undisclosed declarants once briefing commenced. The joint CMC statement also makes clear that the July 24, 2009 deadline was meant to apply only to the parties' <u>written discovery</u>. ("Any further pre-certification *written* discovery served by July 24, 2009" (CMC Statement 7/2/2009 p.6:9-10, emphasis added)). It was this submission that led to the Court's minute order stating simply: "Pre-Certification Discovery - July 24, 2009." It is further apparent from the joint CMC statement and the Court's order that July 24, 2009 was not an omnibus, blanket discovery cut-off because the order sets several discovery events to occur after July 24, 2009. These are not exceptions to a cut-off but rather are deadlines for other discovery events such as party depositions (of the named Plaintiffs and of Deloitte's 30(b)(6) witnesses). Each of these deadlines was designed to facilitate the completion of discovery that was necessary for beginning the class certification process.

Pre-certification discovery deadlines meant to facilitate the timely beginning of class certification briefing are separate and distinct from the fundamental right to depose undisclosed declarants. Such depositions are an essential part of the briefing process and were contemplated in this case, as is evidenced from the extended briefing schedule. *Moreno*, 2007 WL at * 1. Deloitte had the opportunity to take the depositions of Plaintiffs' declarants in advance of filing its class certification opposition, and Plaintiffs have never taken a contrary position.

Deloitte's assertion that the discovery could not take place absent a specific carve out is not supported by any authority. Indeed, FRCP 26(f) does not require parties to specifically state in CMC statements every type or form of discovery they intend to take in a case in order to preserve the right to take the discovery.

Even if a discovery deadline was in place prior to the beginning of certification briefing, Plaintiffs should be allowed to depose Deloitte's declarants based on Deloitte's obligations pursuant to FRCP 26(e). Well before any discovery deadline asserted by Deloitte, in November of 2008, Plaintiffs requested for Deloitte to produce witness statements that it collected. FRCP 26(e) requires parties to supplement their initial disclosures and discovery responses on an on going basis. In light of this obligation, Courts have held that a discovery deadline will not preclude depositions of previously undisclosed witnesses. *Watts v. Healthdyne, Inc.*, 1995 WL 409022 * 2 (D. Kan 1995). To the extent Deloitte wanted to preclude discovery of its declarants it needed to have at least disclosed the names of its potential declarants prior to the discovery deadline it asserts so that Plaintiffs would have had the opportunity to take their depositions. It never did so.[9] Accordingly, Deloitte's use of declarations from previously undisclosed witnesses in opposition to

---

[9] Notably, Plaintiffs did not even have access to the contact the information for any the class members prior to August 10, 2009. (Order July 14, 2009). Even then, the contact information provided to Plaintiffs did not include information for Deloitte's declarants.

sf-2788690

MORRISON | FOERSTER

Hon. Susan Illston
January 12, 2010
Page Six

Plaintiffs' motion opened the door for the noticed depositions (although as Plaintiffs have explained, such depositions would not have otherwise been foreclosed).

Deloitte's assertion that the noticed depositions would provide Plaintiffs with an unfair advantage because Deloitte chose not to take depositions of Plaintiffs' declarants is equally unavailing. It is Deloitte, not Plaintiffs, who will have an unfair advantage if the depositions do not proceed. Deloitte has unfettered access to a wealth of information about each class member, and has the distinct advantage of being able to counter Plaintiffs' declarants without actually taking their depositions. Deloitte utilized this advantage in opposing Plaintiffs' motion by submitting cherry-picked performance reviews of Plaintiffs' declarants as a means to cross examine their statements.[10] Further, Deloitte could have noticed Plaintiffs' declarants' depositions or moved the Court to re-open discovery to do so, but chose to rely instead on its internal records to attempt to rebut the declarants' declaration testimony.

Finally, irrespective of Deloitte's assertions, the court has the discretion to allow Plaintiffs' depositions to proceed based on good cause. FRCP 16(b)(4); FRCP 23(d)(1); FRCP 26(c)(2). First, Plaintiffs have no alternative methods to cross examine Deloitte's declarants. Plaintiffs' only option is to take depositions.[11] Second, Plaintiffs bear the burden on class certification, and need to be afforded the opportunity to put all necessary evidence before the Court so that there is a fair hearing on the matter. It is important for Plaintiffs to be able to probe the testimony of these witnesses and to put that evidence before the Court. *See e.g., Moreno*, 2007 WL at * 1. Third, any burden imposed is minimal as Plaintiffs seek only to take the depositions of three of Deloitte's twelve declarants for no more than four hours each. Plaintiffs did not wait until the 11th hour to notice these depositions but instead noticed them at the first opportunity after receiving the declarations. Fourth, as demonstrated above, Plaintiffs never voluntarily agreed to give up the right to cross examine Deloitte's previously undisclosed certification declarants. In such a situation, it would be particularly prejudicial to preclude the requested depositions.

---

[10] Deloitte's attempt to downplay the significance of its advantage by claiming that Plaintiffs could have requested generic score cards of class members is a red herring. The scorecards by themselves are meaningless. It is how they are used that is important. Thus, without the context of Deloitte's opposition they would mean nothing. Moreover, Plaintiffs did not know how Deloitte intended to use these scorecards until Plaintiffs received the opposition. Discovery of generic scorecards of random class members would have served no purpose.

[11] Defendant's offer to provide the GPS scorecards of the declarants to Plaintiffs is insufficient. These documents are self-serving performance evaluations allowing the employee to tout the work completed. These documents will not allow Plaintiffs to examine the declarants on the totality of work done on any given audit, or what mundane tasks may have been performed by the declarants on an audit. In addition, these documents will not allow Plaintiffs to examine the declarants on the context of the tasks they discuss in their respective declarations. In *Moreno,* the Court rejected a similar proposition, noting that "the declarants appear to posses information which may not be documented and thus not within Defendant's possession absent a deposition." 2007 WL at * 1.

sf-2788690

**MORRISON | FOERSTER**

Hon. Susan Illston
January 12, 2010
Page Seven


      Finally, Deloitte claims that two of declarants Plaintiffs' noticed would be inconvenienced by a deposition. Deloitte cannot have this both ways. If Deloitte continues to rely on these declarations in its opposition these witnesses should be produced for deposition; otherwise the declarations should be withdrawn. Plaintiffs are willing to work with Deloitte to schedule a four hour deposition of each declarant at some time during the next week at a time that will least inconvenience them.

      Plaintiffs respectfully request that the Court allow Plaintiffs' depositions of Deloitte's previously undisclosed declarants to proceed as noticed.

Sincerely,


   */s/ Linda E. Shostak*
Linda E. Shostak, Esq.
Morrison & Foerster LLP
Counsel for Defendant Deloitte & Touche LLP


   */s/ William A. Baird*
William A. Baird, Esq.
Markun Zusman & Compton LLP
Counsel for Plaintiffs James Brady et al

### ATTESTATION

      I, Linda E. Shostak, am the ECF User whose ID and password are being used to file this letter. In compliance with General Order 45, X.B., I hereby attest that William A. Baird has concurred in this filing.

                                                      */s/ Linda E. Shostak*


cc:  James Boddy, Esq.
      Jeffrey Compton, Esq.
      Steven Elster, Esq.

sf-2788690

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CIVIL PRETRIAL MINUTES

Date: 7/10/09

Case No.   C-08-0177SI               Judge:  SUSAN ILLSTON

Title: JAMES BRADY  -v- DELOITTE & TOUCHE

Attorneys: Wm. Baird, D. Carlson, D. Markun         L. Shostak (phone)

Deputy Clerk: Tracy Sutton    Court Reporter: n/a

## PROCEEDINGS

1) Further Case Management Conference - HELD by phone

2) _____

3) _____

Order to be prepared by: ( )Pltf   ( )Deft   ( )Court

Disposition : ( ) GRANTED, ( ) DENIED, ( ) GRANTED/DENIED IN  ( ) SUBMITTED PART

Case continued to **9/25/09 @ 9 a.m.** for Further Case Management Conference
(JOINT STATEMENT DUE ONE WEEK PRIOR)

Case continued to **1/29/10 @ 3 p.m.** for Further Case Management Conference
(JOINT STATEMENT DUE ONE WEEK PRIOR)

Case continued to **1/15/10  @ 9:00 a.m.**  for Motion to Certify Class
(Motion due 10/23/09, Opposition 11/20/09  Reply 12/22/09 )

Case continued to __@ 3:30 p.m.__ for Pretrial Conference

Case continued to __@ 8:30 a.m.__ for Trial (days)
Discovery Cutoff:  Designate Experts by: , Rebuttal Experts:, Expert Discovery Cutoff:

ORDERED AFTER HEARING:
Class Cert Schedule:
1) Class Notice-7/6/09
2) Pre-certification Discovery - 7/24/09
3) 30(b)(6) witnesses identified - 7/31/09
4) Contact Info Re: punitive class members due - 8/10/09
5) Depose pltfs - 8/14/09
6) 30(b)(6) deposition completion - 9/15/09

7) Deadline to Amend - 9/15/09