# EXHIBIT 1

1  LINDA E. SHOSTAK (CA SBN 64599)
   LShostak@mofo.com
2  JAMES E. BODDY, JR. (CA SBN 65244)
   JBoddy@mofo.com
3  KATHRYN M. DAVIS (CA SBN 203454)
   KathrynDavis@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Defendant
   DELOITTE & TOUCHE LLP
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13 JAMES BRADY, SARAH CAVANAGH, and       Case No.   C-08-00177-SI
   IVA CHIU, individually and on behalf of all
14 others similarly situated,              **DEFENDANT DELOITTE &
                                           TOUCHE LLP'S EVIDENTIARY
15              Plaintiffs,                OBJECTIONS TO PLAINTIFFS'
                                           EVIDENCE SUBMITTED IN
16       v.                                SUPPORT OF PLAINTIFFS'
                                           REPLY RE MOTION FOR
17 DELOITTE & TOUCHE LLP, a limited liability  CLASS CERTIFICATION**
   partnership; and DOES 1-10, inclusive,
18                                         Date:  February 19, 2010
                Defendants.                Time:  9:00 a.m.
19                                         Dept.: 10
                                           Judge: The Hon. Susan Illston
20
                                           Complaint filed: February 8, 2008
21                                         Trial Date: None Set

22

23

24

25

26

27

28

Defendant Deloitte & Touche LLP ("Deloitte") hereby objects to and moves to strike the following testimony from the Reply Declarations submitted by named plaintiffs James Brady, Sara Cavanaugh, and Iva Chiu ("Named Plaintiffs") regarding:

    (1) how other Deloitte employees fill out their Great Performances Scorecards self-evaluations (Brady Decl. ¶ 4; Cavanagh Decl. ¶ 4, Chiu Decl. ¶ 4);

    (2) how other Deloitte employees use Deloitte's computerized audit program (AuditSystem/2) and otherwise conduct research for an audit (Brady Decl. ¶ 8; Cavanagh Decl. ¶ 10, Chiu Decl. ¶¶ 7 and 9); and

    (3) how the Securities and Exchange Commission's requirements for auditor independence prohibit auditors from advising audit clients regarding their management policies or general business operations (Brady Decl. ¶ 10; Cavanagh Decl. ¶ 12, Chiu Decl. ¶ 11).

Deloitte objects to (1) and (2) as lacking foundation, and (3) as unqualified expert testimony and inadmissible legal conclusion, and requests that the Court strike this defective testimony.

## I. TESTIMONY REGARDING PREPARATION OF GREAT PERFORMANCE SCORECARDS BY OTHER DELOITTE EMPLOYEES

In their Reply declarations, Named Plaintiffs Brady, Cavanaugh, and Chiu submitted identical testimony describing the manner in which they claim all audit staff complete their self-evaluations in the Deloitte Great Performances System. They each testified as follows:

> From my own experience and from my familiarity with other audit staff at Deloitte, staff generally complete the self-evaluation portion of Deloitte's "Great Performance Scorecard" in a manner designed to highlight the most exceptional tasks we performed on an audit, to put our performance in the most favorable light, and to underplay or exclude the more mundane, day-to-day activities that make up the vast majority of our time spent on an audit. We understood that completing the self-evaluation portion of the Scorecard in this manner as the better way to be promoted to the next level and to obtain a bonus. Because the people reviewing us also worked very closely with us, our reviewers were already aware of the more mundane and commonplace aspects of our jobs so highlighting such activities in our Scorecards was not necessary.

(Plaintiffs' Compendium of Declarations in support of Reply ("Reply Compendium"), Exs. A-C (Brady Decl. ¶ 4; Cavanagh Decl. ¶ 4, Chiu Decl. ¶ 4).) The Named Plaintiffs lack personal

knowledge regarding how other audit staff complete their evaluations or choose what to include (or not include) in their Great Performances Scorecards.  As a result, such testimony lacks foundation, is inadmissible, and should be stricken.  Fed. Rule of Evid. 602.

## II. TESTIMONY REGARDING HOW OTHER DELOITTE EMPLOYEES CONDUCT AUDIT RESEARCH

In addition, Named Plaintiffs Brady, Cavanagh and Chiu submit identical testimony purporting to describe how other audit staff conduct research during an audit.  They testified in unison that:

> Deloitte's computerized audit program, AuditSystem/2 ("AS/2") covers all phases of an audit and it reflects new or revised auditing guidance and pronouncements. Accordingly, Staff and Seniors spend little time engaged in research for an audit and of the research that they do perform, much of it is research into Deloitte's own policies and procedures, which already reflect auditing guidance and pronouncements.

(Reply Compendium, Exs. A-C (Brady Decl. ¶ 8; Cavanagh Decl. ¶ 10, Chiu Decl. ¶ 9).)  Chiu added in her declaration:

> To the extent that Deloitte's Model Audit Programs do not address every minute detail of an audit, Staff do not decide on their own what is appropriate but are taught what to do in Deloitte's formal training and its on-the-job training. (Smith Dep., 129:5-13). If Staff are required to perform supplemental testing, it is done the same way as the previous year or they are instructed how to proceed.

(*Id.*, Ex. C (Chiu Decl. ¶ 7).)  The Named Plaintiffs lack personal knowledge regarding how other audit staff approached research during an audit or how they used the Model Audit Programs.  Their broad-brush descriptions regarding how "Staff and Seniors spend little time engaged in research for an audit", or how "Staff do not decide on their own what is appropriate" lack foundation, are inadmissible, and should be stricken.  Fed. Rule of Evid. 602.

## III. TESTIMONY REGARDING WHAT IS PROHIBITED BY THE SECURITIES AND EXCHANGE COMMISSION CONSTITUTES IMPROPER LEGAL CONCLUSION AND UNQUALIFIED EXPERT TESTIMONY

Finally, the Named Plaintiffs' cookie-cutter testimony regarding what conduct is allegedly prohibited by the Securities and Exchange Commission ("SEC") should also be stricken as

1  improper legal conclusion and unqualified expert testimony.  The Named Plaintiffs submitted the

2  following paragraph in their declarations:

> While employed by Deloitte, the company never suggested in any way that my audit work was somehow related to an audit client's management policies or general business operations. I believe that the Securities and Exchange Commission's requirements for auditor independence would largely prohibit almost any such work by an audit team. Deloitte has other lines of service, namely Consulting and Financial Advisory Services that would not be limited by the SEC's requirements for auditor independence. (DT 910)

(Reply Compendium, Exs. A-C (Brady Decl. ¶ 10; Cavanagh Decl. ¶ 12, Chiu Decl. ¶ 11).)  The Named Plaintiffs' purported opinion regarding what auditor conduct the SEC would prohibit constitutes improper legal conclusion and is unqualified expert testimony under Federal Rule of Evidence 701.  Such testimony is inadmissible and should also be stricken.

### IV.     CONCLUSION

Defendant respectfully requests that this Court rule upon and sustain the above-referenced evidentiary objections in connection with its ruling on Plaintiffs' Motion for Class Certification, and strike the following paragraphs from the Reply Declarations of the Named Plaintiffs: (1) Brady Decl. ¶¶ 4, 8, 10; (2) Cavanagh Decl. ¶¶ 4, 10, 12; and (3) Chiu Decl. ¶¶ 4, 7, 9, and 11.

Dated: February 16, 2010

LINDA E. SHOSTAK
JAMES E. BODDY, JR.
KATHRYN M. DAVIS
MORRISON & FOERSTER LLP

By:     /s/ Linda E. Shostak
        LINDA E. SHOSTAK

Attorneys for Defendant
DELOITTE & TOUCHE LLP