# EXHIBIT 3

LINDA E. SHOSTAK (CA SBN 64599)
LShostak@mofo.com
JAMES E. BODDY, JR. (CA SBN 65244)
JBoddy@mofo.com
KATHRYN M. DAVIS (CA SBN 203454)
KathrynDavis@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
DELOITTE & TOUCHE LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES BRADY, SARAH CAVANAGH, and IVA CHIU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE & TOUCHE LLP, a limited liability partnership; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. C-08-00177-SI<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT OF REPLY RE CLASS ACTION**<br><br>Date: February 19, 2010<br>Time: 9:00 a.m.<br>Dept.: 10<br>Judge: The Hon. Susan Illston<br><br>Complaint filed: February 8, 2008<br>Trial Date: None Set |

DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT OF PLAINTIFFS' REPLY RE CLASS CERTIFICATION
CASE NO. C-08-00177-SI
sf- 2803230

1

Defendant Deloitte & Touche LLP ("Deloitte") hereby submits the following response to Plaintiffs' Evidentiary Objections In Support Of Plaintiffs' Reply re Class Certification, filed by Plaintiffs on January 28, 2010.

## I. INTRODUCTION

In their Reply, Plaintiffs have raised the following objections to some of the evidence submitted by Deloitte in support of its Opposition to Class Certification: (1) the declarations submitted by Deloitte are inherently unreliable simply because they were submitted by current employees of Deloitte; (2) the "scorecards" authored by Plaintiffs and other declarants during their employment at Deloitte are inadmissible hearsay that lack foundation and are not authenticated; and (3) Plaintiff Chiu was misquoted in footnote 25 of Deloitte's Opposition brief. For the reasons set forth below, Plaintiffs' objections are baseless and should be rejected. The evidence to which Plaintiffs object is reliable and admissible, and should be considered by the Court in ruling on Plaintiffs' motion for class certification.

## II. ARGUMENT

### A. Declarations Submitted By Current Deloitte Employees Are Reliable

Plaintiffs argue that the employee declarations filed by Deloitte are inherently unreliable and should be disregarded by the Court because a form of "Stockholm Syndrome" prevents the declarants — who are current employees of Deloitte — from providing truthful testimony on behalf of Deloitte. Their argument is unpersuasive, particularly in the absence of any evidence to suggest, much less prove, that the declarants at issue made untruthful statements in their declarations.

Indeed, Plaintiffs' broad statement that "courts generally discount the value of employers' litigation-driven declarations when considering class certification issues" has no support in applicable case law.[1] To the contrary, it is clear that courts can and do consider and rely upon declarations

---

[1] Neither of the two cases Plaintiffs cite stand for the proposition that "courts generally discount the value of employers' litigation-driven declarations when considering class certification issues." Far from "discounting" employee declarations submitted by the defendant, the Court in *Kurihara v. Best Buy,* 2007 WL 2501698, *2-*3 (N.D. Cal. Aug. 30, 2007) considered and relied on statements made in employee declarations in ruling on class certification, as did the Court in *Tierno v. Rite Aid Corp.*, 2006 WL 2535056, *5-*7 (N.D. Cal. Aug. 31, 2006), which quoted extensively from numerous current employee declarations in rendering its decision.

DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT
OF PLAINTIFFS' REPLY re CLASS CERTIFICATION
CASE NO. C-08-00177-SI

1

sf- 2803230

submitted by current employees when ruling on class certification. *See, e.g., Helm v. Alderwoods Group, Inc.,* 2009 U.S. Dist. Lexis 123527 (N.D. Cal. Dec. 29, 2009) (Illston, J.) (denying class certification in wage/hour class action, where court found declarations of plaintiffs and current employees established individualized issues that precluded class certification); *Pablo v. Servicemaster Global Holdings, Inc.,* 2009 U.S. Dist. Lexis 79584, *18 (N.D. Cal. Aug. 17, 2009) (Illston, J.) (quoting from declarations of current employees in misclassification case to deny class certification, finding that declarations from plaintiffs and current employees established "substantial variation" in how inspectors perform their job duties that precluded class certification).

In particular, the cases Plaintiff cites are quoted out of context and do not stand for the proposition that current employee declarations are *per se* unreliable. For example, Plaintiffs cite extensively to *National Labor Relations Board v. Maxwell*, 537 F.2d 698 (9th Cir. 1981) to suggest that current employee declarations are not trustworthy, but neglect to inform the Court that the quoted language from *Maxwell* has to do with the compelled disclosure to an employer of pre-hearing statements made by employees to the NLRB, not declarations submitted willingly by current employees in the context of civil litigation. Similarly, Plaintiffs' discussion of *Dunbar v. Albertson's, Inc.,* 141 Cal. App. 4th 1422 (2006) omits the fact that the court ultimately considered and relied upon the defendant's current employee declarations in affirming denial of class certification, noting that "[t]he declarations submitted by Defendant demonstrate similar variety in the work performed by different GMs [general managers]. These depositions and declarations are credible and suggest that the work performed by the GMs varied significantly from store to store and week to week." 141 Cal. App. 4th at 1429. Further, though *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007) discusses the possibility of coercion in the employer-employee relationship, this was in the context of adhesive, pre-employment arbitration agreements, and does not support Plaintiffs' argument that current employee declarations are inherently unreliable.

Plaintiffs offer no evidence or authority for their claim that the declarations submitted by current Deloitte employees should be "substantially discounted, if not completely disregarded." To the contrary, the declarations submitted by Deloitte employees are credible and reliable, and Plaintiffs

DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT
OF PLAINTIFFS' REPLY RE CLASS CERTIFICATION
CASE NO. C-08-00177-SI

2

sf-2803230

1  cannot, and have not, proved otherwise. The Court should overrule Plaintiffs' "Stockholm
2  Syndrome" objection.
3      In addition, Plaintiffs' attempt to include the declaration of former Deloitte employee
4  Michelle Peralta should likewise be rejected. Plaintiffs argue that Ms. Peralta was somehow
5  pressured and/or tricked into signing an "incomplete" declaration (though they do not assert that what
6  she declared was not true. (Plfs' Objections to Evidence at 3:14-21.) First, Plaintiffs' Stockholm
7  Syndrome argument is particularly misplaced in regard to Ms. Peralta, because she signed her
8  declaration "under penalty of perjury" when she was no longer a Deloitte employee.[2] Accordingly,
9  she was no longer subject to whatever imagined pressure might have been the case while an
10 employee. Second, Ms. Peralta claims that she did not understand that her declaration would be used
11 by Deloitte in this litigation. That of course is belied by the first page of the document she signed,
12 which is titled "Declaration of Michelle Peralta in support of Defendant Deloitte & Touche LLP's
13 Opposition to Plaintiffs' Motion for Class Certification." (Defendant's Compendium of Declarations
14 in support of Opposition, Ex. 10 (Peralta Declaration) at p. 1.)

### B. The ScoreCards Are Admissible Business Records

16     Plaintiffs also object to the "Great Performances Scorecards" ("Scorecards") attached as
17 Exhibit R to the Declaration of Bruce C. Inghram on the grounds that the Scorecards are inadmissible
18 hearsay, lack foundation, are not authenticated, and are self-serving. As demonstrated below,
19 Plaintiffs' objections should be overruled because the scorecards are admissible as business records
20 under Federal Rule of Evidence section 803(6).
21     Scorecards are used by Deloitte and its employees to document performance on client
22 engagements, through a software system that permits individuals to comment on their own
23 performance and receive comments from others related to their performance on particular client
24 engagements. (Decl. of Bruce C. Inghram in Opposition to Class Certification ("Inghram Decl.")

---

[2] According to Ms. Peralta's declaration, filed by Plaintiffs, she was employed by Deloitte until April 2009. (Plaintiffs' Compendium of Declarations in support of Reply, Ex. E (Peralta Reply Decl.) at ¶3.) Her declaration submitted by Deloitte was signed on December 21, 2009. (Defendant's Compendium of Declarations in support of Opposition, Ex. 10 (Peralta Decl.) at p. 5:25.)

¶ 16.) Contrary to Plaintiffs' claim, the Scorecards attached to the Inghram Declaration at Exhibit R are not inadmissible hearsay — they are admissible business records not excluded by the hearsay rule. Fed. R. Evid. § 803(6).[3] Specifically, under Federal Rule of Evidence section 803(6) ("FRE 803(b)"), a custodian or other "qualified witness" must establish that: "(1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded; [and] (2) the record is kept in the course of a regularly conducted business activity." *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702, 716 (9th Cir. 1989). A qualified witness can be anyone who understands the record-keeping system involved. *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990).

Here, Paragraphs 16 to 23 of the Inghram Declaration establish that the Scorecards are admissible business records under FRE 803(6):

- As a Regional Talent Leader Mr. Inghram provides human resources services to Deloitte, and is familiar with and knowledgeable about Deloitte's policies and procedures related to its California employees in Deloitte's Audit line of services, including the Great Performances System. (Inghram Decl. ¶ 3.)

- Deloitte Audit Staff and Audit Seniors individually log into the GPS system using a personal identification number to provide details regarding a particular audit engagement and insert narrative text describing the "Feedback Receiver's" performance with respect to Deloitte's 'Core Technical', 'Leadership Effectiveness', 'Management Sales & Communications', "Service Excellence" and "Specialized Technical' competencies — information which is ultimately contained within the Feedback Receiver's Great Performances scorecard. (Inghram Decl. ¶ 18.)

- Additional comments are then added by the individuals responsible for evaluating the audit associate (the "Feedback Providers"), in a separate section under the caption "Feedback Provider's Comments." (Inghram Decl. ¶ 19.)

---

[3] Federal Rule of Evidence 803(6) provides in relevant part that a the following is not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT
OF PLAINTIFFS' REPLY RE CLASS CERTIFICATION
CASE NO. C-08-00177-SI
sf-2803230

4

- The information inserted by the Feedback Receiver and any Feedback Providers is linked to the person's logon name, password and PIN, which prevents others from inserting information into the Great Performances Scorecards without authorization. (Inghram Decl. ¶¶ 18-20.)

- Once all feedback has been entered by the Feedback Receiver and any Feedback Provider(s), each individual electronically signs the Great Performances Scorecards by clicking on the appropriate box on the screen, which enters a date and time stamp to mark when the signature was made;[4] the identity of each individual is again confirmed and limited by the individual's logon name, password, and PIN. (Inghram Decl. ¶ 22.)

- Exhibit R contains true and correct copies of Great Performances Scorecards for which Plaintiffs' putative class member declarants are either a Feedback Receiver or Feedback Provider. (Inghram Decl. ¶ 27.)

Mr. Inghram's testimony makes clear that the Scorecards attached as Exhibit R are Deloitte business records "made at or near the time by, or from information transmitted by, a person with knowledge" (i.e., the Feedback Providers and Receivers who electronically signed each scorecard), "kept in the course of a regularly conducted business activity" (i.e., Deloitte's Great Performances System), and created from "source[s] of information" that indicate trustworthiness. The Scorecards were drafted by Feedback Providers and Receivers shortly after they finished an audit engagement, in a computerized system that ensured that all statements on the Scorecards were properly recorded and attributed to the individual who input the information, through the use of individual logins, passwords, and pins. Under these circumstances, the Scorecards attached as Exhibit R are not hearsay — rather, they constitute "records of regularly conducted activity" that are admissible under FRE 803(6) through the testimony of Mr. Inghram.[5]

Further, Plaintiffs' objections regarding foundation and authenticity are also meritless. Regarding foundation, Mr. Inghram's testimony establishes he has personal knowledge regarding the

---

[4] The electronic signatures on the Scorecards take the form of, for example: "This Scorecard has been signed by the Feedback Receiver, Alberto Alvarado, to signify that the competencies and rating scale definitions have been read and understood and that it has been discussed with the Feedback Provider, Jenson C K So, on Thu Apr 19 10:51:03 2007." (Inghram Decl., Ex. R at DT 178632.)

[5] Given the voluminous nature of the Scorecards, the summary chart included as part of Exhibit R is also admissible under Federal Rule of Evidence 1006, which authorizes the admission of summaries or charts in lieu of "voluminous writings, recordings, or photographs which cannot conveniently be examined in court."

DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT
OF PLAINTIFFS' REPLY RE CLASS CERTIFICATION
CASE NO. C-08-00177-SI

5

sf-2803230

Great Performances System from which the Scorecards are made. (Inghram Decl. ¶¶ 3, 16-27.) This is sufficient to render the Scorecards admissible because, contrary to Plaintiffs' claim, Inghram need not himself have personal knowledge of the underlying content of each Scorecard to make them admissible as business records under FRE 803(6). *See, e.g., United States v. Walt*, 1997 U.S. App. LEXIS 16374, * 10-*11 (9th Cir. July 1, 1997) (finding that "[a] qualified witness can be anyone who understands the record-keeping system" and need not be the person who "prepare[d], file[d], or retrieve[d]" the records in question, and holding that manager's testimony that phone records were copies of records generated by the company and kept in the normal course of business sufficient to admit records into evidence as business records under FRE 803(6)); *United States v. Ray,* 930 F.2d 1368, 1370 (9th Cir. 1990) (stating that "[t]he phrase 'other qualified witness' is broadly interpreted to require only that the witness understand the record-keeping system"). Similarly, as to authentication, Mr. Inghram's declaration properly authenticates the Scorecards under Federal Rule of Evidence section 901 because his testimony is "sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a).

Finally, Plaintiffs cite no authority for their proposition that that the Scorecards should be disregarded in their entirety because they are "self-serving self-evaluations" prepared to "get promoted to the next level and to receive an end of the year bonus." There is no evidence, other than the Plaintiffs' self-serving Reply Declarations, to prove that Scorecards are by their nature inaccurate and unreliable. Rather, as contemporaneously prepared self-evaluations reviewed and commented upon by direct supervisors, the Scorecards present accurate descriptions of the type of audit work performed by putative class members for Deloitte's clients. They should not be disregarded.

For the foregoing reasons, Plaintiffs' objections to Exhibit R of the Inghram Declaration should be overruled.

### C.   The ScoreCards Are Adopted Admissions

In addition to being admissible as business records under FRE 803(6), the ScoreCards are also admissible as "adopted admissions" under FRE 801(d)(2)(B) where they contain statements made and electronically signed by any of the Named Plaintiffs. FRE 801(d)(2)(B) provides that "[a]

DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT
OF PLAINTIFFS' REPLY RE CLASS CERTIFICATION
CASE NO. C-08-00177-SI

6

sf-2803230

1   statement is not hearsay if . . . [t]he statement is offered against a party and is . . . (B) a statement of
2   which the party has manifested an adoption or belief in its truth." Fed. R. Evid. 801(d)(2)(B). As
3   described above, Mr. Inghram's declaration sets forth how each ScoreCard is electronically signed by
4   each of the Feedback Receiver and Providers who, in doing so, effectively subscribe to the narratives
5   they provided in each ScoreCard. Accordingly, the ScoreCards of the Named Plaintiffs are also
6   admissible as adoptive admissions under FRE 801(d)(2)(B).

**D.   Plaintiff Chiu Admitted At Deposition That Employees Can Perform Attest Services With Minimum Supervision**

Plaintiffs final evidentiary objection is to Deloitte's description of Ms. Chiu's deposition testimony in footnote 25 of its Opposition briefing. Plaintiffs argue that Deloitte has misquoted Ms. Chiu's deposition testimony and that she never stated in her deposition that "[an] employee can perform attest services with 'minimum supervision.'" While there may have been a typographical error in the quotation marks set forth in footnote 25, the fact remains that Ms. Chiu's deposition testimony and the "Record of Audit Experience" referenced in the deposition testimony cited in footnote 25 establish that Ms. Chiu understood the type of experience required for Board certification, including that "the experience to be considered appropriate is that which enables the applicant to demonstrate an understanding of the requirements of planning and conducting an audit with minimum supervision . . . ." (Chiu Depo. at 156:5-25; DT 173205 (attached as Exhibit A to the Benson Decl.).) Ms. Chiu's testimony is fully consistent with the content of footnote 25, and Plaintiffs' objection should be overruled.

DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT
OF PLAINTIFFS' REPLY RE CLASS CERTIFICATION
CASE NO. C-08-00177-SI

7

sf-2803230

### III. CONCLUSION

For the foregoing reasons, Deloitte respectfully requests that the Court overrule Plaintiffs' objections to Deloitte's evidence submitted in opposition to class certification, and consider all evidence submitted by Deloitte in opposition to class certification.

Dated: February 16, 2010

LINDA E. SHOSTAK
JAMES E. BODDY, JR.
KATHRYN M. DAVIS
MORRISON & FOERSTER LLP


By:     /s/ Linda E. Shostak
         LINDA E. SHOSTAK

Attorneys for Defendant
DELOITTE & TOUCHE LLP

DEFENDANT'S RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS IN SUPPORT
OF PLAINTIFFS' REPLY RE CLASS CERTIFICATION
CASE NO. C-08-00177-SI

sf-2803230

8