United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRADY, *et al.*, | No. C 08-177 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO STAY AND VACATING NOVEMBER 5, 2010 HEARING** |
| v. | |
| DELOITTE & TOUCHE LLP, | |
| Defendant. / | |

The parties' cross-motions for summary judgment are scheduled for a hearing on November 5, 2010. Defendant has also filed a motion to stay this Court's ruling on those summary judgment motions until the Ninth Circuit rules on the interlocutory appeal in *Campbell v. Pricewaterhouse Coopers LLP*, 602 F. Supp. 2d 1163 (E.D. Cal. 2009), No. 09-16370 (9th Cir. filed Nov. 10, 2009).

Defendant seeks a stay on the ground that two of the four main issues addressed in the parties' summary judgment motions are before the Ninth Circuit in *Campbell*. Those issues are (1) whether unlicensed accountants are precluded as a matter of law from the professional exemption set forth in California Wage Order No. 4, and (2) how the phrase "under only general supervision" should be interpreted when determining whether employees qualify for the administrative exemption in California Wage Order No. 4. According to defendant, *Campbell* has been fully briefed, and argument was scheduled for October 2010 but is currently being rescheduled at the *Campbell* class counsel's request. Defendant argues that staying this Court's ruling on the pending summary judgment motions will enable the Court to receive critical guidance from the Ninth Circuit on legal issues central to the pending motions, thus increasing judicial efficiency and avoiding potential re-litigation efforts by the parties should the Ninth Circuit's decision conflict with this Court's rulings.

Plaintiffs oppose the stay motion on several grounds. Plaintiffs argue that a stay will do little to conserve judicial resources because the Ninth Circuit is only expected to address one of the four main issues presented in this case, may only "provide guidance" as to the second, and will not be addressing the other two main issues raised by plaintiffs' motion for summary judgment (whether class members exercise discretion and independent judgment, and whether class members perform work that is directly related to the management policies or general business operations of defendant or its customers). Plaintiffs also argue that because the briefing is complete, a stay will not save any resources. Finally, plaintiffs object that a stay will delay this litigation.

The trial court possesses inherent authority to control its docket, including the power to stay pending litigation. *See Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). The Court finds that a limited stay is in the interest of judicial efficiency because the Ninth Circuit is expected to address at least one, and likely two, of the four central issues presented by the pending motions for summary judgment. Although plaintiffs are correct that the motions have been fully briefed, a stay will conserve the resources of the Court and the parties because the Court will have the benefit of the Ninth Circuit's rulings when deciding the pending motions. The stay will not affect discovery and motion practice on other issues in the case, and in light of the fact that argument in *Campbell* is currently being scheduled, the Court does not anticipate that the stay on the summary judgment rulings will be lengthy.

Accordingly, the Court GRANTS defendant's motion for a stay. (Docket No. 156). The November 5, 2010 hearing is VACATED. The parties shall immediately notify the Court when there is a disposition in the *Campbell* appeal, and at that time the Court will reschedule a hearing on the summary judgment motions.

**IT IS SO ORDERED.**

Dated: November 2, 2010

SUSAN ILLSTON
United States District Judge