1

2

3

4

5

6  UNITED STATES DISTRICT COURT

7  NORTHERN DISTRICT OF CALIFORNIA

8

9  JAMES BRADY, et al.,

           Plaintiffs,

10

11      v.

12  DELOITTE & TOUCHE LLP,

           Defendant.

13

Case No.  08-cv-00177-SI

**ORDER DENYING PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION**

Re: Dkt. Nos. 281, 285, 301

14

15       On August 28, 2015, the Court held a hearing on plaintiff's motion for class certification.

16  For the reasons set forth below, the Court DENIES the motion.  The Court GRANTS plaintiffs'

17  request for leave to file a statement of recent decision.

18

19                      **DISCUSSION**

20       Now before the Court is plaintiffs' renewed motion for class certification.  In an order filed

21  March 23, 2010, this Court originally certified a class of Deloitte's unlicensed accountants.

22  However, in light of the Ninth Circuit's opinion in *Campbell v. PricewaterhouseCoopers, LLP*,

23  642 F.3d 820 (9th Cir. 2011), this Court granted Deloitte's subsequent motion to decertify in an

24  order filed March 27, 2012.  The Ninth Circuit affirmed this Court's decertification order in a

25  memorandum disposition filed October 9, 2014.  *Brady v. Deloitte & Touche LLP*, 587 Fed. Appx.

26  363 (9th Cir. 2014).  Plaintiffs now seek to certify a narrowed class of unlicensed accountants, and

27  they contend that certification is supported by authority that post-dates the Court's decertification

28  order, as well as new evidence that was not before the Court in 2012.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Plaintiffs seek certification of the following class:

2       [A]ll persons employed by Defendant in California as exempt employees in
        Defendant's Audit line of service who worked as a First and/or Second Year Staff
3       (positions referred to by Defendant at various times as "Audit Assistant" and
        "Audit Senior Assistant") at any time within four years of the filing of this
4       complaint to the conclusion of this action but who were not licensed by the State of
        California in the practice of accounting and were not paid overtime for hours
5       worked in excess of 8 hours in a day or 40 hours in a week.

6

7   Defendant claims that these unlicensed accountants are exempt under the professional and

8   administrative exemptions set forth in California Wage Order No. 4-2001.  Plaintiffs contend that

9   the issues of whether the proposed class members are properly classified as exempt can be

10  litigated on a class wide basis.  While defendant has the burden of proof on the merits of its

11  affirmative defenses, plaintiffs have the burden of proof in regard to satisfying Rule 23.  *Marlo v.*

12  *UPS*, 639 F.3d 642, 647 (9th Cir. 2011) (in motion for decertification, although employer has the

13  burden of proof regarding applicability of wage and hour exemption, the plaintiff "bears the

14  burden of demonstrating that the requirements of Rules 23(a) and (b) are met")).

15  After careful consideration of the parties' arguments and the new evidence submitted by

16

17  plaintiffs, the Court concludes that plaintiffs have not demonstrated that common issues

18  predominate.  The Court agrees with plaintiffs that whether Deloitte's requirements for class

19  member positions satisfy the specialized knowledge requirement of the learned professions prong

20  of the professional exemption can be litigated on a class-wide basis.  However, for the same

21  reasons articulated in the decertification order, plaintiffs have not shown that the balance of the

22  professional exemption analysis is amenable to common proof.  To the extent that the factfinder is

23  required to analyze the job duties and work performed by class members to determine whether

24  they are apprentices and/or trainees, the record before the Court shows, as it did when the Court

25  granted defendant's motion for decertification, that there is wide variation in the job duties and

26  work experiences of class members.

27

28

With regard to the administrative exemption, plaintiffs cite, *inter alia*, the same Deloitte policies, professional standards and statutes that the Court addressed in the decertification order. Plaintiffs assert that these policies, standards and statutes preclude class members from engaging in work that is qualitatively administrative.  However, while those policies and rules prevent class members from performing specific tasks such as signing engagement letters, they do not necessarily preclude class members from engaging in work that is "directly related to management policies or general business operations of his/her employer" or its customers.  Wage Order 4-2001, 1(A)(2)(a)(i).   Plaintiffs also assert, citing these same policies and rules as well as *Harris v. Superior Court*, 53 Cal. 4th 170, 182 (2011), that all class members are prevented from performing administrative work because they do not "advise" management.  However, *Harris* did not hold that "advising" management was necessary for the administrative exemption to apply. *See id*. (stating "administrative operations include work done by 'white collar' employees engaged in servicing a business. Such servicing *may* include, as potentially relevant here, advising management, planning, negotiating, and representing the company.") (emphasis added).  Finally, the evidence before the Court shows that class members are subject to differing degrees of supervision and exercise varying degrees of discretion and independent judgment, factors that are relevant to both exemptions.

For the foregoing reasons, the Court hereby DENIES plaintiffs' motion for class certification.  In light of the disposition of the motion, the Court finds it unnecessary to rule on defendant's motion to strike the Ueltzen declaration.

**IT IS SO ORDERED**.

Dated: September 4, 2015

_____
SUSAN ILLSTON
United States District Judge

3