UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES BRADY, *et al.*,

  Plaintiffs,

v.

DELOITTE & TOUCHE LLP,

  Defendant.

Case No. 08-cv-00177-SI

**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. Nos. 316, 317

On January 12, 2016, defendant filed the present motion to seal. Dkt. No. 316. Defendant moves the Court to keep sealed a number of documents and/or portions of documents relating to: (a) plaintiffs' 2009 motion for class certification; (b) plaintiffs' 2010 motion for partial summary judgment; (c) defendant's 2011 motion for decertification; and (d) plaintiffs' 2015 motion for class certification.[1]

Defendant contends that the material should be permanently sealed because "[t]he information in question pertains to Deloitte's trade secrets and other highly confidential proprietary business information, relating to its internal finances, proprietary procedures and methodologies, private employee records, and confidential documents and information relating to

---

[1] Although plaintiffs did not previously challenge defendant's designations of various documents as "confidential," in 2015 plaintiffs did challenge defendant's designations and the parties engaged in a meet and confer process prior to the filing of the instant motion to seal.

services and advice provided by Defendant to its clients." *Id*. at 5:2-5. Plaintiffs argue that defendant has not met its burden to show that any of the documents should be sealed, and that none of the documents contain confidential proprietary information or confidential client information.

With the exception of a narrow range of documents that are "traditionally [] kept secret," courts begin their sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). In addition, all requests to file under seal "must be narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ. L.R. 79-5(b).

Where a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is required. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–cv–01846, 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning . . . ." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79. The fact that documents were previously filed under seal does not lessen a party's burden to demonstrate that the documents should be filed under seal. *Id*. at 1179.

1   The parties agree that the "compelling reasons" standard applies to the documents related
2   to plaintiffs' motion for partial summary judgment, and they disagree regarding what standard
3   applies to the various class certification documents. The Court finds that defendant has not met its
4   burden to obtain a sealing order for all of the documents even under the lower "good cause"
5   standard. In many documents, defendant seeks to seal language that is identical to or almost
6   identical to language that is already public. *Compare* Dkt. No. 316, Items 1, 2, 45 & 60 with Dkt.
7   Nos. 281, 281-2 & 281-3. For many other documents, defendant seeks to seal information where
8   the same type of information is already publicly filed. *Compare* Dkt. No. 316, Items 3, 4, 23, 42,
9   44, and 47-51 with Dkt. Nos. 200, 207, 214, 219, 226, 281, 281-1, 281-2, 281-3, 287, 291.

Further, although defendant generally asserts that most of the documents contain highly confidential proprietary information, defendant does not demonstrate, on a document by document basis, how this is so, nor does defendant make a particularized showing regarding the harm that would flow from the disclosure of the material at issue. To the contrary, much of the information that defendant seeks to seal is generic in nature. Defendant seeks to seal documents containing generic descriptions of work performed by Deloitte employees, as well as documents containing generalized descriptions of training and audit tasks. For example, defendant seeks to seal the sentences "The nature of audit work to be performed by the [audit] staff will vary, depending on the complexity of the audit staff; their ability, training, and experience; and the extent of supervision provided." (Dkt. 316, Item 3 at n. 4) and "Staff are also required to assist with inventories of audit clients, which entails watching and re-performing on a test basis the counting of the client's inventory to see if the count is correct." (Dkt. 316, Item 45 at Ex. 1 ¶ 16). There is no apparent privilege or trade secret matter at stake if these and similar documents are disclosed. In addition, although defendant asserts that some of the documents contain confidential client information, defendant has not identified any specific information that should be kept under seal.

For the above reasons, the Court DENIES the motion to seal. Defendant may file a new motion, keeping in mind that the Court will not take at face value that a given document is sealable, simply because defendant says it is so. The motion must comply with Civil Local Rule 79-5, must be narrowly tailored to seal only sealable material, and must describe what specific

harm or prejudice will result as to each exhibit if that exhibit is not sealed.

**IT IS SO ORDERED**.

Dated: February 26, 2016

_____
SUSAN ILLSTON
United States District Judge

4